GRAVES LAW OFFICE, P.C.
Philip J. Graves (SBN 153441)
pgraves@graveslawpc.com
Tom Crunk (SBN 214117)
tcrunk@graveslawpc.com
Kirk Hermann (SBN 219620)
khermann@graveslawpc.com
Marjorie A. Witter (SBN 250061)
mwitter@graveslawpc.com
Fredricka Ung (SBN 253794)
fung@graveslawpc.com
12121 Wilshire Boulevard, Suite 775
Los Angeles, CA 90025
Telephone:  (310) 295-6500
Facsimile:  (310) 295-6501

Attorneys for Plaintiff/Counter-Defendant
STAMPS.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STAMPS.COM INC., | Case No. CV 06-7499 ODW (CTx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **PLAINTIFF STAMPS.COM INC.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES; REQUEST FOR SANCTIONS** |
| ENDICIA, INC., and PSI SYSTEMS, INC., | |
| Defendants. | **JOINT STIPULATION** |
| | **[DECLARATIONS OF MONICK T. PAUL, DENNIS J. SMITH AND KENNETH S. ROBERTS FILED CONCURRENTLY HEREWITH]** |
| | **[L.R. 37-2]** |
| | Judge:  Hon. Carolyn Turchin<br>Date:  June 2, 2008<br>Time:  2:00 p.m.<br>Courtroom:  590 |
| | Discovery Cut Off:  June 20, 2008<br>Pretrial Conference:  Sept. 22, 2008<br>Trial: Oct. 21, 2008 |
| And Related Counterclaims. | |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 2, 2008, at 2:00 p.m. or as soon thereafter as this matter may be heard, in Courtroom 590 of the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, California, before the Honorable Carolyn Turchin, United States Magistrate Judge, Stamps.com Inc. ("Stamps.com" or "Plaintiff") will move and hereby does move for an order compelling Defendants Endicia, Inc. ("Endicia") and PSI Systems ("PSI Systems")(collectively "PSI" or "Defendants") to produce further responses to Stamps.com's First Set of Interrogatories Nos. 1, 3, and 5 and an order imposing sanctions on Defendants for willfully and impermissibly failing to comply with its discovery obligations.

The basis for this Motion is as follows: on March 9, 2007 Stamps.com served its First Set of Interrogatories (Nos. 1-10)("Interrogatories") on Defendants.  In relevant part, Interrogatory No. 1 requests a claim by claim description of all facts and reasons known by Defendants supporting their allegation that each of the Patents in Suit is invalid; Interrogatory No. 3 requests a claim chart showing with specificity, on a claim by claim basis, why Defendants contend that the products do not infringe; and Interrogatory No. 5 requests an identification by date, author, subject matter and conclusion all studies, analyses, evaluations, and opinions (whether written or oral) concerning the validity or enforceability of the Patents in Suit.

Defendants responded to the Interrogatories on April 11, 2007.  Defendants' response to Interrogatory No. 1 was deficient in that it failed to provide descriptions on a claim by claim basis of its invalidity contentions, or indeed on any basis, as all Defendants did was to provide a laundry list of patents and products which Defendants claimed to be prior art.  Defendants' response to Interrogatory No. 3 was deficient in that although the Interrogatory calls for a non-infringement claim chart, Defendants again failed to provide a non-infringement claim chart or to identify their

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

non-infringement allegations on a claim by claim basis.  Lastly, Defendants'
response to Interrogatory No. 5 was deficient because Defendants provided no
information.  Defendants simply stated that they would "identify 'studies, analyses,
evaluations, and opinions' to the extent that they exist and to the extent they are not
protected by the attorney-client privilege, work product doctrine, or other
immunity."

The parties met and conferred on May 15, 2007 and again on February 4,
2008 to discuss Defendants' responses to these interrogatories, but were unable to
resolve their differences.

This Motion is made pursuant to Local Rule 37-2 and is based on the parties'
attached Joint Stipulation and the exhibits and declarations attached thereto, any
supplemental memoranda filed pursuant to Local Rule 37-2.3, such additional
evidence and argument as may be presented at the hearing on this motion, all of the
pleadings, files and records in this proceeding, and such other evidence as may later
be submitted.

Dated: May 8, 2008                          Respectfully Submitted,


_Philip J. Graves / fu_

Philip J. Graves
Tom Crunk
Kirk Hermann
Marjorie A. Witter
Fredricka Ung
Attorneys for Plaintiff/Counter-Defendant
STAMPS.COM INC.

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORY
RESPONSES

# THE PARTIES' RULE 37-2 JOINT STIPULATION
## I.   INTRODUCTORY STATEMENT

**A.   <u>Stamps.com's Introductory Statement</u>**

On November 22, 2006, Stamps.com Inc. ("Stamps.com") filed suit against Defendants Endicia, Inc. ("Endicia") and PSI Systems ("PSI Systems") (collectively "PSI" or "Defendants") for infringement of eleven patents owned by Stamps.com. Defendants denied these allegations and counterclaimed for declaratory judgments of non-infringement, invalidity and unenforceability regarding the Patents in Suit.

On March 9, 2007 Stamps.com served its First Set of Interrogatories (Nos. 1-10)("Interrogatories") on Defendants.  In relevant part, Interrogatory No. 1 requests a claim by claim description of all facts and reasons known by Defendants supporting their allegation that each of the Patents in Suit is invalid; Interrogatory No. 3 requests a claim chart showing with specificity, on a claim by claim basis, why Defendants contend that the products do not infringe; and Interrogatory No. 5 requests an identification by date, author, subject matter and conclusion all studies, analyses, evaluations, and opinions (whether written or oral) concerning the validity or enforceability of the Patents in Suit.

Defendants responded to the Interrogatories on April 11, 2007.  Defendants' response to Interrogatory No. 1 was deficient in that it failed to provide descriptions on a claim by claim basis of its invalidity contentions, or indeed on any basis, as all Defendants did was to provide a laundry list of patents and products which Defendants claimed to be prior art.  Defendants' response to Interrogatory No. 3 was deficient in that although the Interrogatory calls for a non-infringement claim chart, Defendants again failed to provide a non-infringement claim chart or to identify their non-infringement allegations on a claim by claim basis.  Lastly, Defendants' response to Interrogatory No. 5 was deficient because Defendants provided no information.  Defendants simply stated that they would "identify 'studies, analyses, evaluations, and opinions' to the extent that they exist and to the extent they are not

-4-

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

protected by the attorney-client privilege, work product doctrine, or other immunity." They have not substantively supplemented any of these responses.

Stamps.com is entitled to the requested information. First of all, though Defendants object to Interrogatories Nos. 1 and 3 on the grounds that they are premature contention interrogatories, these interrogatories are far from premature. The contention interrogatories relate to allegations made in Defendants' counterclaims. In such a situation, requiring a party to answer contention interrogatories is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires that a party have some factual basis for the allegations in their pleadings.

Further, the Interrogatories were served over one year ago. Stamps.com has also provided Defendants with detailed infringement interrogatories for 360 claims. Defendants have had the opportunity to and have identified over 100 purported prior art references, yet they have refused to explain why they contend any of them are invalidating prior art or identify which claims they purportedly invalidate. The contention interrogatories are far from premature, and Stamps.com should not have to wait until the expert reports are due before getting notice of Defendants' invalidity and non-infringement contentions.

Defendants object to Interrogatory No. 5 and refuse to identify any studies, analyses, evaluations, and opinions (whether written or oral) concerning the validity or enforceability of the Patents in Suit on the ground that all applicable studies, analysis, evaluations, and opinions are protected by the attorney-client privilege, the work product doctrine or other privileges. Defendants' objection fails because information requested in Interrogatory No. 5 cannot properly be withheld on the basis of any applicable privilege.

Interrogatory No. 5 requests that Defendants identify the date, author, and subject matter for any studies, analyses, evaluations, and opinions (whether written or oral) concerning the validity or enforceability of the Patents in Suit. The date,

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

author, and subject matter of these relevant analyses, evaluations, studies or opinions is not privileged.  In fact, this information is the same information that Defendants would have provided to enable Stamps.com and the Court to properly assess the applicability of the asserted privileges or protections. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (stating that the author, date, and subject matter of a document are all proper elements of a privilege log).

Moreover, the information requested in Interrogatory No. 5 is necessary to assess the applicability of the attorney-client privilege to any validity and enforceability analyses obtained by Defendants.  These items are relevant because Stamps.com has alleged that Defendants' infringement was willful, and Defendants have alleged that they have not and do not willfully or otherwise infringe any of the eleven patents owned by Stamps.com.  However, they provide no bases for their assertion.  Willful infringement is shown "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc), cert. denied *Convolve, Inc. v. Seagate Tech., LLC*, 2008 U.S. LEXIS 2153 (U.S., Feb. 25, 2008).  Thus, the validity and enforceability analyses that this information pertains to are relevant to Defendants' denial of infringement because these analyses and opinions will (if they exist) either support or call into question the bases for PSI's denial.  In addition, the failure to conduct or obtain an analysis regarding the validity or enforceability of the Patents in Suit may itself constitute evidence that Defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent.

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Accordingly, this Court should compel further responses to Interrogatories Nos. 1, 3, and 5 and should sanction Defendants for their failure to comply with their discovery obligations.

**B.    Defendants' Introductory Statement**

The Plaintiff's motion to compel further responses to Interrogatories 1, 3 and 5 is without merit and should be denied in full.  The 11 patents-in-suit contain 629 individual claims.  Interrogatory No. 1 demands that the Defendants produce a chart detailing, on a claim by claim basis, why each of the eleven patents-in-suit are invalid.  Interrogatory No. 3 demands that the Defendants produce a chart detailing, on a claim by claim basis, why each of the Accused Products does not infringe the patents-in-suit.  These interrogatories are objectionable demands when one considers that the Plaintiff has consistently refused to provide the Defendants with any useable guidance concerning which of the 629 claims the Plaintiff planned to pursue.  It was not until April 22, 2008 – three days before providing its portion of this joint stipulation – that the Plaintiff provided the Defendants with the first specific and particular indication of the claims the Plaintiff intended to pursue.  Based on the Plaintiff's refusal to identify any particular claims, Interrogatory Nos. 1 and 3 are objectionable on the grounds that they are unduly broad, burdensome, and oppressive based on the sheer number of total possible claims.

Interrogatory No. 5 demands that the Defendants tell the Plaintiffs the date, author, subject matter and conclusions of all opinions, studies, analyses or evaluations concerning invalidity of the patents-in-suit or non-infringement by the Accused Products.  The Plaintiff claims that the Defendants stated that documents responsive to Interrogatory No. 5 existed.  However, the facts show that Defendants never made any such representation.  Additionally, any documents responsive to Interrogatory No. 5 would be privileged.  The Defendants' timely responses included objections to Interrogatory No. 5 on these very grounds.  Finally, any nonobjectionable information sought by Interrogatory No. 5 was provided to the

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Plaintiff in the Defendants' privilege log, which was produced to the Plaintiff on
April 29, 2008.[1]

## II.   STATEMENT OF FACTS, COMPLIANCE WITH L.R. 37-1

### A.   Stamps.com's Statement of Facts

Stamps.com filed suit against Defendants Endicia and PSI Systems on
November 22, 2006 for infringement of eleven patents owned by Stamps.com: U.S.
Patent No. 5,510,992; U.S. Patent No. 5,682,318; U.S. Patent No. 5,717,597; U.S.
Patent No. 5,812,991; U.S. Patent No. 5,819,240; U.S. Patent No. 6,208,980; U.S.
Patent No. 6,233,568; U.S. Patent No. 6,249,777; U.S. Patent No. 6,889,214; U.S.
Patent No. 6,965,451; and U.S. Patent No. 6,982,808 (collectively the "Patents in
Suit"). (Declaration of Monick T. Paul ("Paul Decl.") ¶ 2.)

On March 9, 2007 Stamps.com served its First Set of Interrogatories (Nos. 1-
10) ("Interrogatories") on Defendants.  (Paul Decl. ¶ 3.)  In relevant part,
Interrogatory No. 1 requests a claim by claim description of all facts and reasons
known by Defendants supporting their allegation that each of the Patents in Suit is
invalid; Interrogatory No. 3 requests a claim chart showing with specificity, on a
claim by claim basis, why Defendants contend that the products do not infringe; and
Interrogatory No. 5 requests an identification by date, author, subject matter and
conclusion all studies, analyses, evaluations, and opinions (whether written or oral)
concerning the validity or enforceability of the Patents in Suit.  (Paul Decl. ¶ 4)

Defendants responded to the Interrogatories on April 11, 2007.  (Paul Decl. ¶
5, Ex. A)  Defendants objected to Interrogatory No. 1 with several boilerplate
objections: on the grounds that it was compound, unduly broad, a premature
contention interrogatory, and because Stamps.com had not provided its infringement
contentions.  (Id.)  Defendants also objected to the interrogatory to the extent that it
sought information protected by the attorney-client privilege, work-product

---

[1] The Defendants have yet to receive the Plaintiff's privilege log.

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

privilege, or any other applicable privilege.  (Id.)  Defendants provided a response to Interrogatory No. 1, though Defendants failed to provide descriptions on a claim by claim basis of its invalidity contentions, or indeed on any basis – Defendants only provided a string of patents and products which Defendants claimed to be prior art. (Id.)

Defendants also objected to Interrogatory No. 3 with boilerplate objections: on the grounds that it was compound, the word "specificity" was vague and ambiguous, because it was a premature contention interrogatory, and to the extent that it sought information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege.  (Id.)  Defendants provided a response to Interrogatory No. 3, though Defendants failed to provide a non-infringement claim chart or to identify their non-infringement allegations on a claim by claim basis as required by the Interrogatory.  (Id.)

Defendants objected to Interrogatory No. 5 with more boilerplate objections: on the grounds that the interrogatory is compound, overly broad and unduly burdensome, is a premature contention interrogatory, the terms "studies," "analyses," "evaluations," "research," "greatest" and "least" are vague and ambiguous, and to the extent that it seeks information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege.  (Id.) Defendants, however, provided no response to this interrogatory.  (Id.)  Defendants simply stated that they would "identify 'studies, analyses, evaluations, and opinions' to the extent that they exist and to the extent they are not protected by the attorney-client privilege, work product doctrine, or other immunity."  (Id.)

On April 27, 2007, counsel for Stamps.com requested a Local Rule 37-1 conference with counsel for Defendants regarding Defendants' discovery responses, including Interrogatory No. 5.  (Paul Decl. ¶ 6, Ex. B.)  On May 10, 2007, counsel for Defendants responded to the letter stating that "Defendants are unaware of any 'studies, analysis, evaluations and opinions' that are not protected by the attorney-

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

client privilege, the work product doctrine or other immunity.  If information relevant to this Interrogatory is discovery in Defendants review of its hundreds of thousands or millions of documents, we will, as indicated in our April 11 responses, supplement our interrogatory subject to and without waiver of the general and specific objections entered in our response."  (Paul Decl. ¶ 7, Ex. C.)

The parties met and conferred on May 15, 2007.  During the meet and confer, counsel for Defendants stated that there were studies, analyses, evaluations, and opinions responsive to this request, though they were all attorney-client privileged communications.  (Paul Decl. ¶ 8.)  Counsel for Stamps.com explained that while Defendants may withhold the content of the attorney-client communications, Defendants were not entitled to withhold identifying information regarding these communications, such as the date, author, and subject matter requested in the Interrogatory.  (Paul Decl. ¶ 9.)  Counsel for Defendants were equivocal regarding whether Defendants would identify any studies, analysis, evaluations, and opinions that were protected by the attorney-client privilege, the work product doctrine or other privileges.  (Paul Decl. ¶ 10.)   Counsel for Defendants did not assert any other objections for Defendants' refusal to respond to Interrogatory No. 5.

Counsel for Stamps.com wrote to counsel for Defendants on May 21, 2007 reiterating the positions stated in the May 17, 2008 discovery conference and requesting that Defendants state clearly whether or not they would supplement their response to Interrogatory No. 5.  (Paul Decl. ¶ 11, Ex. D.) Counsel for Defendants never responded to counsel for Stamps.com's request to clarify Defendants' position.  (Paul Decl. ¶ 12.)

On January 25, 2008, counsel for Stamps.com requested another Local Rule 37-1 conference with counsel for Defendants to discuss, among other issues, Defendants' responses to Interrogatories No. 1, 3, and 5.  (Paul Decl. ¶ 13, Ex. E) The parties met and conferred on February 4, 2008.  (Paul Decl. ¶ 14.)  During the discovery conference, counsel for Defendants stated that Defendants believed that

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Interrogatories Nos. 1 and 3 were premature contention interrogatories and that Defendants would not provide claim-by-claim descriptions of their contentions of invalidity or non-infringement until they provided expert reports.  (Paul Decl. ¶ 15.) Defendants' counsel did not express any other objections for Defendants' refusal to further supplement their responses.  (Paul Decl. ¶ 16.)  With regard to Interrogatory No. 5, counsel for Defendants stated that Defendants would provide a supplemental response to the Interrogatory by Friday, February 8, 2008 identifying relevant communications or explicitly stating that none exist. (Paul Decl. ¶ 17, Ex. F.) Defendants, however, did not "supplement" their response to Interrogatory No. 5 until February 29, 2008.  (Paul Decl. ¶ 18, Ex. I.)  Defendants' supplemental response to Interrogatory No. 5 consisted entirely of objections.  (Id.)

Defendants supplemented their response to Interrogatory No. 1 on January 25, 2008, February 25, 2008, and February 29, 2008, however these supplemental responses again consisted only of laundry lists of patents, articles, and products that Defendants contend constitute prior art.  (Paul Decl. ¶ 19, Exs. G, H, and I.) Defendants' response did not provide any basis, let alone on a claim-by-claim basis, for Defendants' invalidity contentions.  (Id.)  Defendants never supplemented their response to Interrogatory No. 3.  (Id.)

On March 3, 2008, Stamps.com served a supplemental response to Defendants' Interrogatories in which it identified approximately 360 infringed claims in a claim chart that addresses each limitation of each of the claims at issue. (Paul Decl. ¶ 20, Ex. J)

**B**.  **Defendants' Statement of Facts**

On, May 10, 2007, the Defendants sent a letter to the Plaintiff responding to the Plaintiff's concerns regarding the adequacy of the Defendants' responses to Interrogatory No. 5.  See Declaration of Kenneth S. Roberts ("Roberts Decl.,") ¶ 3 and Exhibit 1.  Concerning Interrogatory No. 5, the Defendants stated that they were

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

not aware of any "studies, analysis, evaluations and opinions" that are not protected by the attorney-client privilege, the work product doctrine or other immunity. (Robert Decl., ¶ 3 & Exhibit 1.)  On May 18, 2007, the Defendants participated in a Local Rule 37-1 pre-filing conference of counsel to discuss, among other things, the Defendants' responses to Interrogatory No. 5.  (Roberts Decl., ¶ 4.)  During the pre-filing conference the Defendants explained to the Plaintiff that the Defendants were unaware of any analysis or evaluation done by the client or otherwise that would fall outside the protections afforded the attorney-client privileged communications or attorney work product or some other privilege.  (*Id.*)  The Defendants stated that, to the extent any other evaluation or analysis existed, the document would be protected as attorney work product and/or attorney-client privileged communication.  (*Id.*)  The Defendants do not recall telling the Plaintiff that an evaluation or analysis existed.  (*Id.*)

On May 23, 2007, the Defendants sent a second letter to the Plaintiff, in which the Defendants reiterated their position that they were unaware of any analysis or evaluation done by the client or otherwise that would fall outside the protections afforded the attorney-client privileged communications or attorney work product or some other privilege.  (Roberts Decl., ¶ 5 & Exh. 2.)

Interrogatory No. 10, asks the Plaintiff to "[i]dentify each claim of the Patents in Suit that is allegedly infringed by the Defendants, and provide a claim chart that identifies where each element of each claim is found in each Accused Product."  By early February the Plaintiff had failed to provide promised supplemental responses to Interrogatory No. 10.  See the Declaration of Dennis J. Smith ("Smith Decl.,") ¶ 3 & Exh. 1.  In light of the fact that initial expert reports are due on May 16, 2008, on February 13, 2008, the Defendants filed their motion to limit the asserted claims to a reasonable and manageable number.  (*Id.*, ¶ 4.)  On March 10, 2008, one week before the hearing on the Defendants' motion to limit claims, the Plaintiff served on the Defendants Plaintiff's FOURTH SUPPLEMENTAL RESPONSES TO

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

DEFENDANTS' FIRST SET OF INTERROGATORIES (Nos. 1-14) ("Fourth Supplemental Responses") identifying 486 claims, more than half of which simply stated that the Plaintiff's infringement analysis was still ongoing.  (Smith Decl., ¶ 5 & Exh.  2.)

On March 17, 2008, the Court issued Amended Civil Minutes in which the Court granted the Defendants' motion by limiting the Plaintiff to 15 asserted claims.[2] (*Id.*, ¶ 6 & Exh. 3.)

On April 7, 2008, counsel for the Defendants requested a Local Rule 37-1 pre-filing conference to discuss the Defendants' contemplated motion to limit the scope of expert discovery in light of the May 16, 2008 deadline for initial expert reports and the Court's ruling that limits the Plaintiff to 15 asserted claims.  (*Id.*, ¶ 7 & Exh. 4.)  The parties met and conferred on April 21, 2008.  (*Id.*, ¶ 8.)  During the conference, the Defendants emphasized that initial expert reports are due on May 16, 20008, and that the Defendants still did not know exactly which claims the Plaintiff planned to address in its expert reports.  (*Id.*)  The Plaintiff argued that it had provided the Defendants with its Fourth Supplemental Responses.  (*Id.*)  The Defendants asked whether the Plaintiff was making an affirmative statement that it would address all 486 claims in its expert infringement report because more than half of the claims identified in the Fourth Supplemental Responses provided boilerplate language stating that an infringement analysis was still ongoing.  (*Id.*) The Plaintiff then informed the Defendants that it would serve the Defendants FITFHT SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (Nos. 1-14) ("Fifth Supplemental Responses"), which would indicate the claims the Plaintiff's expert infringement report would address.  (*Id.*) The Defendants asked for the number of claims addressed in the Fifth Supplemental

---

[2] The ruling limiting the number of asserted claims to fifteen, also states that the Court "will remain flexible if plaintiffs show good cause for additional claims."  (Smith Decl., ¶ 6 & Exh. 3.)

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Responses, and the Plaintiff stated that it could not provide a certain number.  (*Id.*)  The Defendants then asked the Plaintiff if its expert infringement report would address claims numbering in the hundreds.  (*Id.*)  The Plaintiff stated that its infringement report would certainly address more than two hundred claims, and suggested that the Defendants should have known this fact based on the Fourth Supplemental Responses.  (*Id.*)  The parties were unable to resolve their differences.  (*Id.*)

On Tuesday, April 22, 2008, the Defendants received an electronic copy of the Fifth Supplemental Responses.  (*Id.*, ¶ 9 & Exh. 5.)  The Fifth Supplemental Responses identifies a total of 416 claims.  (*Id.*)  The Fifth Supplemental Responses deletes 86 claims previously identified in the fourth supplemental responses and, for the first time in this litigation, specifically and individually identifies 16 new claims.  (*Id.*)

On April 29, 2008, the Defendants had hand delivered to the Plaintiff the Defendants' privilege log.  (Smith Decl., ¶ 10.)  As of Friday, May 02, 2008, the Defendants had not received the Plaintiff's privilege log.  (*Id.*)

## III.  <u>STAMPS.COM'S FIRST SET OF INTERROGATORIES NOS. 1, 3, AND 5 AND DEFENDANTS' RESPONSES THERETO</u>
### <u>INTERROGATORY NO.1:</u>

On a claim by claim basis, state with specificity all facts and reasons known to YOU that support YOUR allegation that each of the Patents In Suit is invalid, identify all natural persons with knowledge of such fact or reason, and identify all DOCUMENTS, references, or facts that you contend render the claim invalid, either individually or in combination. Describe each such DOCUMENT or reference that is a patent by specifying (a) its patent number and the nation by which it was issued, (b) its inventor(s), (c) its date, and (d) its subject matter.  Describe each such DOCUMENT or reference that is not patent by specifying (a) its title, (b) its author,

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

(c) its date, (d) its publisher, (e) the name, volume and page number of any periodical in which it was published, and (f) its subject matter.

**DEFENDANTS' APRIL 11, 2008 RESPONSE TO INTERROGATORY NO.1:**

Defendants object to this interrogatory on all grounds set forth in their General Objections and incorporate those objections as if set forth in full herein.  Defendants object to this interrogatory on the grounds that it is compound and contains multiple subparts. Specifically, for each patent-in-suit, of which there are 11, the 4 bases of invalidity thus multiply the number of interrogatories to at least 44 least 44 separate responses for this one interrogatory or tor each claim at issue, of which there are 629, 4 bases of invalidity thus multiplying the number of interrogatories to at least 2516 separate responses for this one interrogatory.

Defendants object to this interrogatory to the extent it elicits information protected by the attorney-client privilege, work-product doctrine, the common interest, or joint defense privilege, or any other applicable privilege, immunity or other limitation on discovery, and Defendants hereby assert such privileges.

Defendants object to the request to "identify all" persons and documents as defined by Stamps.com as overly broad and unduly burdensome to the extent that it seeks to impose a burden or obligation on Defendants greater than that required by the Federal Rules of Civil Procedure and is not likely to lead to the discovery of admissible evidence.

Defendants object to this interrogatory because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory, some of which is in the possession, custody and control of Stamps.com.

Defendants also object to this interrogatory because Stamps.com has not yet provided infringement contentions that identify each element of the claim for which the corresponding element is alleged to exist in Defendants' accused services, nor has Stamps.com provided claim charts on an element-by-element basis that indicates

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

the particular structures deemed to correspond to particular elements of the each of the asserted claims. Accordingly, the structural elements attributable to Stamps.com's asserted claims remain in doubt.

Defendants also object to this interrogatory because it does not distinguish between any particular theories of invalidity and is therefore overbroad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Defendants supplement the response to Interrogatory No.1 as follows:

**U.S. Patent No. 5,510,992 ("the '992 patent"):**

To the extent the claims of the '992 patent can presently be understood and Construed, the following references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | 10/18/1989 | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/21/1991 | 06/07/1994 |
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '992 patent disclose each element of the claims of the '992 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

-16-

*U.S. Patent No. 5,682,318 ("the '318 patent"):*

To the extent the claims of the '318 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | 10/18/1989 | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/21/1991 | 06/07/1994 |
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '318 patent disclose each element of the claims of the '318 patent , and thus each claim is anticipated or rendered obvious by the references cited herein.

*U.S. Patent No. 5,717,597 ("the '597 patent"):*

To the extent the claims of the '597 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 5425586 | Apparatus And Method Of Creating Pre-Formed images On A Thermal Ribbon Used A Postage Dispensing Device | 12/20/1993 | 06/20/1995 |

-17-

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 5437441 | Mail Preparation Copier With Slogan And Inscription Control System For A Mailing Machine | 10/12/1993 | 08/01/1995 |
| 5509109 | | 10/28/1993 | 04/1611996 |
| 5524995 | Apparatus And Method For Detecting The Position Of Envelopes In A Mailing Machine | 11/14/1994 | 06/11/1996 |
| 5635694 | System And Method For Embedding Machine Coded Destination Information In to A Postal Mark | 09/27/1995 | 06/03/1997 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '597 patent disclose each element of the claims of the '597 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

*U.S. Patent No. **5,812,991** ("the '991 patent"):*

To the extent the claims of the '991 patent can presently be understood and construed , the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | 10/18/1989 | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/21/1991 | 06/07/1994 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | |
|---|---|---|---|
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5734571 | Method For Modifying Data Loaded Into Memory ells Of An Electronic Postage Meter Machine | 09/05/1996 | 03/31/1998 |
| 5742683 | System And Method For Managing Multiple Users With Different Privileges In An Open Metering System | 12/19/1995 | 04/21/1998 |
| 5819240 | System And Method For Generating Personalized Postage Indicia | 10/11/1995 | 10/06/1998 |
| 5835689 | Transaction Evidencing System And Method Including Post Printing And Batch Processing | 12/19/1995 | 11/10/1998 |
| 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '991 patent disclose each element of the claims of the '991 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

*U.S. Patent No. 5,819,240 ("the '240 patent"):*

To the extent the claims of the '240 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|

-19-

| | | | |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | 10/18/1989 | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/21/1991 | 06/07/1994 |
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 |
| 5638513 | Secure Software Rental System Using Continuous Asynchronous Password Verification | 06/07/1995 | 06/10/1997 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '240 patent disclose each element of the claims of the '240 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,208,980 ("the '980 patent"):***

To the extent the claims of the '980 patent can presently be understood and construed, the following references

| **PAT/PUB NUMBER** | **TITLE** | **FILING DATE** | **ISSUE/PUBL. DATE** |
|---|---|---|---|
| 5425586 | Apparatus And Method Of Creating Pre-Formed images On A Thermal Ribbon Used A Postage Dispensing Device | 12/20/1993 | 06/20/1995 |
| 5437441 | Mail Preparation Copier With | 10/12/1993 | 08/01/1995 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| | | | |
|---|---|---|---|
| 5509109 | Slogan And Inscription Control System For A Mailing Machine | 10/28/1993 | 04/1611996 |
| 5524995 | Apparatus And Method For Detecting The Position Of Envelopes In A Mailing Machine | 11/14/1994 | 06/11/1996 |
| 5611630 | Method And Apparatus For Securei1 Printing A Postal Indicia Image saving A Different Dot Density In Two Dimensions Thereof | 12/27/1995 | 03/18/1997 |
| 5635694 | System And Method For Embedding Machine Coded Destination Information Into A Postal Mark | 09/27/1995 | 06/0311997 |
| 5651103 | Mail Handling Apparatus And Process For Printing An Image Column-By-Column In Real Time | 11/06/1995 | 07/22/1997 |
| 5684949 | Method And System For Securing Operation Of A Printing Module | 10/13/1995 | 11/04/1997 |
| 5730049 | Method And Apparatus For High Speed printing n A Mailing Machine | 01/05/1996 | 03/24/1998 |
| 5742683 | System And Method For Managing Multiple Users With Different Privileges In An Open Metering System | 12/19/1995 | 04/21/1998 |

-21-

| | | | |
|---|---|---|---|
| 5762428 | Method And Apparatus For Secure Printing A Postal Indicia Image By Dividing Printing Of The mage In Multiple Passes | 12/27/1995 | 06/0911998 |
| 5769550 | Method And Apparatus For Securely Printing An Indicia Image In Multiple Passes Including An Enhancement Pass | 12/27/1995 | 06/23/1998 |
| 5799290 | Method And Apparatus For Securely Authorizing Performance Of A Function In A Distributed System Such As A Postage Meter | 12/27/1995 | 08/25/1998 |
| 5806421 | Method And Apparatus For Securely Printing A Machine Detectable Posta Indicia Image | 12/27/1995 | 09/15/1998 |
| 5829895 | Method For Printing An Image Indicative Of Value Such As A Postal Indicia | 12/27/1995 | 11/03/l998 |
| 5835604 | Method Of Mapping Destination Addresses For Use In Calculating Digital Tokens | 12/19/1995 | 11/10/1998 |
| 5836617 | Printed Labels For Postal Indicia | 09/29/1997 | 11/17/1998 |
| 5848810 | Printed Labels For Postal Indicia | 12/04/1995 | 12/15/1998 |
| 5873605 | Personalized Postal Stamp | 06/22/1997 | 02/23/1999 |
| 5923406 | Personal Postage Stamp Vending Machine | 06/27/1997 | 07/13/1999 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 5923762 | Method And Apparatus For Ensuring Debiting In A Postage Meter Prior To Its Printing A Postal Indicia | 12/27/1995 | 07/13/1999 |
| 6157919 | PC-Based Open Metering System And Method | 12/19/1995 | 12/05/2000 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '980 patent disclose each element of the claims of the '980 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

**U.S. Patent No. 6,233,568 ("the '568 patent"):**

To the extent the claims of the '568 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | 10/1811989 | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/2111991 | 06/07/1994 |
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5734571 | Method For Modifying Data Loaded Into Memory Cells Of An Electronic Postage Meter Machine | 09/05/1996 | 03/31/1998 |

| | | | |
|---|---|---|---|
| 5742683 | System And Method For Managing Multiple Users With Different Privileges In An Open Metering System | 12/19/1995 | 04/21/1998 |
| 5819240 | System And Method For Generating Personalized Postage Indicia | 10/11/1995 | 10/0611998 |
| 5835689 | Transaction Evidencing System And Method Including Post Printing And Batch Processing | 12/19/1995 | 11/10/1998 |
| 5987441 | Token Generation Process In An Open Metering System | 04/17/1998 | 11/1611999 |
| 6061671 | System And Method For Disaster Recovery In An Open Metering System | 04/17/1998 | 05/09/2000 |
| 6151590 | Network Open Metering System | 12/19/1995 | 11/21/2000 |
| 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 |
| 5638513 | Secure Software Rental System Using Continuous Asynchronous Password Verification | 06/07/1995 | 06/1011997 |
| 5742932 | Method And System Of Accounting For Transaction Costs And Currency Exchange In A Hybrid Mail System | 12/24/1996 | 04/21/1998 |
| 5745887 | Method And Apparatus For Remotely Changing Security Features Of A Postage Meter | 08/2311996 | 04/28/1998 |

-24-

| | | | |
|---|---|---|---|
| 5812400 | Electronic postage Meter Installation And Location Movement System | 08/23/1996 | 09/22/1998 |
| 5918220 | Method And System For Worldwide Media Selection. Production, And Delivery | 12/24/1996 | 06/29/1999 |
| 5918234 | Method And Apparatus For Redundant Postage Accounting Data Files | 11/22/1995 | 06/29/1999 |
| 6050486 | Electronic Postage Meter System Separable Printer And Accounting Arrangement Incorporating Partition Of Indicia And Accounting Information | 08/23/1996 | 04/1812000 |
| 6064994 | Method And Arrangement For Data Processing In A Mail-Shipping System With A Postage Meter Machine | 05/02/1997 | 05/16/2000 |
| 6081795 | Postage Metering System And Method For A Closed System Network | 12/18/1997 | 06/27/2000 |
| 6085181 | Postage Metering System And Method For A Stand Alone Meter Operating As A Meter Server On A Network | 12/18/1997 | 07/04/2000 |
| 6098058 | Postage Metering System And Method For Automatic Detection Of Remote Postage Security | 12/18/1997 | 08/0112000 |

| | | | |
|---|---|---|---|
| | Devices On A Network | | |
| 6151591 | Postage Metering Network | 12/18/1997 | 11/21/2000 |
| | System With Virtual Meter Mode | | |
| 6175826 | Postage Metering System And | 12/18/1997 | 01/16/2001 |
| | Envelop Manager's Smart Mail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |

either individually or in combination, or further in combination with the references cited on the face of the '568 patent disclose each element of the claims of the '568 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,249,777 ("the '777 patent"):***

To the extent the claims of the '777 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | *10/1811989* | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/2111991 | 06/07/1994 |
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5734571 | Method For Modifying Data Loaded Into Memory Cells Of An Electronic Postage Meter Machine | 09/05/1996 | 03/31/1998 |
| 5742683 | System And Method For Managing Multiple Users With Different Privileges In An Open | 12/19/1995 | 04/21/1998 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | | Metering System | | |
| | 5819240 | System And Method For Generating Personalized Postage Indicia | 10/11/1995 | 10/0611998 |
| | 5835689 | Transaction Evidencing System And Method Including Post Printing And Batch Processing | 12/19/1995 | 11/10/1998 |
| | 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 |
| | 5638513 | Secure Software Rental System Using Continuous Asynchronous | 06/07/1995 | 06/10/1997 |
| | 5742932 | Method And System Of Accounting For Transaction Costs And Currency Exchange In A Hybrid Mail System | 12/24/1996 | 04/21/1998 |
| | 5745887 | Method And Apparatus For Remotely Changing Security Features Of A Postage Meter | 08/2311996 | 04/28/1998 |
| | 5812400 | Electronic postage Meter Installation And Location Movement System | 08/23/1996 | 09/22/1998 |
| | 5918220 | Method And System For Worldwide Media Selection. Production, And Delivery | 12/24/1996 | 06/29/1999 |
| | 5918234 | Method And Apparatus For Redundant Postage Accounting Data Files | 11/22/1995 | 06/29/1999 |
| | 6005945 | SYSTEM AND METHOD FOR | 03/20/1997 | 12/21/1999 |

-27-

| | | | | |
|---|---|---|---|---|
| | | DISPENSING POSTAGE BASED ON TELEPHONIC OR WEB MIILLI-TRANSACTIONS | | |
| | 6050486 | Electronic Postage Meter System Separable Printer And Accounting Arrangement Incorporating Partition Of Indicia And Accounting Information | 08/23/1996 | 04/18/2000 |
| | 6064994 | Method And Arrangement For Data Processing In A. Mail-Shipping System With A Postage Meter Machine | 05/02/1997 | 0511612000 |
| | 6081795 | Postage Meteril1g System And Method For A Closed System Network | 12/18/1997 | 06/27/2000 |
| | 6085181 | Postage Metering System And Method For A Standing Alone Meter Operating As A Meter Server On Network | 12/18/1997 | 07/04/2000 |
| | 6098058 | Postage Metering System And Method For Automatic Detection Of Remote Postage Security Devices On A Network | 12/18/1997 | 08/0112000 |
| | 6151591 | Postage Metering Network System With Virtual Meter Mode | 12/18/1997 | 11/21/2000 |
| | 6175826 | Postage Metering System And Method For A Stand-Alone Meter Having Virtual Meter | 12/18/1997 | 01/16/2001 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | Functionality | | | |
| 6671813 | Secure On-Line PC Postage | 06/10/1997 | 12/30/2003 |
| | Metering System | | |
| | Envelop Manager's Smart Mail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |
| | Stamps.com Concept of | | 1997 |
| | Operations Submission to USPS | | |

either individually or in combination, or further in combination with the references cited on the face of the '777 patent disclose each element of the claims of the '777 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

**U.S. Patent No. 6,889,214 ("the '214 patent"):**

To the extent the claims of the '214 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4226360 | Metering System | 12/19/1978 | 10/07/1980 |
| 4978839 | Postage Meter Value Card System | 10/1811989 | 12/18/1990 |
| 5319562 | System and method for purchase and application of postage using personal computer | 08/2111991 | 06/07/1994 |
| 5602742 | Postage Metering System | 01/10/1985 | 02/11/1997 |
| 5734571 | Method For Modifying Data Loaded Into Memory Cells Of An Electronic Postage Meter Machine | 09/05/1996 | 03/31/1998 |
| 5742683 | System And Method For Managing Multiple Users With | 12/19/1995 | 04/21/1998 |

| | | | | |
|---|---|---|---|---|
| | Different Privileges In An Open Metering System | | | |
| 5819240 | System And Method For Generating Personalized Postage Indicia | 10/11/1995 | 10/0611998 | |
| 5835689 | Transaction Evidencing System And Method Including Post Printing And Batch Processing | 12/19/1995 | 11/10/1998 | |
| 5586037 | Automated Self-Service Mail Processing And Storing Systems | 08/02/1994 | 12/17/1996 | |
| 5638513 | Secure Software Rental System Using Continuous Asynchronous | 06/07/1995 | 06/10/1997 | |
| 5742932 | Method And System Of Accounting For Transaction Costs And Currency Exchange In A Hybrid Mail System | 12/24/1996 | 04/21/1998 | |
| 5745887 | Method And Apparatus For Remotely Changing Security Features Of A Postage Meter | 08/2311996 | 04/28/1998 | |
| 5812400 | Electronic postage Meter Installation And Location Movement System | 08/23/1996 | 09/22/1998 | |
| 5918220 | Method And System For Worldwide Media Selection. Production, And Delivery | 12/24/1996 | 06/29/1999 | |
| 5918234 | Method And Apparatus For Redundant Postage Accounting Data File | 11/22/1995 | 06/29/1999 | |

-30-

| | | | |
|---|---|---|---|
| 6005945 | SYSTEM AND METHOD FOR DISPENSING POSTAGE BASED ON TELEPHONIC OR WEB MIILLI-TRANSACTIONS | 03/20/1997 | 12/21/1999 |
| 6050486 | Electronic Postage Meter System Separable Printer And Accounting Arrangement Incorporating Partition Of Indicia And Accounting Information | 08/23/1996 | 04/18/2000 |
| 6064994 | Method And Arrangement For Data Processing In A. Mail-Shipping System With A Postage Meter Machine | 05/02/1997 | 0511612000 |
| 6081795 | Postage Meteril1g System And Method For A Closed System Network | 12/18/1997 | 06/27/2000 |
| 6085181 | Postage Metering System And Method For A Stand-Alone Meter Operating As A Meter Server On Network | 12/18/1997 | 07/04/2000 |
| 6098058 | Postage Metering System And Method For Automatic Detection Of Remote Postage Security Devices On A Network | 12/18/1997 | 08/0112000 |
| 6151591 | Postage Metering Network System With Virtual Meter Mode | 12/18/1997 12/18/1997 | 11/21/2000 01/16/2001 |
| 6175826 | Postage Metering System And Method For A Stand-Alone Meter | | |

-31-

| | | | | |
|---|---|---|---|---|
| | | Having Virtual Meter Functionality | | |
| 6424954 | Postage Metering System | 02/16/1999 | 07/23/2002 | |
| 6546377 | Virtual Postage Meter With Multiple Origins Of Deposit | 12/02/1999 | 04/08/2003 | |
| 6567794 | Method For Access Control In A Virtual Postage Metering System | 09/0211999 | 05/20/2003 | |
| 6671813 | Secure On-Line PC Postage Metering System | 06/10/1997 | 12/30/2003 | |
| 6687684 | System And Method For Restrictively Authorizing Reprinting Of Mail Pieces Having Postage Indicia | 06110/1999 | 02/03/2004 | |
| 6813613 | System For Printing On A Local Printer Coupled To A Meter Server Postage Requested From A Remote Computer | 10/20/2000 | 11/02/2004 | |
| | Envelop Manager's SmartMail | | | 1993 |
| | Envelop Manager's DAZzle | | | 1992 |
| | Stamps.com Concept of Operations Submission to USPS | | | 1997 |
| | Stamps.com Website | | | 01/1999 |
| | PSI Concept of Operation Submission to USPS | | | 08/1998 |
| | PSI Concept of Operation Submission to USPS | | | 10/1999 |

either individually or in combination, or further in combination with the references cited on the face of the '214 patent disclose each element of the claims of the '214

-32-

patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,965,451 ("the '451 patent"):***

To the extent the claims of the '451 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 2002/0149195 | Personalized Postage Stamps | 06/07/1999 | 10/17/2002 |
| 4661001 | Label Printer With Test Pattern For Price And Bar Codes | 02/311986 | 04/28/1987 |
| 5257040 | System For Printing Asymmetrically Positioned Pairs Of Envelopes | 11/14/1991 | 10/26/1993 |
| 5912695 | System For printing Pairs Of Envelopes Of The Like | 12/12/1997 | 0611511999 |
| 5425586 | Apparatus And Method Of Creating Pre-Formed Images On A Thermal Ribbon Used A Postage Dispensing Device | 12/20/1993 | 0612011995 |
| 5437441 | Mail Preparation Copier With Mailing Address Identification | 10/12/1993 | 08/01/1995 |
| 5509109 | Slogan And Inscription Control System For A Mailing Machine | 10/28/1993 | 04/16/1996 |
| 5524995 | Apparatus And Method For Detecting The Position Of Envelopes In A Mailing Machine | 11/14/1994 | 06/11/1996 |
| 5611630 | Method And Apparatus For Securely Printing A Postal Indicia | 12/27/1995 | 03/18/1997 |

-33-

| | | | | |
|---|---|---|---|---|
| | | Image Having A Different Dot Density In Two Dimensions Thereof | | |
| | 5635694 | System And Method For Embedding Machine Coded Destination Information Into A Postal Mark | 09/27/1995 | 06/03/1997 |
| | 5651103 | Mail Handling Apparatus And Process For Printing An Image Column-By-Column In Real Time | 11/06/1995 | 07/22/1997 |
| | 5684949 | Method And System For Securing Operation Of A Printing Module | 10/13/1995 | 11/04/1997 |
| | 5730049 | Method And Apparatus For High Speed Printing In A Mailing Machine | 01/05/1996 | 03/24/1998 |
| | 5742683 | System And Method For Managing Multiple Users With Different Privileges In An Open Metering System | 12/19/1995 | 04/21/1998 |
| | 5762428 | Method And Apparatus For Secure Printing A Postal Indicia Image By Dividing, Printing Of The mage In Multiple Passes | 12/27/1995 | 06/09/1998 |
| | 5769550 | Method And Apparatus For Securely Printing An Indicia Image In Multiple Passes | 12/27/1995 | 06/23/1998 |

-34-

|  |  |  |  |
|---|---|---|---|
|  | Including An Enhancement Pass |  |  |
| 5799290 | Method And Apparatus For Securely Authorizing Performance Of A unction In A Distributed System Such As A Postage Meter | 12/27/1995 | 08/25/1998 |
| 5806421 | Method And Apparatus For Securely Printing A Machine Detectable Post Indicia Image | 12/27/1995 | 09/15/1998 |
| 5829895 | Method For Printing An Image Indicative Of Value Such As A Postal Indicia | 12/27/1995 | 11/03/1998 |
| 5835604 | Method Mapping Destination Addresses For se Calculating Digital Tokens | 12/19/1995 | 11/10/1998 |
| 5836617 | Printed Labels For Postal Indicia | 09/29/1997 | 1l/17/1998 |
| 5848810 | Printed Labels For Postal Indicia | 12/04/1995 | 12/15/1998 |
| 5873605 | Personalized Postal Stamp | 06/22/1997 | 02/23/1999 |
| 5923406 | Personal Postage Stamp Vending Machine | 06/27/1997 | 07/13/1999 |
| 5923762 | Method And Apparatus For Ensuring Debiting In A Postage Meter Prior To Its Printing A Postal Indicia | 12/27/1995 | 07/13/1999 |
| 6108643 | System For Metering Permit Mai1 That Has An Encrypted Message Affixed To A Mail Piece | 05/22/1998 | 08/22/2000 |
| 6157919 | PC-Based Open Metering System And Method | 12/19/1995 | 12/05/2000 |

-35-

| | | | |
|---|---|---|---|
| 6240196 | Mail Generation System With Enhanced Security By Use Of Modified Print Graphic Information | 12/18/1998 | 05/29/2001 |
| 6965451 | Method And Apparatus For Printing Indicia, Logos And Graphics Onto Print Media | 08/29/2000 | 11/15/2005 |
| 6972859 | Authorizing The Printing Of Digital Images | 07/22/1999 | 12/06/2005 |
| 7080044 | PC-Based Open Metering System And Method | 10/17/2000 | 07/18/2006 |
| 7149726 | Online Value Bearing Item Printing | 06/01/2000 | 12/12/2006 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |
| | PSI Concept Operations Submission to USPS | | 08/1998 |

either individually or in combination, or further in combination with the references cited on the face of the '451 patent disclose each element of the claims of the '451 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

**U.S. Patent No. 6,982,808 ("the '808 patent"):**

To the extent the claims of the '808 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 2002/0149195 | Personalized Postage Stamps | 06/07/1999 | 10/17/2002 |
| 4661001 | Label Printer With Test Pattern For Price And Bar Codes | 02/311986 | 04/28/1987 |

-36-

| 5257040 | System For Printing Asymmetrically Positioned Pairs Of Envelopes | 11/14/1991 | 10/26/1993 |
|---------|---|---|---|
| 5912695 | System For printing Pairs Of Envelopes Of The Like | 12/12/1997 | 0611511999 |
| 5425586 | Apparatus And Method Of Creating Pre-Formed Images On A Thermal Ribbon Used A Postage Dispensing Device | 12/20/1993 | 0612011995 |
| 5437441 | Mail Preparation Copier With Mailing Address Identification | 10/12/1993 | 08/01/1995 |
| 5509109 | Slogan And Inscription Control System For A Mailing Machine | 10/28/1993 | 04/16/1996 |
| 5524995 | Apparatus And Method For Detecting The Position Of Envelopes In A Mailing Machine | 11/14/1994 | 06/11/1996 |
| 5611630 | Method And Apparatus For Securely Printing A Postal Indicia Image Having A Different Dot Density In Two Dimensions Thereof | 12/27/1995 | 03/18/1997 |
| 5635694 | System And Method For Embedding Machine Coded Destination Information Into A Postal Mark | 09/27/1995 | 06/03/1997 |
| 5651103 | Mail Handling Apparatus And Process For Printing An Image Column-By-Column In Real | 11/06/1995 | 07/22/1997 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | | Time | | |
| | 5684949 | Method And System For Securing Operation Of A Printing Module | 10/13/1995 | 11/04/1997 |
| | 5730049 | Method And Apparatus For High Speed Printing In A Mailing Machine | 01/05/1996 | 03/24/1998 |
| | 5742683 | System And Method For Managing Multiple Users With Different Privileges In An Open Metering System | 12/19/1995 | 04/21/1998 |
| | 5762428 | Method And Apparatus For Secure Printing A Postal Indicia Image By Dividing, Printing Of The mage In Multiple Passes | 12/27/1995 | 06/09/1998 |
| | 5769550 | Method And Apparatus For Securely Printing An Indicia Image In Multiple Passes Including An Enhancement Pass | 12/27/1995 | 06/23/1998 |
| | 5799290 | Method And Apparatus For Securely Authorizing Performance Of A unction In A Distributed System Such As A Postage Meter | 12/27/1995 | 08/25/1998 |
| | 5806421 | Method And Apparatus For Securely Printing A Machine Detectable Postal Indicia Image | 12/27/1995 | 09/15/1998 |
| | 5829895 | Method For Printing An Image | 12/27/1995 | 11/03/1998 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| | | | | |
|---|---|---|---|---|
| | | Indicative Of Value Such As A Postal Indicia | | |
| 5835604 | Method Mapping Destination Addresses For Use Calculating Digital Tokens | 12/19/1995 | 11/10/1998 |
| 5836617 | Printed Labels For Postal Indicia | 09/29/1997 | 11/17/1998 |
| 5848810 | Printed Labels For Postal Indicia | 12/04/1995 | 12/15/1998 |
| 5873605 | Personalized Postal Stamp | 06/22/1997 | 02/23/1999 |
| 5923406 | Personal Postage Stamp Vending Machine | 06/27/1997 | 07/13/1999 |
| 5923762 | Method And Apparatus For Ensuring Debiting In A Postage Meter Prior To Its Printing A Postal Indicia | 12/27/1995 | 07/13/1999 |
| 6108643 | System For Metering Permit Mail That Has An Encrypted Message Affixed To A Mail Piece | 05/22/1998 | 08/22/2000 |
| 6157919 | PC-Based Open Metering System And Method | 12/19/1995 | 12/05/2000 |
| 6240196 | Mail Generation System With Enhanced Security By Use Of Modified Print Graphic Information | 12/18/1998 | 05/29/2001 |
| 6965451 | Method And Apparatus For Printing Indicia, Logos And Graphics Onto Print Media | 08/29/2000 | 11/15/2005 |
| 6972859 | Authorizing The Printing Of Digital Images | 07/22/1999 | 12/06/2005 |
| 7080044 | PC-Based Open Metering System | 10/17/2000 | 07/18/2006 |

| | And Method | | |
|---|---|---|---|
| 7149726 | Online Value Bearing Item Printing | 06/01/2000 | 12/12/2006 |
| | Envelop Manager's SmartMail | | 1993 |
| | Envelop Manager's DAZzle | | 1992 |
| | PSI Concept Operations Submission to USPS | | 08/1998 |

either individually or in combination, or further in combination with the references cited on the face of the '808 patent disclose each element of the claims of the '808 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

Harry Whitehouse and Scott Montgomery of Endicia have knowledge of facts supporting Defendants' allegations that the patents-in-suit are invalid. Defendants' investigation regarding their allegation of invalidity is ongoing. Defendants will supplement their response to this Interrogatory in due course.

## DEFENDANTS' JANUARY 25, 2008 RESPONSE TO INTERROGATORY NO.1:

Defendants object to this interrogatory on all grounds set forth in their General Objections and incorporate those objections as if set forth in this response. Defendants object to this interrogatory on the grounds that it is compound and contains multiple subparts. Specifically, for each patent-in-suit, of which there are 11, the 4 bases of invalidity thus multiply the number of interrogatories to at least 44 for each claim at issue. There are 629 claims at issue, and the 4 bases of invalidity thus multiply the number of interrogatories to at least 2516 for this one interrogatory.

Defendants object to this interrogatory to the extent it elicits information protected by the attorney-client privilege, work-product doctrine, the common

-40-

interest, or joint defense privilege, or any other applicable privilege, immunity or other limitation on discovery, and Defendants hereby assert such privileges. Defendants object to the request to "identify all" persons and documents as defined by Stamps.com as overly broad and unduly burdensome to the extent that it seeks to impose a burden or obligation on Defendants greater than that required by the Federal Rules of Civil Procedure and is not likely to lead to the discovery of admissible evidence.

Defendants object to this interrogatory because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory, some of which is in the possession, custody and control of Stamps.com.

Defendants also object to this interrogatory because Stamps.com has not yet provided infringement contentions that identify each element of the claim for which the corresponding element is alleged to exist in Defendants' accused services, nor has Stamps.com provided claim charts on an element-by-element basis that indicates the particular structures deemed to correspond to particular elements of the each of the asserted claims. Accordingly, the structural elements attributable to Stamps.com's asserted claims remain in doubt.

Defendants also object to this interrogatory because it does not distinguish between any particular theories of invalidity and is therefore overbroad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Defendants supplement the response to Interrogatory No.1 as follows:

*U.S. Patent No. 5,510,992 ("the '992 patent"):*

To the extent the claims of the '992 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
| --- | --- | --- | --- |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 5,781,634 | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 6,965,869 | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/15/2005 |
| WO 92/15968 | Method and Apparatus for Generating Gift Certificates | 2/12/1992 | 9/17/1992 |
| WO 94/27258 | Telephonic System for Remotely Purchasing Tickets and Ordering Products | 5/12/1994 | 11/24/1994 |

## PUBLICATIONS

Advertisement: "The Incentives Funds Card from American Express either individually or in combination, or further in combination with references cited on the face of the '992 patent, disclose each of the claims of the '992 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

*U.S. Patent No. 5,682,318 ("the '318 patent"):*

To the extent the claims of the '318 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP 0780809 | PC-Based Open Metering System and Method | 12/19/1996 | 6/25/1997 |
| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 2001/0020234 | Method and Apparatus for a Modular Postage Accounting | 1/23/2001 | 9/6/2001 |

-42-

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | |
|---|---|---|---|
| | System | | |
| U.S. 5,243,174 | Method and Apparatus for Generating Gift Certificates | 3/5/1991 | 9/7/1993 |
| U.S. 5,699,415 | Method for Matching the Database Between an Electronic Postage Meter Machine and a Data Center | 6/21/1995 | 12/16/1997 |
| U.S. 5,774,870 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 12/14/1995 | 6/30/1998 |
| U.S. 5,781,634 | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 5,845,260 | System and Method for Parent Controlled Charging for On-Line Services | 1/24/1996 | 12/1/1998 |
| U.S. 6,285,990 | Method for Reissuing Digital Tokens in an Open Metering System | 12/19/1995 | 9/4/2001 |
| U.S. 6,578,012 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 11/12/1999 | 6/10/2003 |
| U.S. 6,938,018 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 8/30/2005 |
| U.S. 6,965,869 | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/15/2005 |
| WO 92/15968 | Method and Apparatus for | 2/12/1992 | 9/17/1992 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| | Generating Gift Certificates | | |
| WO 94/27258 | Telephonic System for | 5/12/1994 | 11/24/1994 |
| | Remotely Purchasing Tickets | | |
| | and Ordering | | |
| | Products | | |

## PUBLICATIONS

"Pitney Bowes Introduces PostPerfect, the Most Important Business Mailing System Yet," Business Wire (September 12, 1995)

"Remote Meter Resetting," Managing Office Technology, p.32 (April 1995)

"Ticketmaster Plans Big Future in Cyberspace," Phillips Media Group's Interactive Marketing News, p.1 (October 27, 1995)

Advertisement: "The IncentivesFunds Card from American Express

Advertisement: "The Mobil Go Card," Incentive Magazine (February 1996)

Andrew Kantor, "Digital Cash Goes Live," Internet World Magazine (January 1996)

Bennet Yee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-170 (July 1995)

Judy Quinn, "Incentive Cards Explained," Incentive Magazine (December 1995)

Mary S. Malik, "Make the Most of Your Delivery Dollar," Managing Office Technology, p.15 (February 1995)

Robert Jennings, "Key Federal, Mobil Offer Stored-Value Gas Card," The American Banker (July 18, 1995)

either individually or in combination, or further in combination with the references cited on the face of the '451 patent disclose each element of the claims of the '451 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 5,812,991 ("the '991 patent"):***

-44-

To the extent the claims of the '991 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP 0780809 | PC-Based Open Metering System and Method | 12/19/1996 | 6/25/1997 |
| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 2001/0020234 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 9/6/2001 |
| U.S. 5,243,174 | Method and Apparatus for Generating Gift Certificates | 3/5/1991 | 9/7/1993 |
| U.S. 5,699,415 | Method for Matching the Database Between an Electronic Postage Meter Machine and a Data Center | 6/21/1995 | 12/16/1997 |
| U.S. 5,774,870 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 12/14/1995 | 6/30/1998 |
| U.S. 5,781,634 | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 5,845,260 | System and Method for Parent Controlled Charging for On-Line Services | 1/24/1996 | 12/1/1998 |
| U.S. 5,953,705 | Ticketless System and Processing Method and Memory Medium Storing Its Processing | 2/21/1997 | 9/14/1999 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | Program | | | |
| U.S. 6,009,417 | Proof of Postage Digital Franking | 9/24/1997 | 12/28/1999 |
| U.S. 6,285,990 | Method for Reissuing Digital Tokens in an Open Metering System | 12/19/1995 | 9/4/2001 |
| U.S. 6,578,012 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 11/12/1999 | 6/10/2003 |
| U.S. 6,938,018 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 8/30/2005 |
| U.S. 6,965,869 | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/15/2005 |
| WO 92/15968 | Method and Apparatus for Generating Gift Certificates | 2/12/1992 | 9/17/1992 |
| WO 94/27258 | Telephonic System for Remotely Purchasing Tickets and Ordering Products | 5/12/1994 | 11/24/1994 |
| WO 98/13790 | Proof of Postage Digital Franking | 9/24/1007 | 4/2/1998 |

**PUBLICATIONS**

Bennet Yee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-l70 (July 1995)

Bill McAllister, "Postal Meter Change Could Affect Stamps Used by Businesses," 69 Linn's Stamp News 3538 (August 26, 1996)

-46-

Bill McAllister, "Their Meter Is Running ...; PCs and the Postal Service Challenge the Mailroom Reign of Pitney Bowes," The Washington Post, p.H0I (August 11,

"Ascom Hasler Creates Automatic 'Mini-Mailing System,'" 6 Mailer's Review 1, 15 (January 1994)

"Incentive Awards: Maritz Launches Electronic Reward System," Incentive Magazine (February 1995)

"Movie Gold Card Developed for Smart Entertainment," Business Wire (October 9, 1996)

"New Postage Technology May Be Coming Soon to Personal Computers," 233 Meter Stamp Society Quarterly Bulletin 5 (Fall 1996)

"Oscard Makes Phone Pay," Byte Magazine, p.82 (June 1996)

"Pitney Bowes Introduces PostPerfect, the Most Important Business Mailing System Yet," Business Wire (September 12, 1995)

"Postal Service Seeks Input on a New Form of Postage," 21926 Postal Bulletin 9 (August 15, 1996)

"Radical New USPS Policy on Meters Taking Shape," 233 Meter Stamp Society Quarterly Bulletin (Fall 1996)

"Remote Meter Resetting," Managing Office Technology, p.32 (April 1995)

"Southwest on the Internet," Air Transport World, p.68 (July 1996)

"Ticketmaster Plans Big Future in Cyberspace," Phillips Media Group's Interactive Marketing News, p.l (October 27, 1995)

"Verifone Payment Solutions Play Key Role in MasterCard's First Stored Value Pilot Program," PR Newswire (May 1, 1996)

Advertisement: "The Incentives Funds Card from American Express

Advertisement: "The Mobil Go Card," Incentive Magazine (February 1996)

Andrew Kantor, "Digital Cash Goes Live," Internet World Magazine (January 1996)

Bennet Yee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-l70

-47-

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

(July 1995)

Bill McAllister, "Postal Meter Change Could Affect Stamps Used by Businesses," 69 Linn's Stamp News 3538 (August 26, 1996)

Bill McAllister, "Their Meter Is Running ...; PCs and the Postal Service Challenge the Mailroom Reign of Pitney Bowes," The Washington Post, p.H0I (August 11, 1996)

J.D. Tygar, "Designing Cryptographic Postage Indicia," Securicom (1996)

Joan M. Feldman, "Cyberspace Direct: Airlines Embrace Distribution Through the Internet and World Wide Web But Worry About a Wrong Choice," Air Transport World, p.89 (August 1996)

Judy Quinn, "Incentive Cards Explained," Incentive Magazine (December 1995)

Kate Maddox, "Travel, Web-Site Style: Travelocity Offers Ticket Sales, a Cyberstore and More," Communications Week, pp.IA.0l (May 13, 1996)

Kenneth Hein, "What's the Deal?" Incentive Magazine (July 1996)

Mary S. Malik, "Make the Most of Your Delivery Dollar," Managing Office Technology, p.15 (February 1995)

Mead Jennings, "Wired for a New Era," Airline Business, pp.22-23 (August 1996)

Robert Jennings, "Key Federal, Mobil Offer Stored-Value Gas Card," The American Banker (July 18, 1995)

either individually or in combination, or further in combination with the references cited on the face of the '991 patent disclose each element of the claims of the '991 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

### U.S. Patent No. 5,819,240 ("the '240 patent"):

To the extent the claims of the '240 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|

| | | | |
|---|---|---|---|
| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 5,243,174 | Method and Apparatus for Generating Gift Certificates | 3/5/1991 | 9/7/1993 |
| U.S. 5,699,415 | Method for Matching the Database Between an Electronic Postage Meter Machine and a Data Center | 6/21/1995 | 12/16/1997 |
| U.S. 5,781,634 | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 5,845,260 | System and Method for Parent Controlled Charging for On-Line Services | 1/24/1996 | 12/1/1998 |
| U.S. 6,965,869 | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/1512005 |
| WO 94/27258 | Telephonic System for Remotely Purchasing Tickets and Ordering Products | 5/12/1994 | 11/24/1994 |

## PUBLICATIONS

"Pitney Bowes Introduces PostPerfect, the Most Important Business Mailing System Yet," Business Wire (September 12, 1995)

"Remote Meter Resetting," Managing Office Technology, p.32 (April 1995)

"Ticketmaster Plans Big Future in Cyberspace," Phillips Media Group's Interactive Marketing News, p.1 (October 27, 1995)

Advertisement: "The IncentivesFunds Card from American Express

Bennet Yee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-l70

-49-

(July 1995)

Mary S. Malik, "Make the Most of Your Delivery Dollar," Managing Office Technology, p.15 (February 1995)

Robert Jennings, "Key Federal, Mobil Offer Stored-Value Gas Card," The American Banker (July 18, 1995)

either individually or in combination, or further in combination with the references cited on the face of the '240 patent disclose each element of the claims of the '240 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

**U.S. Patent No. 6,249,777 ("the '777 patent"):**

　　　To the extent the claims of the '777 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP 0780809 | PC-Based Open Metering System and Method | 12/19/1996 | 6/25/1997 |
| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 2001/0020234 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 9/6/2001 |
| U.S. 5,243,174 | Method and Apparatus for Generating Gift Certificates | 3/5/1991 | 9/7/1993 |
| U.S. 5,699,415 | Method for Matching the Database Between an Electronic Postage Meter Machine and a Data Center | 6/21/1995 | 12/16/1997 |
| U.S. 5,774,870 | Fully Integrated, On-Line | 12/14/1995 | 6/30/1998 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | | Interactive Frequency and Award Redemption Program | | |
| U.S. 5,781,634 | | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 5,844,220 | | Apparatus and Method for Electronic Debiting of Funds from a Postage Meter | 8/23/1996 | 12/1/1998 |
| U.S. 5,845,260 | | System and Method for Parent Controlled Charging for On-Line Services | 1/24/1996 | 12/1/1998 |
| U.S. 5,953,705 | | Ticketless System and Processing Method and Memory Medium Storing Its Processing Program | 2/21/1997 | 9/14/1999 |
| U.S. 6,009,417 | | Proof of Postage Digital Franking | 9/24/1997 | 12/28/1999 |
| U.S. 6,285,990 | | Method for Reissuing Digital Tokens in an Open Metering System | 12/19/1995 | 9/4/2001 |
| U.S. 6,578,012 | | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 11/12/1999 | 6/10/2003 |
| U.S. 6,938,018 | | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 8/30/2005 |
| U.S. 6,965,869 | | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/15/2005 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| WO 92/15968 | Method and Apparatus for Generating Gift Certificates | 2/12/1992 | 9/17/1992 |
| WO 94/27258 | Telephonic System for Remotely Purchasing Tickets and Ordering Products | 5/12/1994 | 11/24/1994 |
| WO 98/13790 | Proof of Postage Digital Franking | 9/24/1007 | 4/2/1998 |

## PUBLICATIONS

"Ascom Hasler Creates Automatic 'Mini-Mailing System,'" 6 Mailer's Review 1, 15 (January 1994)

"Incentive Awards: Maritz Launches Electronic Reward System," Incentive Magazine (February 1995)

"Movie Gold Card Developed for Smart Entertainment," Business Wire (October 9, 1996)

"New Postage Technology May Be Coming Soon to Personal Computers," 233 Meter Stamp Society Quarterly Bulletin 5 (Fall 1996)

"Oscard Makes Phone Pay," Byte Magazine, p.82 (June 1996)

"Pitney Bowes Introduces PostPerfect, the Most Important Business Mailing System Yet," Business Wire (September 12, 1995)

"Postal Service Seeks Input on a New Form of Postage," 21926 Postal Bulletin 9 (August 15, 1996)

"Radical New USPS Policy on Meters Taking Shape," 233 Meter Stamp Society Quarterly Bulletin (Fall 1996)

"Remote Meter Resetting," Managing Office Technology, p.32 (April 1995)

"Southwest on the Internet," Air Transport World, p.68 (July 1996)

"Ticketmaster Plans Big Future in Cyberspace," Phillips Media Group's Interactive Marketing News, p.l (October 27, 1995)

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

"Verifone Payment Solutions Play Key Role in MasterCard's First Stored Value Pilot Program," PR Newswire (May 1, 1996)

Advertisement: "The IncentivesFunds Card from American Express

Advertisement: "The Mobil Go Card," Incentive Magazine (February 1996)

Andrew Kantor, "Digital Cash Goes Live," Internet World Magazine (January 1996)

Bennet Vee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-170 (July 1995)

Bill McAllister, "Postal Meter Change Could Affect Stamps Used by Businesses," 69 Linn's Stamp News 3538 (August 26, 1996)

Bill McAllister, "Their Meter Is Running 0 0 .; PCs and the Postal Service Challenge the Mailroom Reign of Pitney Bowes," The Washington Post, p.HOl (August 11, 1996)

J.D. Tygar, "Designing Cryptographic Postage Indicia," Securicom (1996)

Joan Mo Feldman, "Cyberspace Direct: Airlines Embrace Distribution Through the Internet and World Wide Web But Worry About a Wrong Choice," Air Transport World, p.89 (August 1996)

Judy Quinn, "Incentive Cards Explained," Incentive Magazine (December 1995)

Kate Maddox, "Travel, Web-Site Style: Travelocity Offers Ticket Sales, a Cyberstore and More," Communications Week, pp.IA.01 (May 13, 1996)

Kenneth Hein, "What's the Deal?" Incentive Magazine (July 1996)

Mary S. Malik, "Make the Most of Your Delivery Dollar," Managing Office Technology, po15 (February 1995)

Mead Jennings, "Wired for a New Era," Airline Business, ppo22-23 (August 1996)

Penny Parker, "Gift Certificates Give Way to Gift Plastic," p.C-03 (November 21, 1996)

Randy Tucker, "Old Chicago Hopes Card Catches On," Omaha World Herald, p.36

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

(November 7,1996)

Robert Jennings, "Key Federal, Mobil Offer Stored-Value Gas Card," The American Banker (July 18, 1995)

either individually or in combination, or further in combination with the references cited on the face of the '777 patent disclose each element of the claims of the '777 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,889,214 ("the '214 patent"):***

To the extent the claims of the '214 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP 0780809 | PC-Based Open Metering System and Method | 12/19/1996 | 6/25/1997 |
| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 2001/0020234 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 9/6/2001 |
| U.S. 5,243,174 | Method and Apparatus for Generating Gift Certificates | 3/5/1991 | 9/7/1993 |
| U.S. 5,699,415 | Method for Matching the Database Between an Electronic Postage Meter Machine and a Data Center | 6/21/1995 | 12/16/1997 |
| U.S. 5,774,870 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 12/14/1995 | 6/30/1998 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | |
|---|---|---|---|
| U.S. 5,781,634 | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 5,844,220 | Apparatus and Method for Electronic Debiting of Funds from a Postage Meter | 8/23/1996 | 12/1/1998 |
| U.S. 5,845,260 | System and Method for Parent Controlled Charging for On-Line Services | 1/24/1996 | 12/1/1998 |
| U.S. 5,953,705 | Ticketless System and Processing Method and Memory Medium Storing Its Processing Program | 2/21/1997 | 9/14/1999 |
| U.S. 6,009,417 | Proof of Postage Digital Franking | 9/24/1997 | 12/28/1999 |
| U.S. 6,285,990 | Method for Reissuing Digital Tokens in an Open Metering System | 12/19/1995 | 9/4/2001 |
| U.S. 6,578,012 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 11/12/1999 | 6/10/2003 |
| U.S. 6,938,018 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 8/30/2005 |
| U.S. 6,965,869 | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/15/2005 |
| WO 92/15968 | Method and Apparatus for | 2/12/1992 | 9/17/1992 |

-55-

| | | | |
|---|---|---|---|
| | Generating Gift Certificates | | |
| WO 94/27258 | Telephonic System for Remotely Purchasing Tickets and Ordering Products | 5/12/1994 | 11/24/1994 |
| WO 98/13790 | Proof of Postage Digital Franking | 9/24/1007 | 4/2/1998 |

## PUBLICATIONS

"Ascom Hasler Creates Automatic 'Mini-Mailing System,'" 6 Mailer's Review 1, 15 (January 1994)

"Incentive Awards: Maritz Launches Electronic Reward System," Incentive Magazine (February 1995)

"Movie Gold Card Developed for Smart Entertainment," Business Wire (October 9, 1996)

"New Postage Technology May Be Coming Soon to Personal Computers," 233 Meter Stamp Society Quarterly Bulletin 5 (Fall 1996)

"Oscard Makes Phone Pay," Byte Magazine, p.82 (June 1996)

"Pitney Bowes Introduces PostPerfect, the Most Important Business Mailing System Yet," Business Wire (September 12, 1995)

"Postal Service Seeks Input on a New Form of Postage," 21926 Postal Bulletin 9 (August 15,1996)

"Radical New USPS Policy on Meters Taking Shape," 233 Meter Stamp Society Quarterly Bulletin (Fall 1996)

"Remote Meter Resetting," Managing Office Technology, p.32 (April 1995)

"Southwest on the Internet," Air Transport World, p.68 (July 1996)

"Ticketmaster Plans Big Future in Cyberspace," Phillips Media Group's Interactive Marketing News, p.1 (October 27, 1995)

"Verifone Payment Solutions Play Key Role in MasterCard's First Stored Value Pilot Program," PR Newswire (May I, 1996)

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Advertisement: "The IncentivesFunds Card from American Express

Advertisement: "The Mobil Go Card," Incentive Magazine (February 1996)

Andrew Kantor, "Digital Cash Goes Live," Internet World Magazine (January 1996)

Bennet Yee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-170 (July 1995)

Bill McAllister, "Postal Meter Change Could Affect Stamps Used by Businesses," 69 Linn's Stamp News 3538 (August 26, 1996)

Bill McAllister, "Their Meter Is Running ...; PCs and the Postal Service Challenge the Mailroom Reign of Pitney Bowes," TheWashingtonPost,p.H0l (August 11, 1996)

J.D. Tygar, "Designing Cryptographic Postage Indicia," Securicom (1996)

Joan M. Feldman, "Cyberspace Direct: Airlines Embrace Distribution Through the Internet and World Wide Web But Worry About a Wrong Choice," Air Transport World, p.89 (August 1996)

Judy Quinn, "Incentive Cards Explained," Incentive Magazine (December 1995)

Kate Maddox, "Travel, Web-Site Style: Travelocity Offers Ticket Sales, a Cyberstore and More," Communications Week, pp.IA.01 (May 13, 1996)

Kenneth Hein, "What's the Deal?" Incentive Magazine (July 1996)

Mary S. Malik, "Make the Most of Your Delivery Dollar," Managing Office Technology, p.15 (February 1995)

Mead Jennings, "Wired for a New Era," Airline Business, pp.22-23 (August 1996)

Penny Parker, "Gift Certificates Give Way to Gift Plastic," p.C-03 (November 21, 1996)

Randy Tucker, "Old Chicago Hopes Card Catches On," Omaha World Herald, p.36 (November 7,1996)

Robert Jennings, "Key Federal, Mobil Offer Stored-Value Gas Card," The

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

American Banker (July 18, 1995)

either individually or in combination, or further in combination with references cited on the face of the '214 patent, disclose each of the claims of the '214 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,233,568 ("the '568 patent"):***

To the extent the claims of the '568 patent can presently be understood and construed, the following references

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP 0780809 | PC-Based Open Metering System and Method | 12/19/1996 | 6/25/1997 |
| EP 0829824 | Electronic Data Interchange Postage Evidencing System | 12/6/1994 | 3/18/1998 |
| U.S. 2001/0020234 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 9/6/2001 |
| U.S. 5,243,174 | Method and Apparatus for Generating Gift Certificates | 3/5/1991 | 9/7/1993 |
| U.S. 5,699,415 | Method for Matching the Database Between an Electronic Postage Meter Machine and a Data Center | 6/21/1995 | 12/16/1997 |
| U.S. 5,774,870 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 12/14/1995 | 6/30/1998 |
| U.S. 5,781,634 | Electronic Data Interchange Postage Evidencing System | 9/12/1996 | 7/14/1998 |
| U.S. 5,844,220 | Apparatus and Method for | 8/23/1996 | 12/1/1998 |

-58-

|  |  | Electronic Debiting of Funds from a Postage Meter |  |  |
| --- | --- | --- | --- | --- |
| U.S. 5,845,260 | System and Method for Parent Controlled Charging for On-Line Services | 1/24/1996 | 12/1/1998 |
| U.S. 5,953,705 | Ticketless System and Processing Method and Memory Medium Storing Its Processing Program | 2/21/1997 | 9/14/1999 |
| U.S. 6,009,417 | Proof of Postage Digital Franking | 9/24/1997 | 12/28/1999 |
| U.S. 6,285,990 | Method for Reissuing Digital Tokens in an Open Metering System | 12/19/1995 | 9/4/2001 |
| U.S. 6,578,012 | Fully Integrated, On-Line Interactive Frequency and Award Redemption Program | 11/12/1999 | 6/10/2003 |
| U.S. 6,938,018 | Method and Apparatus for a Modular Postage Accounting System | 1/23/2001 | 8/30/2005 |
| U.S. 6,965,869 | Service Point Management System for Use in Sales Promotion Services | 5/29/1997 | 11/15/2005 |
| WO 92/15968 | Method and Apparatus for Generating Gift Certificates | 2/12/1992 | 9/17/1992 |
| WO 94/27258 | Telephonic System for Remotely Purchasing Tickets and Ordering Products | 5/12/1994 | 11/24/1994 |

| WO 98/13790 | Proof of Postage Digital Franking | 9/24/1007 | 4/2/1998 |

### PUBLICATIONS

"Ascom Hasler Creates Automatic 'Mini-Mailing System,'" 6 Mailer's Review I, 15 (January 1994)

"Incentive Awards: Maritz Launches Electronic Reward System," Incentive Magazine (February 1995)

"Movie Gold Card Developed for Smart Entertainment," Business Wire (October 9, 1996)

"New Postage Technology May Be Coming Soon to Personal Computers," 233 Meter Stamp Society Quarterly Bulletin 5 (Fall 1996)

"Oscard Makes Phone Pay," Byte Magazine, p.82 (June 1996)

"Pitney Bowes Introduces PostPerfect, the Most Important Business Mailing System Yet," Business Wire (September 12, 1995)

"Postal Service Seeks Input on a New Form of Postage," 21926 Postal Bulletin 9 (August 15, 1996)

"Radical New USPS Policy on Meters Taking Shape," 233 Meter Stamp Society Quarterly Bulletin (Fall 1996)

"Remote Meter Resetting," Managing Office Technology, p.32 (April 1995)

"Southwest on the Internet," Air Transport World, p.68 (July 1996)

"Ticketmaster Plans Big Future in Cyberspace," Phillips Media Group's Interactive Marketing News, p.1 (October 27, 1995)

"Verifone Payment Solutions Play Key Role in MasterCard's First Stored Value Pilot Program," PR Newswire (May 1, 1996)

Advertisement: "The IncentivesFunds Card from American Express

Advertisement: "The Mobil Go Card," Incentive Magazine (February 1996)

Andrew Kantor, "Digital Cash Goes Live," Internet World Magazine (January 1996)

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Bennet Yee, "Secure Coprocessors in Electronic Commerce Applications," Proceedings of the 1st USENIX Workshop on Electronic Commerce, pp.155-170 (July 1995)

Bill McAllister, "Postal Meter Change Could Affect Stamps Used by Businesses," 69 Linn's Stamp News 3538 (August 26, 1996)

Bill McAllister, "Their Meter Is Running ...; PCs and the Postal Service Challenge the Mailroom Reign of Pitney Bowes," The Washington Post, p.HOl (August 11, 1996)

J.D. Tygar, "Designing Cryptographic Postage Indicia," Securicom (1996)

Joan M. Feldman, "Cyberspace Direct: Airlines Embrace Distribution Through the Internet and World Wide Web But Worry About a Wrong Choice," Air Transport World, p.89 (August 1996)

Judy Quinn, "Incentive Cards Explained," Incentive Magazine (December 1995)

Kate Maddox, "Travel, Web-Site Style: Trave10city Offers Ticket Sales, a Cyberstore and More," Communications Week, pp.IA.01 (May 13, 1996)

Kenneth Hein, "What's the Deal?" Incentive Magazine (July 1996)

Mary S. Malik, "Make the Most of Your Delivery Dollar," Managing Office Technology, p.15 (February 1995)

Mead Jennings, "Wired for a New Era," Airline Business, pp.22-23 (August 1996)

Penny Parker, "Gift Certificates Give Way to Gift Plastic," p.C-03 (November 21, 1996)

Randy Tucker, "Old Chicago Hopes Card Catches On," Omaha World Herald, p.36 (November 7,1996)

Robert Jennings, "Key Federal, Mobil Offer Stored-Value Gas Card," The American Banker (July 18, 1995)

either individually or in combination, or further in combination with references cited on the face of the '568 patent, disclose each of the claims of the '568 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

**DEFENDANTS' FEBRUARY 26, 2008 RESPONSE TO INTERROGATORY NO.1:**

Defendants object to this interrogatory on all grounds set forth in their General Objections and incorporate those objections as if set forth in this response.

Defendants object to this interrogatory on the grounds that it is compound and contains multiple subparts. Specifically, for each patent-in-suit, of which there are 11, the 4 bases of invalidity thus multiply the number of interrogatories to at least 44 for each claim at issue. There are 629 claims at issue, and the 4 bases of invalidity thus multiply the number of interrogatories to at least 2516 for this one interrogatory.

Defendants object to this interrogatory to the extent it elicits information protected by the attorney-client privilege, work-product doctrine, the common interest, or joint defense privilege, or any other applicable privilege, immunity or other limitation on discovery, and Defendants hereby assert such privileges.

Defendants object to the request to "identify all" persons and documents as defined by Stamps.com as overly broad and unduly burdensome to the extent that it seeks to impose a burden or obligation on Defendants greater than that required by the Federal Rules of Civil Procedure and is not likely to lead to the discovery of admissible evidence.

Defendants object to this interrogatory because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory, some of which is in the possession, custody and control of Stamps.com.

Defendants also object to this interrogatory because Stamps.com has not yet provided infringement contentions that identify each element of the claim for which the corresponding element is alleged to exist in Defendants' accused services, nor has Stamps.com provided claim charts on an element-by-element basis that indicates the particular structures deemed to correspond to particular elements of the each of

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

the asserted claims. Accordingly, the structural elements attributable to Stamps.com's asserted claims remain in doubt.

Defendants also object to this interrogatory because it does not distinguish between any particular theories of invalidity and is therefore overbroad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Defendants supplement the response to Interrogatory No.1 as follows:

**U.S. Patent No. 5,510,992 ("the '992 patent"):**

To the extent the claims of the '992 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP0605122 | Postage Metering System with Indicia Selectable to Compensate for Detected Printer Defects | 12/7/1993 | 7/6/1994 |
| GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a | 12/28/1979 | 12/16/1986 |

-63-

| | | | |
|---|---|---|---|
| | Remotely Generated Input Device | | |
| 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| 4,837,701 | Mail Processing System with Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |
| 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| 5,008,827 | Central Postage Data | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,649,118 | Smart Card With Multiple Charge Accounts and Product Item Tables Designating the Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the Security of Postage Meter | 11/30/1994 | 9/23/1997 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | |
|---|---|---|---|
| | Machines | | |
| 5,754,655 | System for Remote Purchase Payment and Remote Bill Payment Transactions | 7/10/1997 | 5/19/1998 |
| 6,064,988 | Authorization Device | 5/21/1998 | 5/16/2000 |
| 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | *5/3/1994* |
| W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 5,796,841 | Secure User Certification for Electronic Commerce Employing Value Metering System | 8/21/1995 | 8/18/1998 |
| 5,917,925 | System for Dispensing, Verifying and Tracking Postage and Other Information on Mail pieces | 8/14/1997 | 6/29/1999 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

**PUBLICATIONS**

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (December 1993)

either individually or in combination, or further in combination with references cited on the face of the '992 patent, disclose each of the claims of the '992 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 5,682,318 ("the '318 patent"):***

To the extent the claims of the '318 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| EP0605122 | Postage Metering System with Indicia Selectable to Compensate for Detected Printer Defects | 12/7/1993 | 7/6/1994 |
| GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 12/28/1979 | 12/16/1986 |
| 4,760,534 | Mailing System With Postage | 2/25/1986 | 7/26/1988 |

-66-

| | | | |
|---|---|---|---|
| | Value Transfer and Accounting Capability | | |
| 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| 4,837,701 | Mail Processing System with Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |
| 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| 5,008,827 | Central Postage Data | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,649,118 | Smart Card With Multiple Charge Accounts and Product Item Tables Designating the Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the Security of Postage Meter Machines | 11/30/1994 | 9/23/1997 |
| 5,754,655 | System for Remote Purchase | 7/10/1997 | 5/19/1998 |

| | | | |
|---|---|---|---|
| | Payment and Remote Bill Payment Transactions | | |
| 6,064,988 | Authorization Device | 5/21/1998 | 5/16/2000 |
| 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |
| 5,510,992 | System and Method for Automatically Printing Postage on Mail | 1/3/1994 | 4/23/1996 |

**PUBLICATIONS**

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (December 1993)

either individually or in combination, or further in combination with references cited on the face of the '318 patent, disclose each of the claims of the '318 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 5,812,991 ("the '991 patent"):***

-68-

To the extent the claims of the '991 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 10/30/1979 | 11/17/1981 |
| 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |
| 4,837,701 | Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| 5,008,827 | Central Postage Data Communication Network | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal Matter and Device for Carrying Out the Method | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing System | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,384,886 | Process for Electronically Printing Envelopes | 4/1/1991 | 1/24/1995 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,510,992 | System and Method for Automatically Printing Postage on Mail | 1/3/1994 | 4/23/1996 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | |
|---|---|---|---|
| 5,649,118 | Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the Security of Postage Meter Machines | 5/27/1994 | 7/15/1997 |
| 5,731,980 | Electronic Postage Meter System Having Internal Accounting System and Removable External Accounting System | 8/23/1996 | 3/24/1998 |
| 5,754,655 | System for Remote Purchase Payment and Remote Bill Payment Transactions | 7/10/1997 | 5/19/1998 |
| 5,796,841 | Secure User Certification for Electronic Commerce Employing Value Metering System | 8/21/1995 | 8/18/1998 |
| 5,822,738 | Method and Apparatus for a Modular Postage Accounting System | 11/22/1995 | 10/13/1998 |
| 5,855,007 | Electronic Coupon Communication System | 11/15/1995 | 12/29/1998 |
| 5,870,718 | Computer-Printer Terminal for Producing Composite Greeting and Gift Certificate Cards | 2/26/1996 | 2/9/1999 |
| 5,917,925 | System for Dispensing, Verifying and Tracking Postage and Other Information on Mail pieces | 8/14/1997 | 6/29/1999 |
| 6,064,988 | Data Processing System Including | 5/21/1998 | 5/16/2000 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | Transaction Authorization Devic | | |
|---|---|---|---|---|
| | 6,336,099 | Method and System for Electronic Distribution of Product Redemption Coupons | 4/24/1998 | 1/1/2002 |
| | 2001/0013025 | Secure On-Line PC Postage Metering System | 6/10/1997 | 8/9/2001 |
| | EP1467320 | Postage Meter Device for Communications with Postage Meters | 11/23/1995 | 10/13/2004 |
| | GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| | W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |

## PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R. §§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

either individually or in combination, or further in combination with references cited on the face of the '991 patent, disclose each of the claims of the '991 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 5,819,240 ("the '240 patent"):***

 To the extent the claims of the '240 patent can presently be understood and construed, the following additional references:

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 10/30/1979 | 11/17/1981 |
| 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |
| 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| 4,837,701 | Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |

| | | | |
|---|---|---|---|
| 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| 5,008,827 | Central Postage Data Communication Network | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal Matter and Device for Carrying Out the Method | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing System | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,384,886 | Process for Electronically Printing Envelopes | 4/1/1991 | 1/24/1995 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,510,992 | System and Method for Automatically Printing Postage on Mail | 1/3/1994 | 4/23/1996 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| | | | |
|---|---|---|---|
| 5,649,118 | Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the Security of Postage Meter Machines | 5/27/1994 | 7/15/1997 |
| 5,754,655 | System for Remote Purchase Payment and Remote Bill Payment Transactions | 7/10/1997 | 5/19/1998 |
| 5,796,841 | Secure User Certification for Electronic Commerce Employing Value Metering System | 8/21/1995 | 8/18/1998 |
| 5,917,925 | System for Dispensing, Verifying and Tracking Postage and Other Information on Mail pieces | 8/14/1997 | 6/29/1999 |
| 6,064,988 | Data Processing System Including Transaction Authorization Device | 5/21/1998 | 5/16/2000 |
| 6,336,099 | Method and System for Electronic Distribution of Product Redemption Coupons | 4/24/1998 | 1/1/2002 |
| 2001/0013025 | Secure On-Line PC Postage Metering System | 6/10/1997 | 8/9/2001 |
| 2006/0173796 | System and Method for Multiple Printing Postage Indicia | 12/30/2005 | 8/3/2006 |
| EP0605122 | Postage Metering System with Indicia Selectable to Compensate | 12/7/1993 | 7/6/1994 |

-75-

| | | | |
|---|---|---|---|
| | for Detected Printer Defects | | |
| GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |

### PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R. §§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

either individually or in combination, or further in combination with references cited on the face of the '240 patent, disclose each of the claims of the '240 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

*U.S. Patent No. 6,249,777 ("the '777 patent"):*

To the extent the claims of the '777 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage | 4/16/1975 | 6/27/1978 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | | Meter | | |
| | 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| | 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 10/30/1979 | 11/17/1981 |
| | 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| | 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |
| | 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| | 4,837,701 | Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| | 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| | 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |
| | 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| | 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| | 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| | 5,008,827 | Central Postage Data Communication Network | 12/16/1988 | 4/16/1991 |

-77-

| | | | | |
|---|---|---|---|---|
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal Matter and Device for Carrying Out the Method | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing System | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,384,886 | Process for Electronically Printing Envelopes | 4/1/1991 | 1/24/1995 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,510,992 | System and Method for Automatically Printing Postage on Mail | 1/3/1994 | 4/23/1996 |
| 5,649,118 | Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the Security of Postage Meter Machines | 5/27/1994 | 7/15/1997 |
| 5,731,980 | Electronic Postage Meter System Having Internal Accounting System and Removable External Accounting System | 8/23/1996 | 3/24/1998 |
| 5,754,655 | System for Remote Purchase | 7/10/1997 | 5/19/1998 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Payment and Remote Bill Payment Transactions |  |  |
| 5,796,841 | Secure User Certification for Electronic Commerce Employing Value Metering System | 8/21/1995 | 8/18/1998 |
| 5,822,738 | Method and Apparatus for a Modular Postage Accounting System | 11/22/1995 | 10/13/1998 |
| 5,855,007 | Electronic Coupon Communication System | 11/15/1995 | 12/29/1998 |
| 5,870,718 | Computer-Printer Terminal for Producing Composite Greeting and Gift Certificate Cards | 2/26/1996 | 2/9/1999 |
| 5,917,925 | System for Dispensing, Verifying and Tracking Postage and Other Information on Mail pieces | 8/14/1997 | 6/29/1999 |
| 6,064,988 | Data Processing System Including Transaction Authorization Device | 5/21/1998 | 5/16/2000 |
| 6,336,099 | Method and System for Electronic Distribution of Product Redemption Coupons | 4/24/1998 | 1/1/2002 |
| 2001/0013025 | Secure On-Line PC Postage Metering System | 6/10/1997 | 8/9/2001 |
| 2006/0173796 | System and Method for Printing Multiple Postage Indicia | 12/30/2005 | 8/3/2006 |
| EP0605122 | Postage Metering System with Indicia Selectable to Compensate | 12/7/1993 | 7/6/1994 |

-79-

| | | | |
|---|---|---|---|
| | for Detected Printer Defects | | |
| EP1467320 | Postage Meter Device for Communications with Postage Meters | 11/23/1995 | 10/13/2004 |
| GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |

## PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R. §§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

either individually or in combination, or further in combination with references cited on the face of the 777 patent, disclose each of the claims of the '777 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,889,214 ("the '214 patent"):***

To the extent the claims of the '214 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |

-80-

| | | | |
|---|---|---|---|
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 10/30/1979 | 11/17/1981 |
| 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |
| 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| 4,837,701 | Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |
| 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 4,980,542 | Postal Charge Accounting | 11/15/1989 | 12/25/1990 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| | | | |
|---|---|---|---|
| | System | | |
| 5,008,827 | Central Postage Data Communication Network | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal Matter and Device for Carrying Out the Method | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing System | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,384,886 | Process for Electronically Printing Envelopes | 4/1/1991 | 1/24/1995 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,510,992 | System and Method for Automatically Printing Postage on Mail | 1/3/1994 | 4/23/1996 |
| 5,649,118 | Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the Security of Postage Meter Machines | 5/27/1994 | 7/15/1997 |
| 5,731,980 | Electronic Postage Meter System Having Internal Accounting | 8/23/1996 | 3/24/1998 |

| | | | |
|---|---|---|---|
| | System and Removable External Accounting System | | |
| 5,754,655 | System for Remote Purchase Payment and Remote Bill Payment Transactions | 7/10/1997 | 5/19/1998 |
| 5,796,841 | Secure User Certification for Electronic Commerce Employing Value Metering System | 8/21/1995 | 8/18/1998 |
| 5,822,738 | Method and Apparatus for a Modular Postage Accounting System | 11/22/1995 | 10/13/1998 |
| 5,855,007 | Electronic Coupon Communication System | 11/15/1995 | 12/29/1998 |
| 5,870,718 | Computer-Printer Terminal for Producing Composite Greeting and Gift Certificate Cards | 2/26/1996 | 2/9/1999 |
| 5,917,925 | System for Dispensing, Verifying and Tracking Postage and Other Information on Mail pieces | 8/14/1997 | 6/29/1999 |
| 6,064,988 | Data Processing System Including Transaction Authoization Device | 5/21/1998 | 5/16/2000 |
| 6,336,099 | Method and System for Electronic Distribution of Product Redemption Coupons | 4/24/1998 | 1/1/2002 |
| 2001/0013025 | Secure On-Line PC Postage Metering System | 6/10/1997 | 8/9/2001 |
| 2006/0173796 | System and Method for Printing | 12/30/2005 | 8/3/2006 |

|  | | | |
|---|---|---|---|
|  | Multiple Postage Indicia | | |
| EP0605122 | Postage Metering System with | 12/7/1993 | 7/6/1994 |
|  | Indicia Selectable to Compensate | | |
|  | for Detected Printer Defects | | |
| EP1467320 | Postage Meter Device for | 11/23/1995 | 10/13/2004 |
|  | Communications with Postage | | |
|  | Meters | | |
| GB1566342 | Method and Apparatus for Printing | 6/5/1977 | 4/30/1980 |
|  | Postage Amounts on | | |
|  | Letters and Like Documents | | |
| WO 99/066422 | Technique for Securing a System | 6/15/1999 | 12/23/1999 |
|  | Configuration of Postage | | |
|  | Franking System | | |
| W095/011495 | Postage Imprinting Apparatus | 10/11/1994 | 4/27/1995 |
|  | and Method for Use with a | | |
|  | Computer Printer | | |

## PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R.
§§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

either individually or in combination, or further in combination with references cited
on the face of the 214 patent, disclose each of the claims of the '214 patent, and thus
each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,233,568 ("the '568 patent"):***

To the extent the claims of the '568 patent can presently be understood and
construed, the following additional references:

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 10/30/1979 | 11/17/1981 |
| 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |
| 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| 4,837,701 | Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |
| 4,907,162 | Security System for Use with an | 7/16/1987 | 3/6/1990 |

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

|  |  |  |  |
|---|---|---|---|
|  | Indicia Printing Authorization Device |  |  |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| 5,008,827 | Central Postage Data Communication Network | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal Matter and Device for Carrying Out the Method | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing System | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,384,886 | Process for Electronically Printing Envelopes | 4/1/1991 | 1/24/1995 |
| 5,454,038 | Electronic Data Interchange Postage Evidencing System | 12/6/1993 | 9/26/1995 |
| 5,510,992 | System and Method for Automatically Printing Postage on Mail | 1/3/1994 | 4/23/1996 |
| 5,649,118 | Account to Debit | 5/27/1994 | 7/15/1997 |
| 5,671,146 | Method for Improving the | 5/27/1994 | 7/15/1997 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | Security of Postage Meter Machines | | |
|---|---|---|---|---|
| | 5,731,980 | Electronic Postage Meter System Having Internal Accounting System and Removable External Accounting System | 8/23/1996 | 3/24/1998 |
| | 5,754,655 | System for Remote Purchase mote Bill Payment Transactions | 7/10/1997 | 5/19/1998 |
| | 5,796,841 | Secure User Certification for Electronic Commerce Employing Value Metering System | 8/21/1995 | 8/18/1998 |
| | 5,822,738 | Method and Apparatus for a Modular Postage Accounting System | 11/22/1995 | 10/13/1998 |
| | 5,855,007 | Electronic Coupon Communication System | 11/15/1995 | 12/29/1998 |
| | 5,870,718 | Computer-Printer Terminal for Producing Composite Greeting and Gift Certificate Cards | 2/26/1996 | 2/9/1999 |
| | 5,917,925 | System for Dispensing, Verifying and Tracking Postage and Other Information on Mail pieces | 8/14/1997 | 6/29/1999 |
| | 6,064,988 | Data Processing System Including Transaction Authoization Device | 5/21/1998 | 5/16/2000 |
| | 6,336,099 | Method and System for Electronic | 4/24/1998 | 1/1/2002 |

| | | | |
|---|---|---|---|
| | Distribution of Product Redemption Coupons | | |
| 2001/0013025 | Secure On-Line PC Postage Metering System | 6/10/1997 | 8/9/2001 |
| 2006/0173796 | System and Method for Printing Indicia | 12/30/2005 | 8/3/2006 |
| EP0605122 | Postage Metering System with Indicia Selectable to Compensate for Detected Printer Defects | 12/7/1993 | 7/6/1994 |
| EP1467320 | Postage Meter Device for Communications with Postage Meters | 11/23/1995 | 10/13/2004 |
| GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| WO 99/066422 | Technique for Securing a System of Postage Franking System | 6/15/1999 | 12/23/1999 |
| W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |

## PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R. §§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

either individually or in combination, or further in combination with references cited on the face of the 568 patent, disclose each of the claims of the '568 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 5,717,597 ("the '597 patent"):***

To the extent the claims of the '597 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 3,792,446 | Remote Postage Meter Resetting Method | 12/4/1972 | 2/12/1974 |
| 3,978,457 | Microcomputerized Electronic Postage Meter System | 12/23/1974 | 8/31/1976 |
| 4,097,923 | Remote Postage Meter Charging System Using an Advanced Microcomputerized Postage Meter | 4/16/1975 | 6/27/1978 |
| 4,301,507 | Electronic Postage Meter Having Plural Computing Systems | 10/30/1979 | 11/17/1981 |
| 4,629,871 | Electronic Postage Meter System Settable By Means of a Remotely Generated Input Device | 10/30/1979 | 11/17/1981 |
| 4,760,534 | Mailing System With Postage Value Transfer and Accounting Capability | 2/25/1986 | 7/26/1988 |
| 4,780,835 | System for Detecting Tampering with a Postage Value Accounting Unit | 6/23/1986 | 10/25/1988 |

-89-

| | | | |
|---|---|---|---|
| 4,809,185 | Secure Metering Device Storage Vault For a Value Printing System | 9/2/1986 | 2/26/1989 |
| 4,837,701 | Multiple Work Stations | 9/5/1986 | 6/6/1989 |
| 4,862,386 | Apparatus for Preparing a Letter | 3/13/1987 | 8/29/1989 |
| 4,907,161 | Batch Mailing System | 12/10/1986 | 3/6/1990 |
| 4,907,162 | Security System for Use with an Indicia Printing Authorization Device | 7/16/1987 | 3/6/1990 |
| 4,933,849 | System for Indicating the Balance of Stored Value | 7/16/1987 | 6/12/1990 |
| 4,980,542 | Postal Charge Accounting System | 11/15/1989 | 12/25/1990 |
| 5,008,827 | Central Postage Data Communication Network | 12/16/1988 | 4/16/1991 |
| 5,202,834 | Mail Item Processing System | 5/29/1990 | 4/13/1993 |
| 5,233,657 | Method for Franking Postal Matter and Device for Carrying Out the Method | 10/25/1991 | 8/3/1993 |
| 5,239,480 | Automatic Ticket Dispensing System | 2/12/1991 | 8/24/1993 |
| 5,283,752 | Method of Preparing an Item to Be Mailed and System for Carrying Out That Method | 4/8/1993 | 2/1/1994 |
| 5,309,363 | Remotely Rechargeable Postage Meter | 3/5/1992 | 5/3/1994 |
| 5,323,323 | Franking Machine System | 11/22/1993 | 6/21/1994 |
| 5,384,886 | Process for Electronically | 4/1/1991 | 1/24/1995 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

| | | | | |
|---|---|---|---|---|
| | | Printing Envelopes | | |
| | 5,454,038 | Electronic Data Interchange | 12/6/1993 | 9/26/1995 |
| | | Postage Evidencing System | | |
| | 5,510,992 | System and Method for | 1/3/1994 | 4/23/1996 |
| | | Automatically Printing Postage | | |
| | | on Mail | | |
| | 5,649,118 | Account to Debit | 5/27/1994 | 7/15/1997 |
| | 5,671,146 | Method for Improving the | 5/27/1994 | 7/15/1997 |
| | | Security of Postage Meter | | |
| | 5,754,655 | System for Remote Purchase | 7/10/1997 | 5/19/1998 |
| | | Payment and Remote Bill | | |
| | | Payment Transactions | | |
| | 5,796,841 | Secure User Certification for | 8/21/1995 | 8/18/1998 |
| | | Electronic Commerce | | |
| | | Employing Value Metering | | |
| | | System | | |
| | 5,917,925 | System for Dispensing, Verifying | 8/14/1997 | 6/29/1999 |
| | | and Tracking Postage and Other | | |
| | | Information on Mail pieces | | |
| | 6,064,988 | Data Processing System Including | 5/21/1998 | 5/16/2000 |
| | | Transaction Authorization Device | | |
| | 6,336,099 | Method and System for Electronic | 4/24/1998 | 1/1/2002 |
| | | Distribution of Product Redemption | | |
| | | Coupons | | |
| | 2001/0013025 | Secure On-Line PC Postage Metering | 6/10/1997 | 8/9/2001 |
| | | System | | |
| | 2006/0173796 | System and Method for Printing | | |
| | | Multiple Postage Indicia | 12/30/2005 | 8/3/2006 |

-91-

| | | | |
|---|---|---|---|
| EP0605122 | Postage Metering System with Indicia Selectable to Compensate for Detected Printer Defects | 12/7/1993 | 7/6/1994 |
| GB1566342 | Method and Apparatus for Printing Postage Amounts on Letters and Like Documents | 6/5/1977 | 4/30/1980 |
| W095/011495 | Postage Imprinting Apparatus and Method for Use with a Computer Printer | 10/11/1994 | 4/27/1995 |

## PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R. §§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

either individually or in combination, or further in combination with references cited on the face of the 597 patent, disclose each of the claims of the '597 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 5,208980 ("the '980 patent"):***

To the extent the claims of the '980 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 4,852,013 | Stationery Item Processing Apparatus | 3/13/1987 | 7/25/1989 |
| 5,190,210 | Continuous Mailing Forms and Mailing Preparation System | 9/19/1989 | 3/2/1993 |
| 5,752,647 | Envelope Intermediate with | 10/22/1996 | 5/19/1998 |

-92-

|  |  |  |  |
|---|---|---|---|
|  | Integral Mail-Back Piece |  |  |
| 6,076,076 | Prepaid Print Card System and Method | 5/12/1997 | 6/13/2000 |
| EP0381300 | Image Processing System | 11/14/1985 | 8/8/1990 |

### PUBLICATIONS

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R. §§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30,1995)

either individually or in combination, or further in combination with references cited on the face of the 980 patent, disclose each of the claims of the '980 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

*U.S. Patent No. 6,965,451 ("the '451 patent"):*

To the extent the claims of the '451 patent can presently be understood and construed, the following additional references:

| PAT/PUB NUMBER | TITLE | FILING DATE | ISSUE/PUBL. DATE |
|---|---|---|---|
| 6,053,645 | Method for Automatic Margin Correction According to Paper Feeding Mode in Image Formation Apparatus | 12/23/1997 | 4/25/2000 |
| 6,076,076 | Prepaid Print Card System and Method | 5/12/1997 | 6/13/2000 |
| 6,234,694 | Media Control to Eliminate Printing Images Beyond the Media Boundaries | 8/29/1998 | 5/22/2001 |

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

EP0381300  Image Processing System                    11/14/1985          8/8/1990

**PUBLICATIONS**

Windows 100: DAZzle Plus, Windows Magazine, p. 226 (Feb. 1994)

Caroline E. Pinola, Bar Code Directory, 11 Data Based Advisor 79 (Dec. 1993)

"Manufacture, Distribution, and Use of Postage Meters; Final Rule," 39 C.F.R.

§§ III & 501 (June 9, 1995)

P030.1.5 "Postage Meters and Meter Stamps," DMM Issue 49 (June 30, 1995)

either individually or in combination, or further in combination with references cited

on the face of the 451 patent, disclose each of the claims of the '451 patent, and thus

each claim is anticipated or rendered obvious by the references cited herein.

**<u>DEFENDANTS' FEBRUARY 29, 2008 RESPONSE TO INTERROGATORY
NO.1:</u>**

Defendants object to this interrogatory on all grounds set forth in their General

Objections and incorporate those objections as if set forth in this response.

Defendants object to this interrogatory on the grounds that it is compound and

contains multiple subparts. Specifically, for each patent-in-suit, of which there are

11, the 4 bases of invalidity thus multiply the number of interrogatories to at least 44

for each claim at issue. There are 629 claims at issue, and the 4 bases of invalidity

thus multiply the number of interrogatories to at least 2516 for this one

interrogatory.

Defendants object to this interrogatory to the extent it elicits information

protected by the attorney-client privilege, work-product doctrine, the common

interest, or joint defense privilege, or any other applicable privilege, immunity or

other limitation on discovery, and Defendants hereby assert such privileges.

Defendants object to the request to "identify all" persons and documents as

defined by Stamps.com as overly broad and unduly burdensome to the extent that it

seeks to impose a burden or obligation on Defendants greater than that required by

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

the Federal Rules of Civil Procedure and is not likely to lead to the discovery of admissible evidence.

Defendants object to this interrogatory because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory, some of which is in the possession, custody and control of Stamps.com.

Defendants also object to this interrogatory because Stamps.com has not yet provided infringement contentions that identify each element of the claim for which the corresponding element is alleged to exist in Defendants' accused services, nor has Stamps.com provided claim charts on an element-by-element basis that indicates the particular structures deemed to correspond to particular elements of the each of the asserted claims. Accordingly, the structural elements attributable to Stamps.com's asserted claims remain in doubt.

Defendants also object to this interrogatory because it does not distinguish between any particular theories of invalidity and is therefore overbroad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Defendants supplement the response to Interrogatory No.1 as follows:

***U.S. Patent No. 5,812,991 ("the '991 patent"):***

To the extent the claims of the '991 patent can presently be understood and construed, the following additional references:

## PUBLICATIONS

Security Requirements for Cryptographic Modules, NIST FIPS Pub 140-1 (January 11, 1994)

Bennet Yee, "Using Secure Coprocessors," PhD Thesis, CMU-CS-94-149(May 1994)

Secure Hash Standard, NIST FIPS Pub 180-1 (April 17, 1995)

Ascom Brochure, "Now You Can Run Your Mail and Shipping Smarter!" Form

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

50393 (April 1996)

United States Postal Service, "IBIP: Postal Security Device Specification"  (June 13,
1996)

either individually or in combination, or further in combination with references cited
on the face of the '991 patent, disclose each of the claims of the '991 patent, and
thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,233,568 ("the '568 patent"):***

To the extent the claims of the '568 patent can presently be understood and
construe, the following additional references:

## PUBLICATIONS

Security Requirements for Cryptographic Modules, NIST FIPS Pub 140-1 (January
11, 1994)

Bennet Yee, "Using Secure Coprocessors," PhD Thesis, CMU-CS-94-149
(May 1994)

Secure Hash Standard, NIST FIPS Pub 180-1 (April 17, 1995)

Ascom Brochure, "Now You Can Run Your Mail and Shipping Smarter!" Form
50393 (April 1996)

United States Postal Service, "IBIP: Postal Security Device Specification" (June 13,
1996)

United States Postal Service, "IBIP: Host System Specification" (October 9, 1996)

United States Postal Service, "IBIP: Key Management Plan" (April 25, 1997)

United States Postal Service, "Summary of HOAA's IBIP Survey" (May 5, 1997)

United States Postal Service, "IBIP: Open System Indicium Specification" (July 23,
1997)

United States Postal Service, "IBIP: Host System Specification" (September 2,
1997)

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

either individually or in combination, or further in combination with references cited on the face of the '568 patent, disclose each of the claims of the '568 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6.249.777 ("the '777 patent"):***

To the extent the claims of the '777 patent can presently be understood and construed, the following additional references:

### PUBLICATIONS

Security Requirements for Cryptographic Modules, NIST FIPS Pub 140-1 (January 11, 1994)

Bennet Yee, "Using Secure Coprocessors," PhD Thesis, CMU-CS-94-149 (May 1994)

Secure Hash Standard, NIST FIPS Pub 180-1 (April 17, 1995)

Ascom Brochure, "Now You Can Run Your Mail and Shipping Smarter!" Form 50393 (April 1996)

United States Postal Service, "IBIP: Postal Security Device Specification" (June 13, 1996)

United States Postal Service, "IBIP: Host System Specification" (October 9, 1996)

United States Postal Service, "IBIP: Key Management Plan" (April 25, 1997)

United States Postal Service, "Summary of HOAA's IBIP Survey" (May 5, 1997)

United States Postal Service, "IBIP: Open System Indicium Specification" (July 23, 1997)

United States Postal Service, "IBIP: Host System Specification" (September 2, 22 1997)

either individually or in combination, or further in combination with references cited on the face of the '777 patent, disclose each of the claims of the '777 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

***U.S. Patent No. 6,889,214 ("the '214 patent"):***

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

1         To the extent the claims of the '214 patent can presently be understood and

2    construe, the following additional references:

3

4    Ascom Brochure, "Now You Can Run Your Mail and Shipping Smarter!" Form

5    50393 (April 1996)

6    United States Postal Service, "IBIP: Postal Security Device Specification"

7    (June 13, 1996)

8    United States Postal Service, "IBIP: Host System Specification" (October 9, 1996)

9    United States Postal Service, "IBIP: Key Management Plan" (April 25, 1997)

10   United States Postal Service, "Summary of HOAA's IBIP Survey" (May 5, 1997)

11   United States Postal Service, "IBIP: Open System Indicium Specification" (July 23,

12   1997)

13   United States Postal Service, "IBIP: Host System Specification" (September 2,

14   1997)

15   United States Postal Service, "IBIP: Performance Criteria for IBI and Security

16   Architecture for Closed IBI Postage Metering Systems" (January 12, 1999)

17   United States Postal Service, "IBIP: Performance Criteria for IBI and Security

18   Architecture for Open IBI Postage Evidencing Systems" (June 25, 1999)

19   United States Postal Service, "Performance Criteria and Security Architecture for

20   Open IBI Postage Evidencing System," USPS-I-3195 (February 23, 2000)

21   United States Postal Service, "Postage Evidencing Product Submission Procedures;

22   Notice of Proposed Procedure" (March 27, 2000)

23   United States Postal Service, "Postage Evidencing Product Submission Procedures;

24   Notice of Proposed Procedure" (April 14, 2000)

25   United States Postal Service, "Postage Technology Management PC Postage

26   thus each claim is anticipated or rendered obvious by the references cited herein.

27   Market Profile" (July 2000)

28   United States Postal Service, "Performance Criteria for IBIP Systems Employing

Centralized Postal Security Devices" (August 17, 2000)

either individually or in combination, or further in combination with references cited herein.

***U.S. Patent No. 5,819,240 ("the '240 patent''):***

      To the extent the claims of the '240 patent can presently be understood and construed, the following additional references:

**PUBLICATIONS**

Security Requirements for Cryptographic Modules, NIST FIPS Pub 140-1 (January 11, 1994)

Bennet Yee, "Using Secure Coprocessors," PhD Thesis, CMU-CS-94-149 (May 1994)

Secure Hash Standard, NIST FIPS Pub 180-1 (April 17, 1995)

either individually or in combination, or further in combination with references cited on the face of the '240 patent, disclose each of the claims of the '240 patent, and thus each claim is anticipated or rendered obvious by the references cited herein.

## INTERROGATORY NO. 3:

      For each of the ACCUSED PRODUCTS with respect to which YOU deny STAMPS.COM's allegations of infringement or seeks a declaration of non-infringement, identify such product by name and description, and provide a claim chart showing with specificity, on a claim by claim basis, why the product does not infringe each of the PATENTS IN SUIT.

## DEFENDANTS' APRIL 11, 2008 RESPONSE TO INTERROGATORY NO.3:

      Defendants object to this interrogatory on all grounds set forth in their General Objections and incorporates those objection as if set forth in full herein. Defendants object to this interrogatory on the grounds that it is compound and contains multiple subparts, thus multiplying the number of interrogatories beyond one for this interrogatory.

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

Defendants object to this interrogatory to the extent it elicits information protected by the attorney/client privilege, work-product doctrine, the common interest and/or joint defense privilege, and/or any other applicable privilege, immunity or other limitation on discovery, and Defendants hereby assert such privileges.

Defendants object to this interrogatory because the term "specificity" renders the request vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

Defendants object to this interrogatory because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory~ some of which is in the possession, custody and control of Stamps.com.

Defendants also object to this interrogatory because Stamps.com has not yet provided infringement contentions that identify each element of the claim tor which the corresponding element is alleged to exist in Defendants! accused services~ nor has Stamps.com provided claim charts on an element-by-element basis that indicate the particular structures deemed to correspond to particular elements of the claims. Accordingly, the structural elements attributable to Stamps.com's asserted claims remain in doubt.

Defendants object to this interrogatory to the extent it presumes that the claims of the patents in suit, and all of the limitations and terms contained therein, are sufficiently definite to be understood by a person of ordinary skill in the art, or that they satisfy the enablement, written description, and/or best mode requirements set forth in 35 U.S.C. § 112. By providing the responses below, Defendants do not concede that the claims (or their terms) satisfy the requirements of 35 U.S.C. § 112. Defendants also object to this interrogatory because it does not distinguish between any particular theories of infringement and is therefore overbroad, unduly, burdensome, and 110t reasonably calculated to lead to admissible evidence. Subject

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

to and without waiver of the foregoing general and specific objections, Defendants respond to Interrogatory No.3 as follows:

***U.S. Patent No. 5,510,992 ("the '992 patent"):***

To the extent the claims of the '992 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least "a TMU button removably coupled" as requited by independent claims 1 and 5 and their dependent claims, "a universal storage means" as required by independent claim 9 and its dependent claims; "a temporary holder" as required by independent claim 19 and its dependent claims, "a universal data storage means" or a "means for removably coupling said data storage means" as required by independent claim 29 and its dependent claims.

***U.S. Patent No. 5,682,318 ("the '318 patent"):***

To the extent the claims of the '318 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "general purpose storage means being directly accessible by said general purpose computer" as required by independent claim 1 its dependent claims, a storage means providing direct data access to said general purpose computer as required by independent claim 11 and its dependent claims, a "storage means being directly accessible by said general purpose computer" as required by independent claim 21and its dependent claims, a "general purpose storage means providing direct data access to said general purpose computer system" as required by independent claim 29 and its dependent claims.

***U.S. Patent No. 5,717,597 ("the '597 patent"):***

To the extent the claims of the '597 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a " means for temporarily coupling said integrated programs to a postage storage device" as required by independent claim 1 and its dependent claims, a " means controlled in part by a system user for selecting a particular postage indicia from a

-101-

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

plurality of postage indicia" as required by independent claim 11 and its dependent claims, a "means controlled in part by a system user for generating selected customized greeting cards It as required by independent claim 20 and its dependent claims, a " generating a customized greeting card controlled in part by a system User It has required by independent claim 28 and its dependent claims, "temporarily coupling said integrated programs to a postage storage device" as required by independent claim 34 and its dependent claims.

**U.S. Patent No. 5,812,991 ("the '991 patent"):**

To the extent the claims of the '991 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "portable processor" as required by independent claims 1, 2S and 52, and their dependent claims, a "portable memory device" as required by independent claim 40 and its dependent c1aims, a "refreshable memory device" required by independent claim 45 and its dependent claims, a "portable processor device " as required by independent claim 74 and its dependent claims) a "portable processor device" as required by independent claims 74) 77,80 and 86 and their dependent claims.

**U.S. Patent No. 5,819,240 ("the '240 patent"):**

To the extent the claims of the '240 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "means for temporarily coupling said system to a postage storage device" as required by independent claim 1 and its dependent claims. "a portable memory" as required by independent claims 18, 28, 35, 40, 43 and 47 and their dependent claims, "a postage credit memory device" as required by independent claim 37 and its dependent claims, "means for communicating between said system and a postage storage memory" as required by independent claim 68 and its dependent claims, a general purpose processor-based system having a postage memory device temporarily associated therewith" as required by independent claim 51 and its dependent claims.

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

*U.S. Patent No. 6,208,980 ("the '980 patent"):*

To the extent the claims of the '980 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "means for establishing a transfer section on said first document  or a "means for printing a second postage indicia corresponding to said second document" as required by independent claim I and its dependent claims, "printing substantially simultaneously said first document and a first postage indicia pertaining to said first document and a second postage indicia pertaining to said second document" as required by independent claim 14 and its dependent claims, "means for printing said first postage indicia and said second postage indicia on a single substantially continuous surface" as required by independent claim 26 and its dependent claims, "means for printing said outbound postage indicia and said return postage indicia substantially concurrently" as required by independent claim 34 and its dependent claims, a "means for generating said return postage indicia having said correct postage for mailing said return document" or a "means for printing said outbound postage indicia and said return postage indicia substantially concurrently" as required by independent claim 43 and its dependent claims.

*U.S. Patent No. 6,233,568 ("the '568 patent"):*

To the extent the claims of the '568 patent can presently be understood and construed, the accused services Or systems utilized therewith do not include at least "determining a value of said transaction associated with two or more of said plurality of providers utilizing ones of said transaction parameters" or "presenting each of said determined values for comparison" as required by independent claim 1 and its dependent claims, a "means for determining a value of said transaction associated with two or more of said plurality of providers utilizing ones of said transaction parameters "or " means for presenting each of said determined values for comparison" as required by independent claim 21 and its dependent claims, "a

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

memory for storing transaction information, wherein the memory is contained within the secure confines of a portable package" as required by independent claim 38 and its dependent claims, a "second processor device includes circuitry coupled to said user interface adapted to determine a shipping rate associated with ones of said shipping service providers as a function of said input associated with said shipment of said item and to present said determine shipping rates to said user for selection of said particular shipping service provider as required by independent claim 42 and its dependent claims.

**U.S. Patent No. 6,249,777 ("the '777 patent"):**

To the extent the claims of the *'777* patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "means for storing a plurality of independent value credits It as required by independent claim 1 and its dependent claims, a "means for storing information to be utilized with said predetermined amount of postage selectable from shorthand information provided in said demand" as required by independent claim 19 and its dependent claims, a" storing information to be utilized with said predetermined amount of postage selectable from shorthand information provided in said demand" as required by independent claim 43 and its dependent claims, a "means for storing said plurality of information records, wherein at least a portion of said stored plurality of information is to be utilized with said predetermine amount of value, and wherein said portion of said plurality of information records is selectable from said summary indication provided in said demand" as required by independent claim 55 and its dependent claims.

**U.S. Patent No. 6,889,214 ("the '214 patent"):**

To the extent the claims of the '214 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "portable memory device" and required by independent claim 1 and its dependent claims.

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

*U.S. Patent No. 6,965,451 ("the '451 patent"):*

To the extent the claims of the '451 patent can presently be understood and construed, the accused services or systems utilized therewith do not include at least a "performing a printer configuration test to determine the set up data for the user's printer as a function of said query" as required by independent claim 7 and its dependent claims, a "means for performing a printer configuration test to determine said set up data as a function of said query" as requited by independent claim 16 and its dependent claims.

Defendants' investigation regarding their allegation of non-infringement is ongoing. Defendants will supplement their response to this Interrogatory in due course.

**INTERROGATORY NO. 5:**

Identify by date, author, subject matter and conclusion all studies, analyses, evaluations, and opinions, whether written or oral, concerning the validity or enforceability of the PATENTS IN SUIT or whether any of the ACCUSED PRODUCTS infringe or infringed upon any of the PATENTS IN SUIT, including but not limited to any written opinion(s) of counsel, and identify all PERSONS with knowledge of any research in order of greatest involvement to least involvement.

**DEFENDANTS' APRIL 11, 2008 RESPONSE TO INTERROGATORY NO.5:**

Defendants object to this interrogatory on all grounds set forth in their General Objections and incorporates those objection as if set forth in full herein. Defendants object to this interrogatory on the grounds that it is compound and contains multiple subparts, thus multiplying the number of interrogatories beyond one for this interrogatory.

Defendants object to this interrogatory to the extent it elicits information protected by the attorney/client privilege, work-product doctrine, the common interest and/or joint defense privilege, and/or any other applicable privilege,

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

immunity or other limitation on discovery, and Defendants hereby assert such privileges.

Defendants object to the request to "identity" persons as defined by Stamps.com as overly broad and unduly burdensome to the extent that it seeks to impose a burden or obligation on Defendants greater than that required by the Federal Rules of Civil Procedure and not likely to lead to the discovery of admissible evidence.

Defendants object to this interrogatory because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory, some of which is in the possession, custody and control of Stmups.com.

Defendants also object to this interrogatory because Stamps.com has not yet provided infringement contentions that identify each element of the claim for which the corresponding element is alleged to exist in Defendants' accused services, nor has Stamps.com provided claim charts on an element-by-element basis that indicate the particular structures deemed to correspond to particular elements of the claims. Accordingly, the structural elements attributable to Stamps.com's asserted claims remain in doubt.

Defendants object to this request as premature because reliance on any "studies," "analyses," "evaluations," or "opinions" has not been established. Defendants object to this interrogatory because the terms "studies," "analyses," "evaluations," "opinions," "research," "greatest, and "least" render the request vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, Defendants respond to Interrogatory No.5 as follows:

Defendants' investigation regarding materials relevant to this litigation is ongoing. Defendants will supplement their response to this Interrogatory in due

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

course and identify "studies, analyses, evaluations, and opinions" to the extent that they exist and to the extent they are not protected by the attorney-client privilege, work product doctrine, or other immunity.

**DEFENDANTS' APRIL 29, 2008 RESPONSE TO INTERROGATORY NO.5:**

Defendants object to this interrogatory on all grounds set forth in their General Objections and incorporate those objections as if set forth in this response.

Defendants object to this interrogatory on the grounds that it is compound and contains multiple subparts thus multiply the number of interrogatories beyond one for this interrogatory.

Defendants object to this interrogatory because the terms "studies," "analyses," "evaluations," "opinions," "research," "greatest," and "least" render the request vague, ambiguous, overly broad, unduly burdensome and not relevant.

Defendants object to this interrogatory to the extent it elicits information protected by the attorney-client privilege, work-product doctrine, the common interest, or joint defense privilege, or any other applicable privilege, immunity or other limitation on discovery, and Defendants hereby assert such privileges.

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

# IV.   ARGUMENT

## A.   Stamps.com's Position

### 1.   Defendants Failed to Properly Respond to Stamps.com's Interrogatories Nos. 1 and 3

Defendants object to identifying their invalidity and non-infringement contentions on a claim-by-claim basis (or indeed in the case of their invalidity contentions, on any basis), on the grounds that Interrogatories Nos. 1 and 3 are premature contention interrogatories.

Contention interrogatories are permissible and acceptable under Rule 33(c) of the Federal Rules of Civil Procedure.  *O'Connor v. Boeing North American, Inc*., 185 F.R.D. 272, 280 -281 (C.D. Cal. 1999); *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D.Cal.1997).  Rule 33(c) provides, in part, for the serving of an interrogatory the answer to which involves "an opinion or contention that relates to fact or the application of law to fact...." Fed.R.Civ.P. 33(c).  And courts have repeatedly upheld non-infringement and invalidity contention interrogatories. *See, e.g., Exxon Research & Eng. Co. v. U.S.,* 44 Fed. Cl. 597, 601-02 (Fed.Cl.1999) (authorizing use of infringement contention interrogatories); *Scovill Mfg. Co. v. Sunbeam Corp*., 61 F.R.D. 598, 601 (D.Del.1973)(compelling response to invalidity contention interrogatory); *Protective Optics, Inc. v. Panoptx, Inc.,* 2007 WL 963972, *2 (N.D. Cal. Mar.30, 2007) (allowing contention interrogatories, including non-infringement contention interrogatory, regarding Defendants' counterclaims and defenses); *Static Control Components, Inc. v. Lexmark Intern., Inc*., 2006 WL 1328712, *3 (E.D. Ky., 2006) (compelling Defendant's response to invalidity and non-infringement contentions).

The burden is on Defendants to establish that the interrogatories are improper. The "Court prefers to consider contention interrogatories in the same manner it would consider any interrogatory, placing the burden on the party opposing discovery rather than shifting the burden to the proponent of the contention

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

interrogatories to justify their propoundment." *Cable & Computer Technology, Inc.* 175 F.R.D. 646, 652 (C.D.Cal.1997).  Objections must be stated with specificity. *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 58 (D.D.C.1984) ("General objections are not useful to the court ruling on a discovery motion.")  Defendants' objection that the interrogatory is improper "because it is a premature contention interrogatory, and Defendants have not yet had an opportunity to gather and review all the information necessary to respond to this interrogatory" does not arise to the required level of specificity.  See e.g., *U.S. ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 649 -650 (C.D. Cal. 2007).

Nor can Defendants provide this required specificity – the Interrogatories are not premature.  Contention interrogatories are not improper because they are served "before discovery has been completed, or even substantially done."  *Cable & Computer Technology, Inc.* at 651.  If the responding party needs to revise its answer as more information becomes available, the trial court may permit the withdrawal or amendment of an answer to an interrogatory. *Id.*  Further, the Interrogatories in question ask Defendants to provide contentions for allegations they made in their counterclaims – that the patents in suit are invalid and Defendants' products do not infringe the patents.  Requiring a party to answer contention interrogatories is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires that a party must have some factual basis for the allegations in their pleadings. *Id.* at 649.  Rule 11 requires a party to have a basis for the allegations they make in their pleadings, thus in this context, objections to contention interrogatories that premature or "'discovery has only just begun' makes no sense at all."  *Id.* At 649-650.

Further, even if Defendants could make a case that these Interrogatories were premature at the time they were served, that argument can no longer be made today.  The Interrogatories were served over one year ago.  (Paul Decl. ¶ _) Stamps.com has provided Defendants with a detailed infringement claim chart for approximately 360

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

claims.  (Paul Decl. ¶ _) *See e.g., Static Control Components, Inc. v. Lexmark Intern., Inc*., 2006 WL 1328712, *3 (E.D. Ky., 2006) (compelling Defendant's response to invalidity and non-infringement contentions following Plaintiff's production of its infringement contentions).

All of the information necessary for Defendants to respond to these Interrogatories is in Defendants' possession.  Defendants have had the opportunity to and have identified over 100 separate prior art references (Exs. __).  Defendants should be required to explain precisely how each of these references read on the claims in suit, This does not impose an undue burden, as Defendants have presumably already performed this evaluation or they would not have identified these references in response to the Interrogatory.

Further, Defendants already have all the information about the working of their own products and systems and should be able to explain their contentions regarding why their own products do not infringe on the asserted claims of the Patents-in-Suit, especially given that the complaint was filed over 16 months ago.

Thus, the contention interrogatories are far from premature.  Stamps.com should not have to wait until the expert reports are due before getting notice of Defendants' invalidity and non-infringement contentions.

Accordingly, Defendants' objection should be overruled and Defendants should be compelled to describe on a claim-by-claim basis their invalidity and non-infringement contentions.

**2.**      **Defendants' Objection That They Cannot Respond to Interrogatory No. 5 On the Basis of Attorney-Client Privilege, Attorney Work Product Doctrine, and other Privileges Lacks Merit.**

Defendants "supplemented" their response to Interrogatory No. 5 with the following objection:

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

Defendants object to this interrogatory to the extent it elicits

information protected by the attorney-client privilege, work-product

doctrine, the common interest, or joint defense privilege, or any other

applicable privilege, immunity or other limitation on discovery, and

Defendants hereby assert such privileges. (Ex. _)

Defendants objection lacks merit and Defendants should be compelled to provide

complete responses to Interrogatory No. 5.

Interrogatory No. 5 requests information that could not be withheld on the

basis of privilege.  Interrogatory No. 5 requests Defendants to identify the date,

author, and subject matter for any studies, analyses, evaluations, and opinions

(whether written or oral) concerning the validity or enforceability of the Patents in

Suit.  (Ex. _)  The date, author, and subject matter of these relevant analyses,

evaluations, studies or opinions are not privileged.  In fact, this information is the

same information that Defendants would provide in a privilege log (i.e., in order to

properly assert privilege). *See e.g., In re Grand Jury Investigation*, 974 F.2d 1068,

1071 (9th Cir. 1992)(stating that the author, date, and subject matter of a document

are all proper elements of a privilege log).  Hence, Defendants should be compelled

to provide complete responses to Interrogatory No. 5.

Lastly, several documents from Defendants' document production provide

evidence of (a) the existence of studies, analyses, evaluations, and opinions

concerning the validity or enforceability of the Patents in Suit and (b) that certain of

these are not privileged.  For example, Defendants produced a letter from

Defendants' outside counsel, James Geriak, to counsel for Stamps.com offering to

discuss Mr. Geriak's analysis of Stamps.com's patents in suit (Ex. K).  Defendants

also produced documents suggesting that non-attorney employees reviewed

Stamps.com's patents and engaged in non-privileged evaluations of the patents-in-

suit.  (*See e.g.,* Ex.L (e-mail from S. Montgomery to H. Whitehouse, A. Khechfe,

and S. Rifai stating that they should review Stamps.com's PhotoStamps patents); Ex.

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

1  M (internal PSI document reviewing all of the patents from Stamps.com's website

2  listed under the Terms & Conditions for PhotoStamps); Ex. N (incomplete claim

3  chart for '214 and '808 patents).

4      For all the foregoing reasons, Defendants should be compelled to provide

5  complete responses, without objection, to Interrogatory No. 5.

6      **3.      Defendants' Other Objections are Frivolous And Should Be**

7      **Overruled**

8      Defendants objected to Interrogatories Nos. 1, 3, and 5 with several other

9  boilerplate objections: the interrogatories are overly broad and unduly burdensome,

10  the terms "studies," "analyses," "evaluations," "research," "greatest" "specificity"

11  and "least" are vague and ambiguous, and the interrogatories are compound.

12  Defendants, however, did not assert these frivolous objections during either of the

13  discovery conferences; and for the reasons stated more fully below, these objections

14  should be overruled.

15      a.      Defendants Failed to Object to Interrogatories Nos. 1, 3, and 5

16          With the Required Specificity

17      Defendants objected to the Interrogatories on the grounds that they are overly

18  broad and unduly burdensome. The foregoing objections are general or boilerplate

19  objections, which are not proper objections. *See e.g., U.S. ex rel. O'Connell v.*

20  *Chapman University*, 245 F.R.D. 646, 649 (C.D. Cal. 2007); *McLeod, Alexander,*

21  *Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections

22  that requests were overly broad, burdensome, oppressive, and irrelevant were

23  insufficient to meet party's burden to explain why discovery requests were

24  objectionable); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th

25  Cir.1985) (conclusory recitations of expense and burdensomeness are not

26  sufficiently specific to demonstrate why discovery is objectionable); *Burns v.*

27  *Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 592-93 (W.D.N.Y.1996)

28  (general objections that discovery request was overbroad, vague and unduly

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper).

The burden to establish that the requests are unreasonable is upon Defendants. *Klein v. AIG Trading Group, Inc.,* 228 F.R.D. 418, 422 (D.Conn.2005)( "The objecting entity must state specifically how, despite the broad and liberal construction of federal discovery rules, each question is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").  Objections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived. *Ramirez v. County of Los Angeles,* 231 F.R.D. 407, 409 (C.D. Cal. 2005); *Casson Const. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 379 (D.Kan.1980); *In re Folding Carton Antitrust Lit.,* 83 F.R.D. 260, 264 (N.D.Ill.1979).  Thus, Defendants' boilerplate objections that the defined terms are overly broad and unduly burdensome, without more specificity, are inadequate and tantamount to not making any objection at all. *See Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir.1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection").

> b.   The Terms "Studies," "Analyses," "Evaluations," "Research,"
>      "Greatest," "Specificity" and "Least" Are Clear and
>      Unambiguous

Defendants objected to the terms "studies," "analyses," "evaluations," "research," "greatest" "specificity" and "least" on the grounds that they are vague and ambiguous.  "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Pulsecard, Inc. v. Discover Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996).   Defendants failed to explain why these commonly used terms are vague and ambiguous.

A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

Interrogatories." *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000).  "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." *Id.*

"Studies," "analyses," "evaluations," "research," "greatest" "specificity" and "least" are all commonly-used terms in the English language. Defendants fail to explain why a reasonable definition of these terms could not be used to respond to the Interrogatories.  Accordingly, these objections should be overruled.

c. <u>Interrogatories Nos. 1, 3, and 5 are Not Compound</u>

Defendants objected to each and every one of Stamps.com's ten Interrogatories, including Interrogatories Nos. 1, 3, and 5, on the grounds that the Interrogatories are compound in violation of Fed.R.Civ.P. 33(a).  Fed. R. Civ. P. 33(a) states: "any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete subparts."

Defendants' objections are boilerplate and frivolous.  In Defendants' objection to Interrogatory No. 1, Defendants contend that this one interrogatory alone represents 2,516 interrogatories.  The frivolousness of this objection is understated by the fact that Defendants nevertheless responded to each subsequent Interrogatory. Furthermore, Defendants' boilerplate objection to Interrogatories Nos. 3 and 5 are not stated with the required specificity.  *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981)( all grounds for objection must be stated with specificity).  They are accordingly waived. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (objections that are too general to merit consideration are therefore waived).

For all the reasons stated above, the Court should order Defendants to provide full and complete responses to Interrogatories Nos. 1, 3, and 5.

///

///

///

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

**B.**     **Defendants' Position**

      **1.   The Plaintiff's Interrogatory Nos. 1 and 3 Are Objectionable As Overbroad And Unduly Burdensome**

Interrogatory Nos. 1 and 3 demand the that Defendants' undertake and report the results of invalidity and non-infringement analyses on a claim by claim basis. On March 17, 2008, the Court issued Amended Civil Minutes in which the Court granted the Defendants' motion by limiting the Plaintiff to 15 asserted claims. (Smith Decl., ¶ 6 & Exh. 3.)  On April 22, 2008, the Plaintiff served its Fifth Supplemental Responses which identifies a total of 416 claims.  (*Id.*, ¶ 9 & Exh. 5.) In light of the District Court's ruling limiting the Plaintiff to 15 claims for construction and at trial, it is overbroad, and unduly burdensome and expensive for the Plaintiff to demand that the Defendants complete invalidity and non-infringement analyses of 416 claims, when 401 of those claims will very likely not be asserted for purposes of claim construction or at trial.

For Interrogatory No. 1 the Defendants would be forced to analyze invalidity for 416 claims.  This would entail commissioning validity searches for 416 claims, construing every claim term that could be placed in dispute across all 416 claims, and comparing each of the claims to all of the located prior art.  Even if the Defendants found an average of only 2 prior art references per claim, that would require 832 individual invalidity analyses.  Under the Court's ruling limiting the Plaintiff to 15 asserted claims at trial, the invalidity analysis would require 30 analyses.

      **2.   The Plaintiff's Interrogatory Nos. 1 and 3 Are Objectionable As Premature**

The Plaintiff identified for the first time the 416 claims it intends to address in its expert infringement report on April 22, 2008—just three days before providing its portions of this joint stipulation.  (Smith Decl., ¶ 5 & Exh. 5.)  The Plaintiff argues that the Defendants' improperly objected to Interrogatory Nos. 1 and 3 on the

grounds that they were premature because the Defendants filed a counterclaim asserting Plaintiff's patents are invalid.  The Defendants seek to invalidate only those claims the Plaintiff will assert at trial.  The Defendants' position is consistent with, and arguably compelled by, the Court's ruling limiting the Plaintiff to 15 claims for purposes of claim construction and trial.  (Smith Decl., ¶ 6 & Exh. 3.) Until the Plaintiff identifies the particular 15 claims it intends to litigate, the Defendants cannot be expected to provide claim by claim invalidity and non-infringement analyses for 416 claims.

The Plaintiff cites the case *Static Control Componenets, Inc. v. Lexmark Intern., Inc.,* 2006 WL 1328712 (E.D. Ky., 2006) for the proposition that invalidity and non-infringement contention interrogatories are appropriate after the plaintiff produced its infringement contentions.  However, in *Static Control*, Lexmark moved to compel the counterclaimants to produce their invalidity and non-infringement analysis only after Lexmark had "detailed chapter and verse as to why the patents-in-suit cover the cartridges in suit, as seen from its responses to [Static Control's interrogatory]."  *Static Control*, 2006 WL 1328712 at *2.  Lexmark's response identified all of the claims it contended were infringed, identified the allegedly infringing products, and provided claims charts relating to each asserted patent.  *Id.* That complete and total answer to Static Control's contention interrogatory convinced the court that "Lexmark's reply…has provided [the counterclaimants] with sufficient information" to require the counterclaimants to produce their invalidity and non-infringement analysis.  *Id.*

Unlike in *Static Control*, the Plaintiff here had yet to conclusively and specifically identify the 15 claims to which it has been limited.  The Fifth Supplemental Responses deleted 86 claims and added 16 entirely new claims as compared to the Fourth Supplemental Responses just three days before the Plaintiff provided its portion of this joint stipulation.  However, the Plaintiff refused to identify any specific claims until just three days before providing its portions of this

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

joint stipulation.  Additionally, the Fifth Supplemental Responses still contain boilerplate statements that Plaintiff's infringement investigation is ongoing for 50 claims.  Thus, the Plaintiff has provided the Defendants with far less than the "chapter and verse" explanations provided by Lexmark in *Static Control* and, accordingly, the holding in *Static Control* should be distinguished on its facts.

The Plaintiff next argues that, because the Defendants have produced over 100 prior art references, it follows that it is not an "undue burden" to require the Defendants' to apply the prior art to the claims at issue.  Plaintiff's argument mixes apples and oranges.  The expense of identifying prior art references that appear to invalidate some number of claims is a world apart from engaging in a claim by claim invalidity analysis for some unknown subset of the 629 claims the Plaintiff could possibly assert during claim construction and at trial.   The undue burden was highlighted when the Court ruled that the Plaintiff is limited to 15 asserted claims at claim construction and trial.  It is unduly burdensome, expensive and oppressive to force the Defendants to undertake the immense task of analyzing 416 claims, when the Plaintiff can only assert 15 during claim construction at trial because this guarantees that the Defendants will have analyzed infringement and invalidity of 411 claims that the parties and Court knows will never make it to trial.

The Plaintiff also argues, in essence, that because the Defendants know their own products, it would be relatively easy for the Defendants to explain why their products do not infringe the patents-in-suit in response to Interrogatory No. 3.  (Joint Stipulation, p. 107).  Again, this conveniently misses the point.  It is the number of claims that the Plaintiff has left on the table that makes Interrogatory Nos. 1 and 3 objectionable.  Knowing how the Defendants' products function is the tip of the analysis iceberg that would be required to construe the multitude of disputable claim terms contained in 416 claims and compare those claims to the five Accused Products.   Aside from the time and expense involved in commissioning complete invalidity searches for 416 claims (in addition to construing the numerous

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

potentially disputable claim terms in the 416 claims) the comparison would require the Plaintiff to engage in 2080 separate non-infringement analyses.  All of this despite the Plaintiff's consistent refusal to tell the Defendants which of the claims it would assert and the Court's ruling that the Plaintiff is limited to 15 asserted claims for construction and trial.  Accordingly, the Defendants properly objected to Interrogatory Nos. 1 and 3 as overly broad and unduly burdensome and the Plaintiff's motion on these interrogatories should be denied.

3. **The Plaintiff's Interrogatory Nos. 1 and 3 Are Objectionable For Exceeding The Allowable Number of Interrogatories Under The Federal Rules.**

The Plaintiff contends that the Defendants made frivolous objections when they stated that Interrogatory Nos. 1 and 3 were "compound."  The Defendants' compound objection is proper based on established case law.

As stated in *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998) if an interrogatory has separate subparts, it may be counted as multiple interrogatories. *Safeco*, 181 F.R.D. at 443.  The test for whether a single interrogatory's subparts are counted as separate interrogatories for purposes of Federal Rule of Civil Procedure No. 33, is that, if the subparts are not "subsumed" or "necessarily related" to the other subparts, the subpart should count as a separate interrogatory. *Id.* at 444.  Here, Interrogatory No. 1 asks the Defendants to examine each and every claim at issue and describe how the 11 patents are invalid.  Each response to a particular claim is wholly independent, as it lays out the invalidity arguments that only apply that that claim.  As there are currently 416 claims identified by Plaintiff's Fifth Supplemental Responses, Interrogatory No. 1 represents hundreds of separate interrogatories in violation of the Federal Rules of Civil Procedure.

Likewise, for Interrogatory No. 3, the Plaintiff requests that the Defendants apply each patent claim to each Accused Product.  At the very least, as there are five

-118-

Accused Products, this interrogatory represents five separate and independent lines of inquiry because the same information for each product must be produced. However, each product must also be applied to each patent on a claim-by-claim basis, meaning either 3,145 or 2,080 separate responses are called for by Interrogatory No. 3.[3]

Because Interrogatory Nos. 1 and 3 both contain multiple, independent subparts, rendering them compound so as to exceed the total number of allowed interrogatories under the Federal Rules of Civil Procedure.  The Plaintiff's argument that this objection was frivolous because the Defendants continued to answer each interrogatory is without merit.  As seen in *Safeco*, the law provides a subjective test as to whether each interrogatory counts as one or several.  The Defendants are allowed to make their "compound" objection, as well as any other objection, as possible grounds for refusing to completely answer the interrogatories.[4]

---

[3] Based on Defendants' need to show why the Accused Products do not infringe the 418 claims recently identified by Plaintiff and based on Defendants' need to show why the Accused Products do not infringe all claims from the 11 patents, respectively.

[4] This practice is precisely what the Plaintiff did in response to its own discovery obligations.  In Plaintiff's Responses to Defendants' First Set of Interrogatories, the Plaintiff objected to 13 of the 14 interrogatories on the ground that the interrogatory was "compound and contains multiple subparts, thus multiplying the number of interrogatories beyond this interrogatory."  Thus, Plaintiff's suggestion that the Defendants' compound objections are frivolous is inconsistent with its own discovery practice in this case.

JOINT STIPULATION AND MOTION TO
COMPEL FURTHER INTERROGATORIES
RESPONSES

4. **The Plaintiff's Interrogatory No. 5 Is Objectionable As Seeking Privileged Information[5]**

The Plaintiff's Interrogatory No. 5 demands that the Defendants identify all non-infringement and invalidity studies, analyses, evaluations and opinions by "date, author, subject matter and conclusion."  The Plaintiff alleges that the Defendants represented that documents responsive to Interrogatory No. 5 did exist.  The Plaintiff's recollection is incorrect.

On, May 10, 2007, the Defendants sent a letter to the Plaintiff responding to the Plaintiff's concerns regarding the adequacy of the Defendants' responses to Interrogatory No. 5.  (Roberts Decl., ¶ 3 and Exhibit 1.)  Concerning Interrogatory No. 5, the Defendants stated that they were not aware of any "studies, analysis, evaluations and opinions" that are not protected by the attorney-client privilege, the work product doctrine or other immunity.  (Robert Decl., ¶ 3 & Exhibit 1.)  And on May 18, 2007, the Defendants participated in a Local Rule 37-1 pre-filing conference of counsel to discuss, among other things, the Defendants' responses to Interrogatory No. 5.  (Roberts Decl., ¶ 4.)  During the pre-filing conference the Defendants explained to the Plaintiff that the Defendants were unaware of any analysis or evaluation done by the client or otherwise that would fall outside the protections afforded the attorney-client privileged communications or attorney work product or some other privilege.  (*Id.*)  The Defendants stated that, to the extent any other evaluation or analysis existed, the document would be protected as attorney work product and/or attorney-client privileged communication.  (*Id.*)  The Defendants do not recall telling the Plaintiff that an evaluation or analysis existed

---

[5] As stated above, the Plaintiff has also exceeded the 25 interrogatories it is allowed under the Federal Rules based on Interrogatory No. 3 alone.  FED. R. CIV. PROC. 33(a)(1).  Accordingly, the Defendants may ignore all remaining interrogatories.

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

and the Defendants' May 23, 2007 letter supports the Defendants' recollection—not the Plaintiff's.  (*Id.*)

On May 23, 2007, the Defendants sent a second letter to the Plaintiff, in which the Defendants reiterated their position that they were unaware of any analysis or evaluation done by the client or otherwise that would fall outside the protections afforded the attorney-client privileged communications or attorney work product or some other privilege.  (Roberts Decl., ¶ 5 & Exh. 2.)  Absent from the Defendants' letters is any statement that there exists documents responsive to Interrogatory No. 5.  In fact, the Defendants' May 23, 2007 letter to the Plaintiff goes further and confirms that the Defendants' consistent position that they are not aware of the existence of any documents responsive to Interrogatory No. 5.  (Roberts Decl., ¶ 5 & Exh. 2.)

Additionally, any documents responsive to Interrogatory No. 5 would be privileged.  Interrogatory No. 5 seeks information far beyond the types of information provided in a privilege log.  Interrogatory No. 5 demands that the Defendants disclose the subject matter of any such analyses or opinions and the conclusions reached, whether or not they involve opinion of counsel or attorney work products.  The Defendants' timely responses included objections to Interrogatory No. 5 on these very grounds.

Finally, any nonobjectionable information sought by Interrogatory No. 5 was provided to the Plaintiff in the Defendants' privilege log, which was produced to the Plaintiff on April 29, 2008.[6]  (Smith Decl., ¶ 10.)  Accordingly, the Plaintiff's Motion should also be denied in connection with Interrogatory No. 5 because the Plaintiff exhausted the 25 interrogatories it is allowed under the Federal Rules with Interrogatory No. 1, the Defendants properly preserved their legitimate privilege

---

[6] The Defendants have yet to receive the Plaintiff's privilege log.  (Smith Decl., ¶ 16.)

JOINT STIPULATION AND MOTION TO COMPEL FURTHER INTERROGATORIES RESPONSES

1  objections, and the Defendants have fully satisfied their obligations to respond by

2  producing their privilege log.

3

4                              IV.    **CONCLUSION**

5          In view of the foregoing, Stamps.com respectfully requests that its motion be

6  granted, and that Defendants be ordered to provide full and complete responses to

7  Interrogatories Nos. 1, 3, and 5 and to pay sanctions in the amount of Stamps.com's

8  costs to bring this motion.

9

10         SO STIPULATED by the undersigned parties,

    Dated:  May 6, 2008                  GRAVES LAW OFFICE, P.C.
11

12

13                                By      _Philip J. Graves / fu_
14                                         PHILIP J. GRAVES

15                                      Attorneys for Plaintiff
16                                      STAMPS.COM INC.

17

18
    Dated:  May 8, 2008          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
19

20

21                                By      _Gregory A. Long_
22                                         GREGORY A. LONG

23                                      Attorneys for Defendants,
24                                      ENDICIA, INC. and PSI SYSTEMS, INC.

25

26

27

28

                            -122-        JOINT STIPULATION AND MOTION TO
                                         COMPEL FURTHER INTERROGATORY
                                         RESPONSES

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. My business address is Graves Law Office, P.C., 12121 Wilshire Boulevard, Suite 775, Los Angeles, California 90025.

On May 9, 2008, I served the following document entitled **PLAINTIFF STAMPS.COM INC.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES; REQUEST FOR SANCTIONS** on all interested parties to this action in the manner prescribed as follows:

*Attorneys for Defendants*
**ENDICIA, INC. and PSI SYSTEMS, INC.**
Gregory A. Long. Esq.
Gary A. Clark, Esq.
Dennis J. Smith, Esq.
Daniel C. Muniz, Esq.
Brigette A. Agness
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
333 South Hope Street, 48th Floor
Los Angeles, California  90071

__X__ **CM/ECF**: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

_____ **MAIL:** I placed true and correct copies of the document(s) in sealed envelope(s) addressed to the above addressee(s). I am readily familiar with Graves Law Office, P.C.'s practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

_____ **FAX:** I caused the within document to be transmitted via facsimile transmission to the above addressee(s) at the above facsimile numbers before 5:00 p.m. on the above date.

_____ **EMAIL:** I transmitted true copies of the within document (without exhibits) electronically by means of email to the above addressee(s) at the above email address(es).

_____ **HAND:** I caused the within document to be hand-delivered to the above addressee(s) at the above address(es).

I declare that I am employed by a member of the bar at whose direction such service was made.

Executed on May 9, 2008, at Los Angeles, California.

*Tanya Simpson*
Tanya Simpson

---

**PROOF OF SERVICE**