Case 2:06-cv-07499-ODW-CT    Document 124    Filed 05/14/2008    Page 1 of 5



FILED
CLERK, U.S. DISTRICT COURT
MAY 14 2008
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAMPS.COM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ENDICIA, INC., and PSI SYSTEMS INC.,<br><br>    Defendants. | NO. CV 06-7499-ODW(CTx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER LIMITING SCOPE OF EXPERT DISCOVERY; AND, TAKING MAY 27, 2008 HEARING OFF-CALENDAR |

   This patent infringement action is set for trial before the Honorable Otis D. Wright, II, United States District Judge. Trial is scheduled to commence on January 6, 2009 and the fact discovery cutoff is June 13, 2008. The initial expert reports are due on May 16, 2008 and the expert discovery cutoff is July 11, 2008.

   Plaintiff has sued defendants for infringement of eleven of its patents. On March 17, 2008, the district judge granted defendants' motion to limit the number of asserted claims for the patents in suit and ordered that "[t]he court limits the number of patent claims asserted to fifteen, but will remain flexible if plaintiff shows good cause for additional claims." (March 17, 2008 Amended Minute Order). On April 22, 2008, plaintiff served its Fifth Supplement Response to

defendants' Interrogatory No. 10 and identified, in an attached claim chart, over 400 claims allegedly infringed by defendants.

## DISCUSSION

Defendants seek a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(D) essentially limiting the number of claims at issue for expert discovery purposes. Specifically, defendants seek to limit the scope of expert discovery to fifteen claims, which is the number of claims that the district judge has ordered will be at issue at trial.

For good cause shown, the court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c)(1)(D). "In determining whether good cause exists for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and nonparties." Quair v. Bega, 232 F.R.D. 638, 641 (E.D.Cal.2005).

Defendants contend that forcing them to conduct expert discovery on over four hundred different patent claims when the district judge has limited the number of claims to only fifteen would subject defendants to annoyance, oppression, and undue burden and expense. (Joint Stipulation at 3). Defendants claim that plaintiff identified all the 400-plus claims potentially at issue only a little over a month ago in plaintiff's Fifth Supplement Responses to Defendants' Interrogatory No. 10, and that responding to all those claims would require significant and expensive additional investigation and analysis and a significant expansion of defendants' expert report. (Joint Stipulation at 10-11).

The court finds that requiring defendants to conduct expert

discovery and to incur the expense of analyzing and preparing expert reports on over 400 claims when plaintiff will ultimately be permitted to pursue only fifteen or so claims at trial, would result in defendants incurring undue burden and expense. In light of the district judge's order limiting the number of claims in suit, good cause exists for some limitation on the number of claims in play for the purposes of expert discovery.

Plaintiff contends that the district judge already rejected defendants' request to identify the fifteen claims it will pursue prior to the completion of expert discovery. In fact, the district judge specifically instructed defendants to bring any motion to limit discovery based on undue burden before the magistrate judge, which is what defendants have done. (See Declaration of Dennis Smith, Ex. 15 at 14:9-11).

Plaintiff further contends that it would be unfair to effectively force it to limit its patent claims prior to the close of discovery because expert discovery will allow plaintiff to test its claims and choose the strongest to pursue at trial. However, other districts have imposed formal rules requiring plaintiffs to identify the claims at issue prior to the close of discovery. See, e.g., N.D.Cal.Pat.R. 3-1; N.D.Ga.Pat.R. 4.1. Under the Local Patent Rules of the Northern District of California, amendment of asserted claims is limited. See N.D.Cal.Pat.R. 3-6. Those rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." Nova Measuring Instruments Ltd. V. Nanometrics, Inc., 417 F.Supp.2d 1121, 1123 (N.D. Cal. 2006); O2 Micro International Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1366 (Fed.Cir. 2006)(Northern District of

California patent rules "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."). See also McKesson Information Solutions, LLC v. Epic Systems Corporation, 495 F.Supp.2d 1329, 1332 (N.D.Ga. 2007)(describing the Northern District of Georgia's local patent rules as "an 'exercise in forced door closing'" and stating that the rules are designed to put the parties "on notice early in the discovery process of the infringement and invalidity issues in the case" and "discourage gamesmanship").

In this case, plaintiff should be required to chose a reasonable number of claims it seeks to pursue in discovery before the parties proceed with expensive and time consuming expert discovery on hundreds of claims that will never be litigated at trial. However, the district judge did not limit plaintiff to pursuing only fifteen claims in discovery and specifically stated that the court would remain flexible if plaintiff showed good cause for additional claims. Accordingly, the court finds that, while plaintiff should be limited to a reasonable number of claims during expert discovery, plaintiff should not be limited to only fifteen.[1]

**ORDER**

The magistrate judge has carefully considered the documents filed in support of and in opposition to the Motion. The Motion is **GRANTED IN PART** as follows, see Fed.R.Civ.P. 26(c), and otherwise **DENIED**:

1. Plaintiff shall serve a revised claim chart identifying thirty patent claims it intends to pursue during expert discovery and expert discovery shall be limited to those identified claims.

---

[1] This order is not intended to supersede any order issued by the district judge.

2.    To the extent that the parties subsequently agree to discovery that is different from that ordered herein, the parties may modify this order by agreement in writing.

Either side may file a motion for review and reconsideration with the district judge within ten court days of service of this order. <u>See</u> Local Rule 72-2.1; Fed.R.Civ.P. 6(a). This order is stayed if such a motion is filed until further order of the district judge. **If no such motion is made, plaintiff SHALL serve its revised claim chart forthwith. The hearing previously set for May 27, 2008 is taken off calendar.**

DATED: May 14, 2008

_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

cc: Judge Wright

    Philip J. Graves, Esq.
    Graves Law Offices
    12121 Wilshire Boulevard, Suite 775
    Los Angeles, CA 90025

    Gregory A. Long, Esq.
    Dennis J. Smith, Esq.
    Daniel Craig Muniz, Esq.
    Gary A. Clark, Esq.
    Sheppard Mullin Richter and Hampton
    333 South Hope Street, 48th Floor
    Los Angeles, CA 90071