GRAVES LAW OFFICE, P.C.
Philip J. Graves (SBN 153441)
pgraves@graveslawpc.com
Tom Crunk (SBN 214117)
tcrunk@graveslawpc.com
Kirk Hermann (SBN 219620)
khermann@graveslawpc.com
Marjorie A. Witter (SBN 250061)
mwitter@graveslawpc.com
Fredricka Ung (SBN 253794)
fung@graveslawpc.com
12121 Wilshire Boulevard, Suite 775
Los Angeles, CA 90025
Telephone:  (310) 295-6500
Facsimile:  (310) 295-6501

Attorneys for Plaintiff/Counterclaimant.
STAMPS.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STAMPS.COM INC., | CASE NO. CV 06-7499 ODW (CTx) |
| Plaintiff, | [Referred to Judge Carolyn Turchin] |
| v. | |
| ENDICIA, INC., and PSI SYSTEMS, INC.; | **STAMPS.COM'S OPPOSITION TO NOTICE AND POINTS AND AUTHORITIES FOR DEFENDANTS' APPLICATION FOR AN *EX PARTE* ORDER STAYING THE MAY 16, 2008 EXPERT REPORT DEADLINE; DECLARATIONS OF PHILIP J GRAVES AND FREDRICKA UNG** |
| Defendants. | |
| | Discovery Cutoff: July 11, 2008 |
| | PTC:  December 8, 2008 |
| | Trial:  January 6, 2009 |
| | Hearing Date:  May 27, 2008 |
| | Time: 2:00 p.m. |
| AND RELATED COUNTERCLAIMS. | Ctrm:  590, Hon. Carolyn Turchin |

# I.    INTRODUCTION

The Court should deny Defendants' *Ex Parte* Application for an Order Staying the May 16, 2008 Expert Report Deadline because no good cause exists to stay the May 16, 2008 deadline for exchanging expert reports.

While Defendants make much of the fact that they were successful in convincing Magistrate Judge Turchin to enter an order that conflicts with this Court's instructions at the March 17, 2008 hearing on their first Motion to Limit Claims, that Order is based on an incomplete understanding of the facts at issue and appears to be based on an incorrect and inappropriate application of the Northern District of California Local Patent Rules to this case.  Stamps.com intends to file a motion for review and reconsideration of the Magistrate's Order next week.

Defendants' plaint that they will be unfairly burdened by having to justify their allegations of invalidity with actual evidence and expert testimony is ironic. Stamps.com has diligently prepared to meet the expert report deadline over the past five months, reviewing over 1,000,000 pages of materials produced by Defendants and their related entities, deposing Defendants' corporate designees and comparing the evidence to the many claims of the eleven Stamps.com patents in suit.  The work that Stamps.com's attorneys have performed in moving this case forward to meet the Court's deadline has been quite burdensome to Stamps.com – indeed, it has cost Stamps.com hundreds of thousands of dollars – but it is work that Stamps.com bears the burden of performing, as the plaintiff must prove infringement in order to prevail.

Defendants allege that all of the claims of all eleven Stamps.com patents are invalid, a claim which they must prove by clear and convincing evidence. Stamps.com has been looking forward to receiving Defendants' expert report regarding their invalidity allegations with some interest, as they have signally failed to provide any clear explanation of their invalidity contentions in response

STAMPS.COM'S OPPOSITION TO NOTICE AND POINTS AND AUTHORITIES FOR DEFENDANTS'
APPLICATION FOR AN *EX PARTE* ORDER STAYING THE MAY 16, 2008 EXPERT REPORT DEADLINE

to the interrogatory regarding this issue that Stamps.com served on them in April 2007.  Unfortunately, over the past two weeks, it has become clear that Defendants have never taken the expert report deadline seriously, and never intended to serve an expert report setting forth the bases for their boilerplate allegations of invalidity.  Instead, waiting until nearly the last possible minute, they have wasted the parties' money and the Court's time filing serial motions and ex parte applications seeking variously to force Stamps.com to make an election of claims for trial prior to the deadline, and to stay the May 16 deadline, and seeking expedited consideration of their last minute request.  Stamps.com opposes Defendants' Ex Parte Application because it expects Defendants to uphold those same deadlines, and the Court should not expect any less from them.

There is no good cause to stay the May 16 deadline, or to require Stamps.com to select the 15 claims that it intends to take to trial now rather than after the close of expert discovery.  First, the Court has already considered and rejected Defendants' request that Stamps.com be ordered to make its selection of claims to take to trial prior to the close of expert discovery.  Defendants' counsel asked the Court for exactly this relief at the March 17, 2008 hearing on Defendants' first Motion to Limit Claims, and the Court rejected this proposal, instead ordering that Stamps.com make its election following the close of expert discovery.  This is only fair, because if Stamps.com is to be required to select only 15 claims to take to trial from among over 400 claims that appear to be infringed, Stamps.com should be permitted to select its 15 strongest claims, which may only be determined after Defendants and their experts have explained in detail the bases for their allegations of invalidity.  In essence, what Defendants seek would be equivalent to a request from Stamps.com that Defendants be ordered to limit themselves to five or ten prior art references <u>before</u> they have

seen which claims Stamps.com alleges are infringed. Such a request makes no more sense as applied to Stamps.com than it would as applied to Defendants.

Second, Defendants have only themselves to blame for the "emergency" that they now find themselves in. Rather than taking this issue up with the Court in a regularly noticed motion shortly following the Court's March 17, 2008 Order, they waited until 11 days prior to the expert report deadline to file their first motion and *ex parte* application. While Defendants assert that they did not know what claims Stamps.com was asserting until April 22, this is both false and a non sequitur. Stamps.com served supplemental interrogatory responses on Defendants as early as March 3, 2008, providing them copious notice regarding the vast majority of the specific claims at issue. Moreover, Defendants' counsel knew by no later than the March 17 hearing that Stamps.com would be asserting infringement of well over 400 claims, yet they did nothing until May 5, 2008. Thus, Defendants' last minute request to be put at the head of the line should be denied for their failure to exercise even reasonable diligence. Moreover, Defendants' inexcusable lack of diligence is highlighted by the glaring absence from all three of Defendants' *Ex Parte* Applications of any evidence that they have made a good faith effort to meet the expert report deadline, when they started their reports, how much progress they have made on their reports, how much time they have put into their reports, or a justification for a forty-five day extension on the deadline for expert reports.

Accordingly, the Court should deny Defendants' Ex Parte Application.

## II.   STATEMENT OF FACTS

Stamps.com filed the complaint in this case on November 22, 2006. On March 9, 2007, Stamps.com served its First Set of Interrogatories, requesting (among other things) that Defendants explain in detail the bases for their allegation that the Stamps.com patents in suit are invalid. Defendants have so far failed to respond except to cite Stamps.com to a raft of purported prior art

4

**STAMPS.COM'S OPPOSITION TO NOTICE AND POINTS AND AUTHORITIES FOR DEFENDANTS' APPLICATION FOR AN *EX* PARTE ORDER STAYING THE MAY 16, 2008 EXPERT REPORT DEADLINE**

patents, with no explanation as to how any of these patents might invalidate the claims at issue in this suit.

On May 5, 2008, Defendants filed a motion for protective order limiting the scope of expert discovery and an *ex parte* application for an order shortening the notice time for hearing on their motion and setting an expedited briefing schedule before Magistrate Judge Turchin.  On May 7, 2008, Magistrate Judge Turchin issued an Order denying Defendants' *ex parte* application.  Two days after Magistrate Judge Turchin issued her Order to file an *ex parte* application for an order (1) staying the May 16, 2008 expert report deadline or (2) shortening time for hearing Defendants' concurrently filed motion to stay May 16, 2008 expert report deadline and setting an expedited briefing schedule therefore.  This is Defendants' third *ex parte* application seeking the same, if not similar, relief as the two previous *ex parte* applications.

On May 14, 2008, Magistrate Judge Turchin issued an Order granting in part and denying in part Defendants' Motion for Protective Order Limiting Scope of Expert Discovery.  The Order states, in relevant part:

> Either side may file a motion for review and reconsideration with the district judge within ten court days of service of this order.
> This order is stayed if such a motion is filed until further order of the district judge.  <u>If no such motion is made</u>, plaintiff shall serve its revised claim chart forthwith.

(Order at 5) (emphasis added)

On May 14, 2008, upon receipt of the Order, Stamps.com's counsel notified Defendants' counsel via email the Plaintiff will file a motion for review and reconsideration of Magistrate Judge Turchin's Order and requested a conference of counsel regarding said motion.  (Ung Decl. ¶ 1, Ex. A)  Plaintiff's counsel has met and conferred with Defendants' counsel and will file the motion on Monday, May 19, 2008.

# III.   ARGUMENT

## A.   Magistrate Judge Turchin's Order Provides Defendants No Support

Plaintiffs' latest ex parte sally is premised on the assertion that Magistrate Judge Turchin's May 14 Order compels Stamps.com to make an immediate election of 30 claims to take to trial, and that by filing a motion for reconsideration Stamps.com would "eviscerate" the Magistrate Judge's Order. This position defies both the Magistrate Judge's Order and common sense.  First, the Order states that "either side may file a motion for review and reconsideration with the district judge within ten court days of service of this order," that the "order is stayed if such a motion is filed until further order of the district judge," and that Stamps.com shall serve its revised claim chart only "[i]f no such motion [i.e., a motion for reconsideration] is made, . . . ."  (Ex. B)  The Order was served on May 14, and Stamps.com provided notice later that day to Defendants that it intends to file a motion for review and reconsideration.  (Ung Decl. ¶ 1)  Accordingly, Stamps.com is fully compliant with the Magistrate Judge's Order.

Second, of course, even if Magistrate Judge Turchin had not stayed her Order pending the outcome of any such motion, the law provides for judicial review and reconsideration of the orders of magistrate judges.  28 U.S.C. § 636.  Accordingly, by availing itself of this procedure, Stamps.com is not "eviscerating" the Magistrate Judge's Order.  Accordingly, the Magistrate Judge's Order did not create any "emergency" justifying Defendants' ex parte application; rather, it was Defendants' unexplained and inexplicable delay that created the situation in which they find themselves, and that is no justification for ex parte relief.

On the merits, the Magistrate Judge appears to have relied on Local Patent Rules of the Northern District of California in arriving at the conclusion that Stamps.com should limit itself to 30 claims prior to the close of expert discovery.

This was an incorrect basis for decision here, for two primary reasons.  First, the Court declined to adopt the Northern District Patent Local Rules when it was previously suggested by Defendants' counsel.  Second, even if the Northern District Patent Local Rules were in force here, there is <u>nothing</u> in the Northern District Patent Local Rules that requires a plaintiff to select a subset of infringed claims to take to trial, at <u>any</u> point in the proceedings.  The portion of the Northern District Patent Local Rules that the Magistrate Judge cited require that the plaintiff provide a claim chart identifying the claims that the plaintiff contends are infringed and the bases for the contentions of infringement.  (N.D. Cal. Patent Local Rule 3-1)  In fact, Stamps.com has done exactly that, in its supplemental interrogatory responses served on Defendants in March and April 2008.  There is simply no warrant for the Magistrate Judge to order Stamps.com to select its claims prior to the close of expert discovery.  Moreover, it bears noting that the Northern District Patent Local Rules require a defendant to provide a claim chart specifying, on a claim by claim basis, the bases for its allegations of infringement.  (N.D. Cal. Patent Local Rule 3-3)  This is the quid pro quo for a plaintiff's early obligation to disclose its infringement contentions.  Defendants have refused to do so, despite the fact that Stamps.com served them with an interrogatory more than one year ago requesting exactly this information.  Accordingly, Stamps.com intends to move for reconsideration of the Magistrate Judge's Order.

**B.     There is No Good Cause for Defendants' Ex Parte Application, Because They are Not Entitled to the Relief that They Seek**

Forcing Stamps.com to select its representative claims now, instead of after expert discovery, would require Stamps.com to abandon hundreds of claims for which there is copious evidence of infringement while lacking any clear explanation of the Defendants' invalidity contentions.  The purpose of selecting a set of representative claims is to limit the scope of the issues to be addressed at

trial, while still providing the plaintiff a fair opportunity to put on its best case. Because infringement of even a single claim supports an award of damages, *CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1236 (Fed. Cir. 2005), the Court should stand by its March 17 decision to permit Stamps.com a fair opportunity to pursue its strongest claims.  Stamps.com cannot select the best representative claims until after the close of expert discovery, because only then will both parties have disclosed all of their evidence and bases for their infringement and invalidity postitions.

Defendants' request that Stamps.com be ordered to select 15 claims to take to trial prior to the close of expert discovery is equivalent to a request from Stamps.com that Defendants be ordered to limit themselves to five or ten prior art references <u>before</u> they have seen which claims Stamps.com alleges are infringed. In either case, a party would be required to abandon claims and defenses due not to any lack of evidence (as would be the case following summary judgment), but rather simply in order to accommodate the other party's wish to be relieved of a portion of the cost of litigating this case.  This would be entirely inappropriate. Stamps.com paid $7,500,000 for the portfolio of intellectual property that includes nine of the eleven patents in suit.

Granting Defendants' Application guts the value of Stamp.com's investment in this technology because it forces Stamps.com to select its representative claims while simultaneously preventing Stamps.com from making informed selections because Stamps.com must make its selections without any information about Defendants' invalidity contentions.  Thus, Stamps.com risks prematurely abandoning strong claims in favor of weak.

Moreover, this unfair result would be particularly egregious here given that Stamps.com has diligently worked to meet the May 16 expert report deadline. Stamps.com has put in hours of work to complete the expert report by May 16 and have been working for weeks to address all claims identified in their Supplemental

Responses despite disagreements about the adequacy of Defendants' document production.

Defendants' position, conversely, is a curious one. On the one hand, they protest that the burden of preparing expert reports to support their allegations of invalidity would be unreasonably large. Yet, they have known that they would one day have to justify their allegations with expert reports and testimony, and in fact they provided notice that they had retained experts to prepare these reports and provide this testimony as early as January 2008. (Graves Decl.) It is simply inconceivable that now, on the date their invalidity expert report is due, Defendants have not already done the vast majority of the work necessary to prepare and provide their report to Stamps.com. In addition, the current owner of Defendants, Newell Rubbermaid, Defendants knowing that they would bear the costs of this litigation. On the other hand, Defendants have demonstrated no reservations about the wasting the parties' time and money by filing multiple ex parte applications and motions seeking the same relief they sought in March 2008. In any event, Defendants are not entitled to a stay of the expert report deadline, so their Ex Parte Application is meritless.

## C.   No Good Cause Exists to Stay the Expert Discovery Deadline, Because Defendants Waited Until the Last Minute

Defendants' claim that they have "acted diligently in bringing the Motion Limiting Scope before the Magistrate Judge" cannot be reconciled with the fact that they waited until 11 days before expert reports are due to bring their Motion. Defendants also claim that they are "being forced to either undertake the impossible task of drafting an expert report addressing 416 claims in two days . . . or risk having their experts precluded from opining on critical subject matter." (*Ex Parte* App. at 2) However, Defendants have "forced" the situation upon themselves. They have known for over two months which claims are going to be addressed in Stamps.com's expert report; they waited until the last possible

STAMPS.COM'S OPPOSITION TO NOTICE AND POINTS AND AUTHORITIES FOR DEFENDANTS' APPLICATION FOR AN *EX* PARTE ORDER STAYING THE MAY 16, 2008 EXPERT REPORT DEADLINE

moment to bring their Motion to Limit the Scope of Expert Discovery before the Magistrate Judge; and they have refused to provide their invalidity claims, which is the subject of a pending motion.  Instead of focusing on completing their discovery obligations, Defendants have chosen to waste time and money on three *ex parte* Applications seeking a relief that has already been denied to them in March 2008.

Furthermore, Defendants' complaint that they have only two days to address 410 claims is unfounded.  Since March 3, 2008, Plaintiff has provided Defendants with periodic updates on which claims it intends to assert during expert discovery.  In addition, Defendants have had an additional six months from the original deadline to complete its expert reports.  On May 15, 2007, the Court issued a Scheduling and Case Management Order which required the parties to provide expert reports by November 14, 2007.  (Docket # 23)  On November 27, 2007, the Court issued an Amended Scheduling Order extending the deadline to February 18, 2008.  Then, on February 11, 2008, one week before expert reports were due, the Court issued another Amended Scheduling Order extending the deadline to April 19, 2008.  More recently, on April 1, 2008, the Court issued another Amended Scheduling Order extending the deadline to May 16, 2008.  In sum, the deadline for expert reports has been extended for six months, and each extension was granted right before expert reports were due.

## IV.   **CONCLUSION**

For the reasons set forth above, the Court should deny Defendants' Application for an Ex Parte Order Staying the May 16, 2008 Expert Report Deadline.

DATED:  May 16, 2008          **GRAVES LAW OFFICE, P.C.**

By:    /S/Philip J. Graves
Philip J. Graves
Fredricka Ung
Attorneys for Plaintiff/Counter-defendant
STAMPS.COM INC.

10

## DECLARATION OF PHILIP J. GRAVES

I, Philip J. Graves, declare:

1.     I am an attorney licensed to practice law in the State of California and am a principal at Graves Law Office, P.C., counsel for Stamps.com Inc. ("Stamps.com") in the above-entitled action.  I have first-hand, personal knowledge of the facts stated herein and, if called to testify, could and would competently testify to those facts.

2.     On January 25, 2008, Defendants counsel, Dennis Smith, provided me with notice that they had retained experts to prepare these reports and provide this testimony.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 16, 2008 at Los Angeles, California.


　　　　　　　　　　　　   /s/Philip J. Graves　　　　　　　　

　　　　　　　　　　　　Philip J. Graves

---

1

**DECLARATION OF FREDRICKA UNG**

1

# DECLARATION OF FREDRICKA UNG

2  I, Fredricka Ung, declare:

3      1.      I am an attorney licensed to practice law in the State of California

4  and am an associate at Graves Law Office, P.C., counsel for Stamps.com Inc.

5  ("Stamps.com") in the above-entitled action.  I have first-hand, personal

6  knowledge of the facts stated herein and, if called to testify, could and would

7  competently testify to those facts.

8      2.      On May 14, 2008, upon receipt of Magistrate Judge Turchin's

9  Order, I emailed Defendant's counsel, Dennis Smith, notifying him that Plaintiff

10  will a motion for review and reconsideration of the Order.  Attached hereto as

11  Exhibit A is a true and correct copy of the email I sent to Mr. Smith, on May 14,

12  2008.

13      3.      Attached hereto as Exhibit B is a true and correct copy of the May

14  14, 2008 Order issued by Magistrate Judge Turchin.

15      I declare under penalty of perjury under the laws of the United States and

16  the State of California that the foregoing is true and correct.

17      Executed on May 16, 2008 at Los Angeles, California.

18

19

20                                                  Fredricka Ung

21

22

23

24

25

26

27

28

Exhibit A

Graves Law P.C. Mail - Stamps.com Inc. v. Endicia, Inc. et al.                    Page 1 of 1

Case 2:06-cv-07499-ODW -CT    Document 129    Filed 05/16/08   Page 14 of 21    Page ID
#:5222



**Fredricka Ung <fung@graveslawpc.com>**

# Stamps.com Inc. v. Endicia, Inc. et al.

**Fredricka Ung <fung@graveslawpc.com>**                              **Wed, May 14, 2008 at 1:38 PM**
To: djsmith@sheppardmullin.com, Philip Graves <pgraves@graveslawpc.com>

Dennis,

I am writing to notify you that we are going to file a motion for review and reconsideration with Judge Wright.
We would like to meet and confer with you regarding this motion today or tomorrow. Please let me know of
your availability.


--
Fredricka Ung, Esq.
Graves Law Office, P.C.
12121 Wilshire Blvd., Suite 775
Los Angeles, CA 90025
T/310-295-6500
F/310-295-6501
www.graveslawpc.com

Exhibit B

```
                                                    FILED
                                           CLERK, U.S. DISTRICT COURT

                                               MAY 1 4 2008

                                           CENTRAL DISTRICT OF CALIFORNIA
                                                           DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STAMPS.COM, INC., | ) | NO. CV 06-7499-ODW(CTx) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| v. | ) | MOTION FOR PROTECTIVE ORDER |
| | ) | LIMITING SCOPE OF EXPERT |
| | ) | DISCOVERY; AND, TAKING |
| ENDICIA, INC., and PSI SYSTEMS | ) | MAY 27, 2008 HEARING OFF- |
| INC., | ) | CALENDAR |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This patent infringement action is set for trial before the Honorable Otis D. Wright, II, United States District Judge. Trial is scheduled to commence on January 6, 2009 and the fact discovery cutoff is June 13, 2008. The initial expert reports are due on May 16, 2008 and the expert discovery cutoff is July 11, 2008.

Plaintiff has sued defendants for infringement of eleven of its patents. On March 17, 2008, the district judge granted defendants' motion to limit the number of asserted claims for the patents in suit and ordered that "[t]he court limits the number of patent claims asserted to fifteen, but will remain flexible if plaintiff shows good cause for additional claims." (March 17, 2008 Amended Minute Order). On April 22, 2008, plaintiff served its Fifth Supplement Response to

defendants' Interrogatory No. 10 and identified, in an attached claim chart, over 400 claims allegedly infringed by defendants.

### DISCUSSION

Defendants seek a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(D) essentially limiting the number of claims at issue for expert discovery purposes. Specifically, defendants seek to limit the scope of expert discovery to fifteen claims, which is the number of claims that the district judge has ordered will be at issue at trial.

For good cause shown, the court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c)(1)(D). "In determining whether good cause exists for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and nonparties." Quair v. Bega, 232 F.R.D. 638, 641 (E.D.Cal.2005).

Defendants contend that forcing them to conduct expert discovery on over four hundred different patent claims when the district judge has limited the number of claims to only fifteen would subject defendants to annoyance, oppression, and undue burden and expense. (Joint Stipulation at 3). Defendants claim that plaintiff identified all the 400-plus claims potentially at issue only a little over a month ago in plaintiff's Fifth Supplement Responses to Defendants' Interrogatory No. 10, and that responding to all those claims would require significant and expensive additional investigation and analysis and a significant expansion of defendants' expert report. (Joint Stipulation at 10-11).

The court finds that requiring defendants to conduct expert

1  discovery and to incur the expense of analyzing and preparing expert
2  reports on over 400 claims when plaintiff will ultimately be permitted
3  to pursue only fifteen or so claims at trial, would result in defendants
4  incurring undue burden and expense.  In light of the district judge's
5  order limiting the number of claims in suit, good cause exists for some
6  limitation on the number of claims in play for the purposes of expert
7  discovery.

8      Plaintiff contends that the district judge already rejected
9  defendants' request to identify the fifteen claims it will pursue prior
10 to the completion of expert discovery.  In fact, the district judge
11 specifically instructed defendants to bring any motion to limit
12 discovery based on undue burden before the magistrate judge, which is
13 what defendants have done.  (See Declaration of Dennis Smith, Ex. 15 at
14 14:9-11).

15     Plaintiff further contends that it would be unfair to effectively
16 force it to limit its patent claims prior to the close of discovery
17 because expert discovery will allow plaintiff to test its claims and
18 choose the strongest to pursue at trial.  However, other districts have
19 imposed formal rules requiring plaintiffs to identify the claims at
20 issue prior to the close of discovery.  See, e.g., N.D.Cal.Pat.R. 3-1;
21 N.D.Ga.Pat.R. 4.1.  Under the Local Patent Rules of the Northern
22 District of California, amendment of asserted claims is limited.  See
23 N.D.Cal.Pat.R. 3-6.  Those rules "are designed to require parties to
24 crystallize their theories of the case early in the litigation and to
25 adhere to those theories once they have been disclosed." Nova Measuring
26 Instruments Ltd. V. Nanometrics, Inc., 417 F.Supp.2d 1121, 1123 (N.D.
27 Cal. 2006); O2 Micro International Ltd. v. Monolithic Power Systems,
28 Inc., 467 F.3d 1355, 1366 (Fed.Cir. 2006)(Northern District of

1   California patent rules "seek to balance the right to develop new

2   information in discovery with the need for certainty as to the legal

3   theories."). <u>See also</u> <u>McKesson Information Solutions, LLC v. Epic</u>

4   <u>Systems Corporation</u>, 495 F.Supp.2d 1329, 1332 (N.D.Ga. 2007)(describing

5   the Northern District of Georgia's local patent rules as "an 'exercise

6   in forced door closing'" and stating that the rules are designed to put

7   the parties "on notice early in the discovery process of the

8   infringement and invalidity issues in the case" and "discourage

9   gamesmanship").

10       In this case, plaintiff should be required to chose a reasonable

11   number of claims it seeks to pursue in discovery before the parties

12   proceed with expensive and time consuming expert discovery on hundreds

13   of claims that will never be litigated at trial. However, the district

14   judge did not limit plaintiff to pursuing only fifteen claims in

15   discovery and specifically stated that the court would remain flexible

16   if plaintiff showed good cause for additional claims. Accordingly, the

17   court finds that, while plaintiff should be limited to a reasonable

18   number of claims during expert discovery, plaintiff should not be

19   limited to only fifteen.[1]

## ORDER

21       The magistrate judge has carefully considered the documents filed

22   in support of and in opposition to the Motion. The Motion is **GRANTED IN**

23   **PART** as follows, <u>see</u> Fed.R.Civ.P. 26(c), and otherwise **DENIED**:

24   1.   Plaintiff shall serve a revised claim chart identifying thirty

25       patent claims it intends to pursue during expert discovery and

26       expert discovery shall be limited to those identified claims.

27

28       [1]This order is not intended to supersede any order issued by
the district judge.

4

Case 2:06-cv-07499-ODW-CT  Document 129  Filed 05/16/08  Page 20 of 21  Page ID
#:5228
Case 2:06-cv-07499-ODW-CT  Document 124  Filed 05/14/2008  Page 5 of 5

1   2.    To the extent that the parties subsequently agree to discovery that

2         is different from that ordered herein, the parties may modify this

3         order by agreement in writing.

4         Either side may file a motion for review and reconsideration with

5   the district judge within ten court days of service of this order.  See

6   Local Rule 72-2.1; Fed.R.Civ.P. 6(a).  This order is stayed if such a

7   motion is filed until further order of the district judge. **If no such**

8   **motion is made, plaintiff SHALL serve its revised claim chart forthwith.**

9   **The hearing previously set for May 27, 2008 is taken off calendar.**

10

11  DATED:  May 14, 2008

12                                      _____
                                        CAROLYN TURCHIN
13                                      UNITED STATES MAGISTRATE JUDGE

14

15  cc:  Judge Wright

16       Philip J. Graves, Esq.
         Graves Law Offices
17       12121 Wilshire Boulevard, Suite 775
         Los Angeles, CA 90025

18

19       Gregory A. Long, Esq.
         Dennis J. Smith, Esq.
20       Daniel Craig Muniz, Esq.
         Gary A. Clark, Esq.
21       Sheppard Mullin Richter and Hampton
         333 South Hope Street, 48th Floor
22       Los Angeles, CA 90071

23

24

25

26

27

28

# **PROOF OF SERVICE**

I am over the age of eighteen years and not a party to this action.  My business address is Graves Law Office, P.C., 12121 Wilshire Boulevard, Suite 775, Los Angeles, California 90025.

On May 16, 2008, I served the following document entitled:

**STAMPS.COM'S OPPOSITION TO NOTICE AND POINTS AND AUTHORITIES FOR DEFENDANTS' APPLICATION FOR AN *EX PARTE* ORDER STAYING THE MAY 16, 2008 EXPERT REPORT DEADLINE; DECLARATIONS OF PHILIP J GRAVES AND FREDRICKA UNG**

on all interested parties to this action in the manner prescribed as follows:

*Attorneys for Defendants*
**ENDICIA, INC. and PSI SYSTEMS, INC.**
Gregory A. Long. Esq.
Gary A. Clark, Esq.
Dennis J. Smith, Esq.
Daniel C. Muniz, Esq.
Brigette A. Agness
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
333 South Hope Street, 48th Floor
Los Angeles, California  90071

__X__**CM/ECF**: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

I declare that I am employed by a member of the bar at whose direction such service was made.

Executed on May 16, 2008, at Los Angeles, California.

*Tara Mitcheltree*

11