1   GREGORY A. LONG, Cal. Bar No. 57642
    E-mail:  glong@sheppardmullin.com
2   GARY A. CLARK, Cal. Bar No. 65455
    E-mail:  gclark@sheppardmullin.com
3   DENNIS J. SMITH, Cal. Bar No. 233842
    E-mail:  djsmith@sheppardmullin.com
4   DANIEL C. MUNIZ, Cal. Bar No. 240477
    E-mail:  dmuniz@sheppardmullin.com
5   BRIDGETTE A. AGNESS, Cal. Bar No. 221900
    E-mail:  bagness@sheppardmullin.com
6   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
7     Including Professional Corporations
    333 South Hope Street, 48th Floor
8   Los Angeles, California  90071-1448
    Telephone:  (213) 620-1780
9   Facsimile:  (213) 620-1398

10

    Attorneys for Defendants and Counterclaimants
11  ENDICIA, INC. and PSI SYSTEMS, INC.

12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

                         WESTERN DIVISION
15

| | |
|---|---|
| STAMPS.COM, INC., | Case No. CV 06-7499 ODW (CTx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **[Referred to Hon. Carolyn Turchin]** |
| ENDICIA, INC., and PSI SYSTEMS, INC., | **DEFENDANTS ENDICIA, INC. AND PSI SYSTEMS, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW RE PLAINTIFF, STAMPS.COM INC.'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | [Declaration of Dennis J. Smith attached hereto]<br>Hearing<br>Date:     June 2, 2008<br>Time:     2:00 p.m.<br>Ctrm:     590, Hon. Carolyn Turchin |

-1-

## SUPPLEMENTAL MEMO OF LAW

On May 14, 2008, after the Plaintiff, Stamps.com Inc., filed its motion to compel further responses to interrogatories, the Court issued its ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE LIMITING SCOPE OF EXPERT DISCOVERY, AND, TAKING MAY 27, 2008 HEARING OFF-CALENDAR ("the Order").  The Defendants recognize that the Court is aware of its Order but would like to point out that the rational expressly provided in the Order has equal application and effect with respect to the demands embodied in the Plaintiff's Interrogatory Nos. 1 and 3.[1]

The Order requires the Plaintiff to serve a revised claim chart identifying 30 patent claims it intends to pursue during expert discovery and states that expert discovery shall be limited to those 30 identified claims.  The unambiguous language in both the Discussion and the Order itself is equally applicable to the Plaintiff's unreasonable demands that the Defendants respond to Interrogatory Nos. 1 and 3 by providing claim by claim invalidity and non-infringement analyses covering more than 400 claims that likely will not be addressed at claim construction or trial.  The Plaintiff maintains that, because it provided the Defendants with notice that the Plaintiff intends to file a motion for review and reconsideration, the scope of expert discovery still encompasses all 416 claims.  In light of the Court's Order, the Plaintiff must be wrong.

The Order validates the Defendants' motion to limit the scope of expert discovery (contrary to the Plaintiff's allegations, "the district judge specifically instructed defendants to bring any motion to limit discovery based on undue burden before the magistrate judge, which is what defendants have done")

---

[1] In addition to the Defendants' other valid objections to Interrogatory Nos. 1 and 3 (e.g., Interrogatory Nos. 1 and 3 demand claim by claim non-infringement and invalidity analyses concerning more than 400 claims and, therefore, each counts as hundreds of individual interrogatories).

-1-

1   (3:10-13).  The Order also specifically states that the burden of producing expert

2   reports covering more than 400 claims constitutes undue burden and expense.

3   ("The court finds that requiring defendants to conduct expert discovery and to

4   incur the expense of analyzing and preparing expert reports on over 400 claims

5   when plaintiff will ultimately be permitted to pursue only fifteen or so claims at

6   trial, would result in the defendants incurring undue burden and expense")  (2:28-

7   3:4.).

8           The Order, therefore, acknowledges the unreasonableness of

9   demanding a claim by claim analysis of more than 400 claims that likely will not

10  be addressed during claim construction or trial.  The Defendants have conducted

11  themselves in a reasonable manner consistent with the Court's conclusions and the

12  Defendants still do not know which of the 416 total claims will be included in the

13  30 claims ultimately identified by the Plaintiff.

14          The Order then concludes that "plaintiff should be required to chose a

15  reasonable number of claims it seeks to pursue in discovery **before** the parties

16  proceed with expensive and time consuming expert discovery on hundreds of

17  claims that will never be litigated at trial."  (4:10-13.) (emphasis added).  Finally,

18  the Order mandates that:

19          Plaintiff shall serve a revised claim chart identifying thirty

20          patent claims it intends to pursue during expert discovery

21          and expert discovery shall be limited to those identified

22          claims.

23  (4:24-26.)

24          The Plaintiff chooses to ignore all of the aforementioned language and,

25  instead, clings to a single sentence providing procedural instructions concerning the

26  Plaintiff's right to file a motion for review and reconsideration.  (5:4-7.)  It is the

27  Plaintiff's position that this procedural language allows the Plaintiff to thwart the

28  clear command, intent and spirit of the Order simply by notifying the Defendants

-2-

1    that it intends to file a motion for review and reconsideration.  The Plaintiff's

2    position would eviscerate the Court's Order.

3              The Order is clear on its face and has equal effect on the Plaintiff's

4    demands concerning Interrogatory Nos. 1 and 3.  Accordingly, the Defendants ask

5    that the Court deny the Plaintiff's demands concerning claim by claim responses for

6    Interrogatory Nos. 1 and 3 until the Plaintiff identifies the 30 claims it intends to

7    pursue during expert discovery.

8

9    Dated:  May 19, 2008

10                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12                  By        /s/ - Dennis J. Smith

13                                   GREGORY A. LONG
                                     GARY A. CLARK

14
                                     DENNIS J. SMITH
15                           Attorneys for Defendants and Counterclaimants
                             ENDICIA, INC. and PSI SYSTEMS, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

DEFENDANTS' SUPPLEMENTAL MEMORANDUM
                                     OF LAW RE MOTION TO COMPEL FURTHER
                                     INTERROGATORY RESPONSES