FILED
CLERK, U.S. DISTRICT COURT
MAY 21 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STAMPS.COM, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ENDICIA, INC., and PSI SYSTEMS INC.,**<br><br>**Defendants.** | **NO. CV 06-7499-ODW(CTx)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES; DENYING PLAINTIFF'S REQUEST FOR SANCTIONS; AND, TAKING THE JUNE 2, 2008 HEARING OFF-CALENDAR** |

This patent infringement action is set for trial before the Honorable Otis D. Wright, II, United States District Judge. Trial is scheduled to commence on January 6, 2009 and the fact discovery cutoff is June 13, 2008. The initial expert reports have been continued to June 10, 2008.

On March 17, 2008, the district judge granted defendants' motion to limit the number of asserted claims for the patents in suit and ordered that "[t]he court limits the number of patent claims asserted to fifteen, but will remain flexible if plaintiff shows good cause for additional claims." (March 17, 2008 Amended Minute Order).

On April 22, 2008, plaintiff served its Fifth Supplement Response to defendants' Interrogatory No. 10 and identified, in an attached claim

chart, over 400 claims allegedly infringed by defendants.

On May 14, 2008, the magistrate judge granted in part defendants' motion for a protective order limiting the scope of expert discovery to thirty patent claims. The order required plaintiff to serve a supplemental claim chart listing the thirty claims that it chose to pursue in expert discovery.

**CURRENT DISPUTE**

By the present motion,[1] plaintiffs seek to compel further responses to the following interrogatories:

Interrogatory 1:

"On a claim by claim basis, state with specificity all facts and reasons known to [defendants] that support [defendants'] allegation that each of the Patents in Suit are invalid, identify all natural persons with knowledge of such fact or reason, and identify all DOCUMENTS, references, or facts that [defendants] contend render the claim invalid, either individually or in combination."

Interrogatory 3:

"For each of the ACCUSED PRODUCTS with respect to which [defendants] deny [plaintiff's] allegations of infringement or seek a declaration of non-infringement, identify such product by name and description, and provide a claim chart showing with specificity, on a claim by claim basis, why the product does not infringe each of the PATENTS IN SUIT.

Interrogatory 5:

"Identify by date, author, subject matter and conclusion all studies, analyses, evaluations, and opinions, whether written or oral, concerning the validity or enforceability of the PATENTS IN SUIT or whether any of the ACCUSED PRODUCTS infringe or infringed upon any of the PATENTS IN SUIT, including but not limited to any written opinion(s) of counsel, and identify all PERSONS with knowledge of any research in order of greatest involvement to least involvement."

---

[1]The Joint Stipulation and exhibits amounted to over six inches of paper. The court cautions the parties against attaching numerous and voluminous exhibits. The parties should use discretion in attaching exhibits that now must be printed out by the court clerk and should attach only those exhibits necessary to the resolution of the motion.

Defendants provided responses to these interrogatories, but plaintiff contends that (1) the response to Interrogatory No. 1 is deficient because defendants did not provide descriptions on a claim by claim basis; (2) the response to Interrogatory No. 3 is deficient because defendants did not provide a noninfringement claim chart as requested or identify non-infringement allegations on a claim by claim basis; and, (3) defendants' response to Interrogatory No. 5 is deficient because defendants responded with only objections and provided no information.

Defendants contend that Interrogatory Nos. 1 and 3 are objectionable as premature because plaintiff only recently provided its final infringement contentions in a claim chart. Defendants also claim that, in light of the district judge's recent order limiting the claims at issue to fifteen, these interrogatories, which seek information concerning all of the over 600 claims in the patents at issue, are overbroad, unduly burdensome and oppressive. Finally, defendants argue that these interrogatories contain numerous subparts causing them to exceed the twenty-five interrogatories permitted by the federal discovery rules. With respect to Interrogatory No. 5, defendants that they disclosed any non-privileged information in a privilege log served on plaintiff.[2]

**DISCUSSION**

Interrogatory Nos. 1 and 3 are essentially contention interrogatories, which are generally proper. See O'Connor v. Boeing

---

[2]Plaintiff does not challenge defendants' claims of privilege with respect to the specific documents identified in defendants' privilege log or the adequacy of defendants' privilege log.

North American, Inc., 185 F.R.D. 272, 281-82 (C.D.Cal. 1999); see also Protective Optics, Inc. v. Panoptx, Inc., 2007 WL 96372 (N.D. Cal.) (granting motion to compel response to contention interrogatory seeking the identification of patent claim limitations that the defendant claims were not met by the accused product). Defendants object that these interrogatories are premature. At this point, however, regardless of whether defendants may have had a basis for claiming that the interrogatories were premature when they were originally served over a year ago, that objection is no longer valid as the discovery cutoff is less than a month away and, as defendants concede, plaintiff has provided a claim chart identifying the claims that are allegedly infringed and that will be addressed in its expert report.

However, defendants also contend that these interrogatories are overbroad and unduly burdensome because they would require defendants to analyze and identify infringement and invalidity arguments and facts for the over 400 patent claims plaintiff currently claims are infringed, despite the fact that the district judge has limited plaintiff to pursuing only fifteen or so claims at trial. Defendants did not make this specific objection in their original responses, although they did object that these interrogatories were overbroad and unduly burdensome for other reasons and also objected to answering these interrogatories because plaintiff had not provided claim by claim infringement contentions. ( See Joint Stipulation at 15-16, 99-100). Plaintiff contends that defendants' burdensomeness objections set forth in their responses are waived because they are too nonspecific.

Generally, the failure to make a timely and specific objection in written discovery responses waives the objection. See Richmark Corp. v.

Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see also Safeco Insurance Co. Of America v. Rawstrom, 183 F.R.D. 668, (C.D.Cal. 1998)(holding that interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause). However, for good cause, the court may excuse the failure to timely object. Fed.R.Civ.P. 33(b)(4).

Here, at the time the interrogatories had been served, plaintiff had not identified the full number of patent claims they alleged were infringed. In fact, plaintiff identified the total number of claims allegedly infringed only recently. Moreover, on March 17, 2008, the district judge ordered that the claims at trial would be limited to fifteen or so. Under these circumstances, the court finds good cause to allow defendants to assert their current objection that these interrogatories are overbroad and unduly burdensome because they seek responses on a claim by claim basis with respect to all, or nearly all, the over 600 patent claims of the eleven patents in suit. For the reasons set forth in this court's May 14, 2008 Order limiting expert discovery to thirty claims to be identified by plaintiff, the court finds that defendants should further respond on a claim by claim basis, but those responses should be limited to the specific claims at issue.

Finally, defendants object that Interrogatory Nos 1 and 3 exceed the numerical limit because they are made up of numerous subparts. Federal Rule of Civil Procedure 33(a) states: "any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete subparts." "Parties cannot evade this presumptive limitation through the device of joining as 'subparts'

questions that seek information about discrete separate subjects." Advisory Committee Notes of 1993 to Fed.R.Civ.P. 33. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" Trevino v. ACB American, Inc., 232 F.R.D. 612, 613 (N.D. Cal.2006)(citation omitted).

At least one court found that contention interrogatories requesting seeking facts supporting contentions, persons with knowledge of those facts, and documents containing the facts were three separate interrogatories. See Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 686 (D.Nev.1997). This court finds that the requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory because they are subsumed within the primary question of facts supporting defendants' infringement and validity contentions.

However, at least one court has found that an interrogatory asking about all twenty-six of the defendant's accused products constituted twenty-six different interrogatories. See Collaberation Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D.Cal. 2004). While this court does not agree that information concerning each patent claim is a separate subpart, the court does find that interrogatories seeking facts relating to separate patents or separate accused products seek information concerning distinct subjects and, therefore, constitute separate interrogatories. Plaintiff makes no argument to the contrary except to state that defendants answered these interrogatories so their argument must be frivolous. (Joint Stipulation at 114). Among other

things, this argument ignores the fact that plaintiff is seeking to compel further answers. However, defendants have not shown that, even if Interrogatory No. 1 constitutes eleven separate interrogatories because it concerns eleven different patents and Interrogatory No. 3 is actually five interrogatories directed to each of the accused products, that plaintiff has exceeded the twenty-five interrogatory limit.

In any event, given that defendant has also posed interrogatories concerning multiple patents, see Joint Stipulation at 12, and should have reasonably stipulated to permitting a reasonable number of excess interrogatories in this action involving eleven patents, even if the subject interrogatories did exceed the numerical limit by a reasonable number (e.g., if Interrogatory No. 1 constituted three separate interrogatories (facts, documents, persons) for each patent), the court would permit the additional interrogatories. See Protective Optics, Inc., 2007 WL 963972 at * 2 ("In patent cases in particular, where issues are often more complex than the typical federal case for which the presumptive limit was developed, leave to exceed 25 interrogatories may well be appropriate.").

With respect to Interrogatory No.5, defendants should be required to provide further responses setting forth any non-privileged responsive information. To the extent that defendants contend that no such information exists, they should so state in a sworn declaration by a competent witness.

**ORDER**

The magistrate judge has carefully considered the documents filed in support of and in opposition to the Motion. The Motion is **GRANTED IN PART** as follows, and otherwise **DENIED**:

1. Interrogatory No. 1: Defendants shall serve further responses that provide the requested information on a claim by claim basis. Defendants' response may be limited to the thirty claims identified in plaintiff's revised claim chart that the court ordered plaintiff to serve in its prior order of May 14, 2008. To the extent that the district judge subsequently orders that additional claims are at issue for the purposes of discovery or trial, defendants shall serve supplemental responses providing the requested information on a claim by claim basis for those additional claims.

2. Interrogatory No. 3: Defendants shall serve the requested non-infringement claim chart showing, on a claim by claim basis, why the accused products do not infringe that patents in suit. Defendants' response may be limited to the thirty claims identified in plaintiff's revised claim chart that the court ordered plaintiff to serve in its prior order of May 14, 2008. To the extent that the district judge subsequently orders that additional claims are at issue for the purposes of discovery or trial, defendants shall serve supplemental responses providing the requested information on a claim by claim basis for those additional claims.

3. Interrogatory No. 5: Defendant shall provide further responses to this interrogatory that provide all responsive non-privileged information. To the extent that defendants contend that no such information exists, defendants shall serve a sworn declaration of a competent witness so stating.

4. Plaintiff's request for sanctions is DENIED.

5. To the extent that there are any inconsistencies between the discussion section of this order and the order, the order controls.

6. To the extent that the parties subsequently agree to discovery that is different from that ordered herein, the parties may modify this order by agreement in writing.

Either side may file a motion for review and reconsideration with the district judge within ten court days of service of this order. See Local Rule 72-2.1; Fed.R.Civ.P. 6(a). This order is stayed if such a motion is filed until further order of the district judge. **If no such motion is made, defendants SHALL serve the ordered responses and declaration within fifteen days of this order. The hearing previously set for June 2, 2008 is taken off calendar.**

DATED: May 21, 2008

Carolyn Turchin
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

cc: Judge Wright

Philip J. Graves, Esq.
Graves Law Offices
12121 Wilshire Boulevard, Suite 775
Los Angeles, CA 90025

Gregory A. Long, Esq.
Dennis J. Smith, Esq.
Daniel Craig Muniz, Esq.
Gary A. Clark, Esq.
Sheppard Mullin Richter and Hampton
333 South Hope Street, 48th Floor
Los Angeles, CA 90071