UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAMPS.COM, INC., | NO. CV 06-7499-ODW(CTx) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS: (1) RE: WAIVER OF PRIVILEGE; AND, (2) TO COMPEL PLAINTIFFS TO PRODUCE ADDITIONAL CORPORATE REPRESENTATIVES FOR DEPOSITION; DENYING REQUEST FOR SANCTIONS; AND, TAKING OCTOBER 14, 2008 HEARING OFF-CALENDAR |
| v. | |
| ENDICIA, INC., and PSI SYSTEMS INC., | |
| Defendants. | |

This patent infringement action is set for trial before the Honorable Otis D. Wright, II, United States District Judge. Trial is scheduled to commence on May 12, 2009 and the fact discovery cutoff is October 17, 2008. Defendants have filed a motion to determine whether plaintiff waived privileges regarding documents and the testimony of its in house counsel and a second motion to compel plaintiff to produce additional corporate representatives for deposition pursuant to Federal Rule of Civil Procedure

30(b)(6).[1] For the reasons discussed below, the motions are denied in part and granted in part as ordered herein.

**CURRENT DISPUTE**

As a result of the present motions, the following issues are currently in dispute:

- Whether plaintiff has waived its claims of privilege with respect to certain documents that plaintiff claims were inadvertently produced and, if so, whether defendants should be permitted to conduct additional discovery as to the subject matter of those documents;

- Whether and to what extent plaintiff waived its right to assert attorney-client privilege and/or work product protection as to the topics for which plaintiff designated its general counsel as the corporate representative under Fed.R.Civ.P. 30(b)(6);

- Whether plaintiff should be ordered to re-designate corporate representatives to testify pursuant to defendants' Rule 30(b)(6) notice and whether defendants should be given additional time to further depose plaintiff's corporate representatives;

- Whether plaintiff should be required to produce documents reviewed by the witnesses in preparation for testifying pursuant to Federal Rule of Evidence 612; and,

- Whether sanctions should be awarded to defendants.

**DISCUSSION**

I. **Waiver of Privilege**

   A. **Documents Inadvertently Produced**

Defendants seek a ruling as to whether plaintiff waived privilege as to three documents that plaintiff contends were inadvertently produced to defendants. Essentially, based on the submission of the parties, including the declarations of counsel, it appears that plaintiff inadvertently produced a number of

---

[1]Plaintiff contemporaneously filed two discovery motions also set for hearing on October 14, 2007. The court is addressing those motions by a separate order.

potentially privileged documents. Defense counsel called plaintiff's counsel's attention to the production of these documents and, after confirming that some of the documents were privileged, plaintiff's counsel stated the remainder were highly confidential, but not privileged. (Ung Declaration at ¶¶ 4-14) Plaintiff's counsel now states that, due to additional errors or misunderstandings on plaintiff's side, a small number of these documents were, in fact, privileged and should not have been produced. (Graves Declaration at ¶ 6; Weisberg Declaration at ¶¶ 11-13; Ung Declaration at ¶¶ 2-19).

On September 19, 2008, Congress amended the Federal Rules of Evidence by adding Federal Rule of Evidence 502 which provides, in pertinent part:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
>
> **(a) Disclosure made in a Federal proceeding or to a Federal office or agency; scope of a waiver.**--When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
>
>     (1)  the waiver is intentional;
>
>     (2)  the disclosed and undisclosed communications or information concern the same subject matter; and
>
>     (3)  they ought in fairness to be considered together.
>
> **(b) Inadvertent disclosure.**--When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
>
>     (1)  the disclosure is inadvertent;

>   (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
>   (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed.R.Evid. 502. This amendment applies to actions pending as of the date of its enactment (September 19, 2008) "insofar as is just and practicable." See Pub.L. No. 110-322, § 1(c), 122 Stat. 3538 (2008).

In recommending the passage of Senate Bill 2450, the Senate Judiciary Committee noted:

> [T]hough most documents produced during discovery have little value, lawyers must nevertheless conduct exhaustive reviews to prevent the inadvertent disclosure of privileged material. In addition to the amount of resources litigants must dedicate to preserving privileged material, the fear of waiver also leads to extravagant claims of privilege, further undermining the purpose of the discovery process. Consequently, the costs of privilege review are often wholly disproportionate to the overall cost of the case.

S.Rep. 110-264, at 2 (2008). The purpose of the bill was to provide "a predictable and consistent standard to govern the waiver of privileged information" and provide a new "Federal Rule of Evidence 502 to limit the consequences of inadvertent disclosure, thereby relieving litigants of the burden that a single mistake during the discovery process can cost them the protection of a privilege." Id., at 3.

Here, although defendants contend that the production of the documents and later assertion of privilege was part of an intentional plot to frustrate discovery, it appears to the court, based on the evidence before it, that the disclosure of the allegedly privileged documents was inadvertent.

4

Moreover, plaintiff took reasonable steps to prevent disclosure including an exhaustive review of documents for privilege by plaintiff's general counsel, although there were apparently mistakes made in coding or redacting a small number of documents (out of millions of pages produced). (See Weisberg Declaration at ¶¶ 4-10).

Finally, after defense counsel brought the production of a number of potentially privileged documents to the attention of plaintiff's counsel, the substantive review of the documents at issue was delayed due to further mistakes and miscommunications. The court notes that it appears that the review of the documents was delegated to a new associate and paralegals, who may not have been in the best position to determine whether the documents were privileged. In addition, the error in designating the documents as highly confidential rather than privileged was apparently due to the fact that the documents had been improperly coded on the document database. (Ung Declaration, ¶¶ 7-14). At the time this was occurring, senior counsel was out of town for depositions and was also preparing for another trial. (Graves Declaration at ¶¶ 2-5). However, once the inadvertent production of the documents at issue came to the attention of senior counsel and plaintiff's general counsel, counsel acted promptly to request that the privileged material be redacted from the documents.[2] (Graves

---

[2] The court also finds that plaintiff provided notice of the inadvertent production within five business days of actually becoming aware of the inadvertent production as required by the Stipulated Protective Order in this case. (See Stipulated Protective Order at ¶ 23). Due to the errors described herein, plaintiff did not become aware that privileged documents had been produced until plaintiff's general counsel and senior outside

Declaration at ¶6; Weisberg Declaration at ¶¶ 13, 14). Under these unique circumstances,[3] the court finds that no waiver of privilege occurred with respect to any of the three documents at issue and there was no resulting waiver of the subject matter of the inadvertently disclosed communications. See Fed.R.Evid. 502(b).

### B. Waiver by Designation of Corporate Counsel

Defendants further claim that plaintiff broadly waived privilege or work product protection with respect to a number of issues by designating its corporate general counsel, Seth Weisberg, on 72 of the topics set forth in defendants Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") deposition notice. During Mr. Weisberg's deposition, counsel instructed Mr. Weisberg not to testify in response to a number of questions based on assertions of attorney-client privilege and work product protection.

The designation of corporate counsel as a witness pursuant to Rule 30(b)(6) to testify on factual matters does not waive the attorney-client or work product privilege. See In re Pioneer Hi-Bred Intern., Inc., 238 F.3d 1370, 1376 (Fed. Cir. 2001); see also Motley v. Marathon Oil Co., 71 F.3d 1547, 1552 (10th Cir.1995) (stating that mere designation of counsel as corporate representative for deposition pursuant to Fed.R.Civ.P. 30(b)(6) does not waive attorney-client privilege). As the Federal Circuit explained in Pioneer, "[c]ounsel is often a fact witness with

---

counsel actually looked at the documents.

[3]Counsel are cautioned that discovery should not be delayed or impeded because counsel has inappropriately delegated the responsibility of reviewing or preparing discovery and the court may not excuse such conduct in the future.

6

respect to various events, and may testify on deposition by the opposing party as to such matters without waiver."[4]  238 F.3d at 1376.  This means that:

> [w]hen general counsel is designated by a party as one of its Rule 30(b)(6) witnesses the witness is required to testify about the business operations of the corporation to the extent he is knowledgeable about the operations, irrespective of the fact that he also serves as legal advisor for the corporation. Questions posed which elicit purely factual information that is now in the possession of corporate officials and do not ask for the substance of communications between counsel and client are to be answered as the answers to these inquiries will not be disclosing legal advice of counsel.

Sony Electronics, Inc. v. Soundview Technologies, Inc., 217 F.R.D. 104, 109-110 (D.Conn. 2002)(internal citation omitted)(finding that for all forty-seven questions that the defendant claimed were unanswered by corporate counsel, who was the designated under Rule 30(b)(6) to testify on the topics at issue, corporate counsel either replied to the questions at some point during the deposition or did not answer the questions based on proper assertions of privilege).

Here, plaintiff did not waive attorney-client privilege or work product protection merely by designating Mr. Weisberg to testify regarding factual information with respect to the relevant topics.  The topics on which Mr. Weisberg was designated to testify appear to generally seek factual information, rather than seeking only privileged communications or work product.  For example, the

---

[4] However, the court also noted that "[a] different result would obtain, of course, if counsel were offered to testify as to privileged or protected matters and might obtain if counsel were offered as a fact witness at trial by his client."  238 F.3d at 1376, citing United States v. Nobles, 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

deposition topics include plaintiff's history, organizational structure, and statements and representations made by plaintiff to the U.S. Patent and Trademark Office in prosecuting the patents-in-suit. (See Long Declaration, Ex. C).

Defense counsel is responsible for formulating his own deposition questions in a way that obtains the factual information sought. However, a deposition is not a cat-and-mouse game. Plaintiff's counsel suggested that defense counsel could obtain the sought after information by properly formulating his questions, but plaintiff's general assertions of privilege with no explanation or specificity, frustrated the discovery of relevant factual information. (See Long Declaration, Ex. E (Weisberg Deposition) at 37:19-39:2). This was particularly problematic in this case because plaintiff designated Mr. Weisberg as the Rule 30(b)(6) witness on the vast majority of the identified topics. Moreover, other than the general assertions of privilege in the deposition excerpts submitted – and the context of the privilege assertion is not always clear from those excerpts – plaintiff has failed to explain the basis for its privilege or work product assertions to the court, see Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 25 (9th Cir. 1981)(burden of proving attorney-client privilege rests with party asserting the privilege), although at least some of the objections were directed at what appears to be potentially privileged attorney-client communications. (See, e.g., Long Declaration, Ex. E at 45:6-23).

Accordingly, defendants should have additional deposition time on the topics with respect to which plaintiff asserted privilege in

8

1 | Mr. Weisberg's 30(b)(6) deposition. Before the continued
2 | deposition, counsel shall meet and confer as ordered below to
3 | clarify the scope of and basis for plaintiff's assertions of
4 | privilege on these topics to facilitate the discovery of non-
5 | privileged relevant information.
6 | **II.  Rule 30(b)(6) Depositions**
7 |     **A.   Proper Designation of Corporate Representatives**
8 | "Rule 30(b)(6) depositions . . . are often referred to as
9 | 'persons most knowledgeable' or 'persons most qualified'
10 | depositions because 'the notice of deposition or subpoena is
11 | directed at the entity itself' and '[t]he entity will then be
12 | obligated to produce the 'most qualified' person [or persons] to
13 | testify on its behalf....'" Mattel, Inc. v. Wlaking Mountain
14 | Productions, 353 F.3d 792, 798 n. 4, citing Schwarzer, Tashima &
15 | Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 11:1409
16 | at 11-142 (The Rutter Group 2003). Thus, once served with a Rule
17 | 30(b)(6) deposition notice, "the responding party is required to
18 | produce one or more witnesses knowledgeable about the subject
19 | matter of the noticed topics." Great American Ins. Co. Of New York
20 | v. Vegas Const. Co., Inc., 251 F.R.D. 534, 538 (D.Nev. 2008),
21 | citing Marker v. Union Fidelity Life Insurance Company, 125 F.R.D.
22 | 121, 126 (M.D.N.C.1989).
23 | A designated corporate representative's testimony represents
24 | the knowledge of the corporation, not of the individual deponents.
25 | Id. Accordingly, regardless of whether the individual deponent has
26 | personal knowledge on the designated topic, a corporation has "a
27 | duty to make a conscientious, good-faith effort to designate
28 |

knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Id. at 539 (citations omitted). "'By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity.'" Id., quoting Alliance v. District of Columbia, 437 F.Supp.2d 32, 37 (D.D.C. 2006). If an organization designates a witness it believes in good faith would be the most knowledgeable on the designated topic and that turns out not to be true, the corporation is obligated to designate an additional knowledgeable deponent. Id. at 540 (citations omitted).

Here, defendants contend that plaintiff failed to designate the persons most knowledgeable on the 93 topics listed in defendants' deposition notice. Specifically, defendants contend that deponents Michael Biswas, Kenneth McBride, and Seth Weisberg were not properly designated or prepared. With respect to Mr. Weisberg, defendants' contentions, which center on the assertions of privilege during Mr. Weisberg's deposition, are addressed in the preceding section.

Defendants contend that Kenneth McBride, who is President and CEO of plaintiff, was not adequately prepared because he was not familiar with the patents-in-suit, was not familiar with plaintiff's patent license agreements with e-Bay and Pitney Bowes, and was not familiar with "Project Mailstorm," which apparently involved a pre-purchase analysis of defendants' business. (Joint

10

Stipulation (Defs.' Motion to Compel) at 17-21). However, defendants have not demonstrated that Mr. McBride was designated to testify regarding any topics covering those issues. Defendants contend that Mr. McBride should have reviewed the patents-in-suit before his deposition because the topics on which Mr. McBride was designated refer to "Authorized Products," which defendants' defined as products authorized "under or within the scope of the patents-in-suit." (Long Declaration, Ex. A at 8). Seth Weisberg was designated as the person most knowledgeable regarding the identity of the Authorized Products and defendants have not shown the Mr. McBride was not knowledgeable on the categories relating to Authorized Products for which he was the designated witness.

Defendants also object to plaintiff's designation of Michael Biswas, who was designated to testify with respect to three topics concerning the design and development of plaintiff's products. (Long Declaration, Ex. B at 5-6). The court has reviewed the excerpts from Mr. Biswas' deposition and those excerpts do not indicate that the witness was inadequately prepared. Defendants cite examples of where Mr. Biswas initially failed to follow up during his deposition preparation and contact individuals who could provide needed information. However, before his second day of testimony Mr. Biswas completed the necessary follow up and testified on the relevant topics. Although Mr. Biswas was evasive in response to one straightforward area of questioning, he ultimately did provide the requested answer and the time taken up by this inquiry was relatively short. Ultimately, defendants failed to show that Mr. Biswas was unable to fully testify to

matters reasonably known to plaintiff with respect to any of the topics for which he was the designated witness.

### B. Production of Documents Used in Preparation for Testimony

Finally, defendants seek an order compelling plaintiff to identify and produce all documents reviewed by Mr. Biswas and Mr. Weisberg in preparation for their deposition testimony.

Federal Rule of Evidence 612 provides, in relevant part:

> [I]f a witness uses a writing to refresh memory for the purpose of testifying, either –
>
> (1) while testifying, or
>
> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed.R.Evid. 612. The rule is applicable to depositions and deposition testimony. See Fed.R.Civ.P. 30(c)("Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence . . . "). The purpose of this rule is to "promote the search of credibility and memory." Fed.R.Evid. 612, advisory committee note.

"Rule 612 requires that a party meet three conditions before it may obtain documents used by a witness prior to testifying: (1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice." United States ex rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 565-66 (C.D.Cal. 2003)(quoting Spork v. Peil, 759

F.2d 312, 317 (3d Cir. 1985)); see also Fed.R.Evid. 612, advisory committee note (stating that the rule was amended "so as still to require the production of writings used by a witness while testifying, but to render the production of writings used by a witness to refresh his memory before testifying discretionary with the court in the interests of justice.").

The requirement that the witness actually use the document for the purpose of testifying was designed "to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness." Fed.R.Evid. 612, advisory committee note.

Here, defendants contend that plaintiff has failed to produce all documents reviewed by Mr. Biswas prior to his deposition. However, most of the identified documents were produced during his deposition. With respect to one e-mail (Exhibit 30 to his deposition), Mr. Biswas expressed uncertainty as to whether all the attachments to that e-mail had been produced. Mr. Biswas has submitted a declaration confirming that all attachments to the e-mail were produced and plaintiff's counsel now contends that Exhibits 34 and 35 to Mr. Biswas' deposition were the only attachments. Accordingly, plaintiff should submit a declaration to that effect. Other than that, defendants have not shown that plaintiff has withheld any documents reviewed by Mr. Biswas that "may fairly be said . . . to have an impact on the testimony of the witness." Fed.R.Evid. 612, advisory committee note.

Defendants also contend that they are entitled to production of documents reviewed by Mr. Weisberg in preparation for his deposition. However, defendants have not shown that Mr. Weisberg used any specific documents to refresh his memory for the purpose of testifying or that production is necessary in the interests of justice. United States ex rel. Bagley v. TRW, Inc., 212 F.R.D. at 565-66.

Defendants also claim that Mr. Weisberg should be required to produce unredacted versions of documents that were produced in redacted form based on claims of privilege. However, based on the material before the court, there is no indication that Mr. Weisberg's review of unredacted versions of any particular document constituted a waiver of privilege. See Suss v. MSX International Engineering Services, Inc., 212 F.R.D. 159, 164 (S.D.N.Y. 2002)(finding that under Rule 612, the relevant inquiry is not simply whether the documents were used to refresh the witness's recollection, but rather whether the documents were used in a manner which waived the attorney-client privilege); see also In re Managed Care Litigation, 415 F.Supp.2d 1378, 1380-81 (S.D. Fla. 2006)(applying Suss analysis and denying motion to compel attorney-client privileged document reviewed in preparation for deposition); United States Equal Employment Opportunity Commission v. Continental Airlines, Inc., 395 F.Supp.2d 738, 744 (N.D.Ill. 2005)(adopting the Suss analysis and denying motion to compel documents covered by the deliberative process privilege that were reviewed prior to deposition).

Finally, defendants belatedly contend that plaintiff should be

compelled to re-produce documents reviewed by an additional witness, Kyle Huebner, who was deposed on September 17, 2008. Defendants further contend that they should be given additional time with Mr. Huebner because plaintiff's counsel delayed the progress of the deposition. Defendants raised these issues for the first time in their supplemental memorandum in violation of the requirements of Local Rule 37. Accordingly, the issues concerning Mr. Huebner's deposition are not properly before the court and defendants have not shown that Mr. Huebner relied on the documents to refresh his recollection in any event. <u>United States ex rel. Bagley v. TRW, Inc.</u>, 212 F.R.D. at 565-66.

### ORDER

The magistrate judge has carefully considered the documents filed in support of and in opposition to defendants' motions. The motions are **GRANTED IN PART** as follows, and otherwise **DENIED**:

1. Rule 30(b)(6) Deposition of Mr. Weisberg:
   a. Defendants **SHALL** be permitted to depose a Rule 30(b)(6) designee for five additional hours on the topics for which Mr. Wiesberg was the designee and with respect to which Mr. Weisberg was instructed not to answer deposition questions based on assertions of privilege or work product (the "relevant topics").
   b. Within three days of this order, counsel for plaintiffs and defendants **SHALL** meet and confer. During the meet and confer, plaintiff's counsel **SHALL** provide a basis and explanation for each claim of privilege made in Mr. Wiesberg's prior deposition with supporting authority.

        Counsel **SHALL** also generally explain the scope of the non-privileged factual information on which Mr. Weisberg is prepared to testify with respect to each of the relevant topics. Alternatively, if Mr. Weisberg is not the most knowledgeable witness on those topics, or if Mr. Weisberg is unable to testify fully with respect to non-privileged factual information concerning any of the relevant topics, but another witness would be, then plaintiff's counsel **SHALL** designate a new witness with respect to those topics and inform defense counsel of the new designation at the meet and confer. Finally, at the meet and confer, counsel are to agree on a date that is **no later than October 17, 2008** for the continued deposition to be completed.

2. Within five days of this order, plaintiff's counsel **SHALL** serve on defense counsel a declaration under penalty of perjury by a competent witness stating identifying by bates numbers the attachments to the e-mail identified as Exhibit 30 to the Biswas 30(b)(6) deposition that were reviewed by Mr. Biswas in preparation for his deposition.

3. The requests for sanctions are **DENIED**.

4. To the extent that there are any inconsistencies between the discussion section of this order and the order, the order controls.

5. To the extent that the parties subsequently agree to discovery that is different from that ordered herein, the parties may modify this order by agreement in writing.

Either side may file a motion for review and reconsideration with the district judge within ten court days of service of this order. See Local Rule 72-2.1; Fed.R.Civ.P. 6(a). This order is stayed if such a motion is filed until further order of the district judge. **The hearing previously set for October 14, 2008 is taken off calendar.**

DATED: October 6, 2008

_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

cc: Judge Wright

Philip J. Graves, Esq.
Monick T. Paul, Esq.
Kirk Hermann, Esq.
Majorie Witter, Esq.
James Ahn, Esq.
Fredricka Ung, Esq.
Graves Law Offices
12121 Wilshire Boulevard, Suite 775
Los Angeles, CA 90025

Gregory A. Long, Esq.
Dennis J. Smith, Esq.
Daniel Craig Muniz, Esq.
Gary A. Clark, Esq.
Bridgette A. Agness, Esq.,
Sheppard Mullin Richter and Hampton
333 South Hope Street, 48th Floor
Los Angeles, CA 90071