1

GREGORY A. LONG, Cal. Bar No. 57642
E-mail:  glong@sheppardmullin.com
GARY A. CLARK, Cal. Bar No. 65455
E-mail:  gclark@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398

2

3

4

5

6

Attorneys for Defendants
ENDICIA, INC. and PSI SYSTEMS, INC.

7

8

9
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11

| | |
|---|---|
| STAMPS.COM, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>ENDICIA, INC., and PSI SYSTEMS, INC.,<br><br>                    Defendant.<br><br>――――――――――――――――――<br>AND RELATED COUNTERCLAIMS. | Case No. CV 06-7499 ODW (CTx)<br><br>**DISCOVERY MATTER**<br><br>[Referred to Magistrate Judge Carolyn Turchin]<br><br>**DEFENDANTS' OPPOSITION TO STAMPS.COM INC.'S EX PARTE APPLICATION TO COMPEL INTERROGATORY RESPONSES**<br><br>Discovery Cutoff:  October 17, 2008<br>PTC:  February 9, 2009<br>Trial:  May 12, 2009 |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO COMPEL INTERROGATORY RESPONSES

## I.   <u>INTRODUCTION</u>

The Defendants and Counterclaimants Endicia, Inc. and PSI Systems, Inc. ("the Defendants") respectfully submit their brief in opposition to the Plaintiff Stamps.com Inc.'s ("the Plaintiff") *Ex Parte* Application To Compel Interrogatory Responses ("*Ex Parte* Application").  The Defendants respectfully urge this Court to deny the Plaintiff's *Ex Parte* Application in its entirety because it is procedurally improper as the Plaintiff, again, is responsible for creating the purported emergency.[1]

This Court requires strict compliance with Local Rule 37 in bringing discovery disputes.  Unless there is an extreme emergency which was not created by the lawyer who is bringing the discovery motion, *ex parte* applications are an unacceptable method of bringing a discovery dispute to the attention of this Court.  Failure to timely bring a discovery dispute to the attention of this Court which fully complies with the District Judge's scheduling order and applicable rules does not constitute an emergency which warrants an *ex parte* application.

---

[1] The Defendants ask that the Plaintiff be sanctioned for this series of *ex parte* applications that have abused the discovery process and have wasted this Court and the Defendants' time and resources.  The Defendants are in the middle of expert rebuttal reports and cannot afford the time to respond to groundless *ex parte* applications the contents of which fly in the face of the clear and substantial requirements for such extraordinary relief.  The Plaintiff is aware of the high bar for seeking the grant of the extraordinary relief of *ex parte* practice, knew that it is procedurally improper to file *ex parte* applications because the Plaintiff caused the current situations, and nonetheless filed this and the previous *ex parte* applications.

-1-

1       The *Ex Parte* Application presents yet another red herring in a clear

2   attempt to distract the Court from the only real explanation for why the Plaintiff is

3   asking the Court to grant the Plaintiff the extraordinary relief of *ex parte* practice:

4   "this motion could not have been brought prior to the close of discovery by a

5   regular noticed motion." (*Ex Parte* Application at 1)  However, the Plaintiff

6   conveniently ignores the obvious fact that no one forced the Plaintiff to wait to

7   serve the Defendants with Stamps.com's Requests for Interrogatory Nos. 17-20

8   ("Interrogatories") until strict adherence to Local Rule 37 was rendered impossible.

9       Plaintiff's *Ex Parte* Application makes it abundantly clear that the

10   Plaintiff alone is responsible for its current circumstances.  The *Ex Parte*

11   Application shows that the Plaintiff waited until August 27, 2008 to server the

12   Defendants with Interrogatories.  (*Ex Parte* Application at 3)  Thus, the Plaintiff

13   failed to used the entire discovery period efficiently and failed to diligently seek

14   the information identified in the Interrogatories.

15       Now, four days before the close of fact discovery, the Plaintiff files a

16   second *Ex Parte* Application, which completely ignores the simple fact that the

17   Plaintiff controls its own discovery and chose to wait to serve the Defendants with

18   the Interrogatories until strict adherence to Local Rule 37 was rendered impossible.

19   This is the second ex parte application in as many days.  The Plaintiff should not

20   be allowed to demand that this Court and the Defendants to drop everything just

21   because the Plaintiff refuses to accept the consequences of its actions.  Again, the

22   purported emergency is the Plaintiff's own creation and thus the *Ex Parte*

23   Application is procedurally improper and sanctionable.

24       In the event that the Court grants the Plaintiff the extraordinary relief

25   of *ex parte* practice, despite the Defendants' strenuous opposition, the *Ex Parte*

26   Application should be denied in its entirety for its substantive inadequacy.  The

27

28
                                              -2-
W02-WEST:1DJS1\401092718.1                    DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX
                                              PARTE APPLICATION TO COMPEL
                                              INTERROGATORY RESPONSES

1  Defendants' objections were proper and well-founded and clearly represented in

2  the Defendants' objections and responses.

## II.   STATEMENT OF FACTS

5       On August 27, 2008, the Plaintiff served its Amended Fourth Set of

6  Interrogatories on the Defendants. (*Ex Parte* Application at 3; Ahn Decl., ¶ 4

7  Exh. 3).  On August 28, 2008, the Plaintiff served its Fifth Set of Interrogatories on

8  the Defendants.  (*Id.*) The Defendants responded to the Interrogatories on

9  September 29, 2008. (*Ex Parte* Application at 3, Ahn Decl., ¶¶ 2-3, Exhs. A, B).

10 On October 1, 2008, the Plaintiff sent a letter to the Defendants requesting a Local

11 Rule 37-1 conference of counsel and to inform the Defendants that the Plaintiff

12 intended to bring the instant *Ex Parte* Application.  (*Ex Parte* Application at 3,

13 Ung Decl., ¶3).  Fact discovery closes on October 17, 2008.  (*Ex Parte* Application

14 at 3)

15      On September 2, 2008, the Plaintiff responded to the Defendants

16 Second Set of Interrogatories (Nos. 15-16).  Declaration of Dennis J. Smith

17 ("Smith Decl."), ¶ 4 & Exh. 1.  On October 10, 2008, the Plaintiff served the

18 Defendants with supplemental responses to interrogatory number 16.  (Smith

19 Decl., ¶ 5 & Exh. 2)

## III.   DISCUSSION

**A.   The Plaintiff's *Ex Parte* Application Is Procedurally Improper**

*Ex parte* applications are for extraordinary relief.  *See Mission Power
Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995);
*In re Intermagnetics America, Inc.*, 101 B.R. (BNA) 191 (C.D. Cal. 1989).  This
Court requires strict compliance with Local Rule 37 in bringing discovery disputes.

-3-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX
PARTE APPLICATION TO COMPEL
INTERROGATORY RESPONSES

1  (The Honorable Carolyn Turchin's NOTICE TO COUNSEL – DISCOVERY DISPUTES

2  ("Notice to Counsel") at 1)  Unless there is an extreme emergency which was not

3  created by the lawyer who is bringing the discovery motion, *ex parte* applications

4  are an unacceptable method of brining a discovery dispute to the attention of this

5  Court.  (Notice to Counsel at ¶ 8)  Failure to timely bring a discovery dispute to the

6  attention of this Court which fully complies with the District Judge's scheduling

7  order and applicable rules does not constitute an emergency which warrants an *ex*

8  *parte* application.  (*Id.*)

9          Here, the fact that discovery cut-off is approaching and the Plaintiff

10  could not bring the *Ex Parte* Application by a regular noticed motion prior to the

11  close of discovery does not constitute an emergency because it was the Plaintiff's

12  own actions that left it with inadequate time to bring a proper discovery motion in

13  strict compliance with Local Rule 37.  As Magistrate Judge Edwards stated in

14  *Mission Power*, "[t]he moving party must also show that it used the entire

15  discovery period efficiently and could not have, with due diligence, sought to

16  obtain the discovery earlier in the discovery period."  883 F. Supp. at 493.

17          As the *Ex Parte* Application fully admits, the Plaintiff chose to wait

18  until August 27, 2008, and August 28, 2008 to serve the Interrogatories on the

19  Defendants.  (*Ex Parte* Application at 3; Ahn Decl., ¶ 4 Exh. 3).  It is the Plaintiff's

20  unilateral failure to serve the Interrogatories to allow strict compliance with Local

21  Rule 37 that is the only reason for this purported emergency.

22          The Plaintiff's *Ex Parte* Application should be denied in its entirety

23  because the Plaintiff has failed to provide any grounds for granting the Plaintiff the

24  extraordinary relief of *ex parte* practice.  The Plaintiff is fully aware that "We

25  waited to long" is an utterly inadequate ground for filing an *ex parte* application.

26  The Plaintiff's recent treatment of the *ex parte* process during the last week of fact

27  discovery as if it were the Plaintiff's personal filing window should be sanctioned.

28
-4-

1  **B.      Substantively, The Defendants' Objections To The Interrogatories**

2           **Were Reasonable And Well Founded**

3               Should the Court grant the extraordinary relief the Plaintiff seeks, and

4  which the Defendants believe is procedurally improper, the *Ex Parte* Application

5  also fails to show that the Defendants' objections to the Interrogatories are

6  unreasonable or without foundation.  And just so this Court does not get the wrong

7  impression based on the Plaintiff's opportunistic and improper use of *ex parte*

8  practice to present a slanted view of the discover in this case, the Defendants

9  present the Plaintiff's most recent responses to the Defendants' Second Set of

10 Interrogatories (Nos. 15-16).  (Smith Decl., ¶ 4 & Exh. 1).  As the Court will note,

11 the Plaintiff failed to provide any actual information in response to either of the

12 Defendants' interrogatories.  (Smith Decl., ¶ 4 & Exh. 1 at 3-5)

13              The Defendants' Interrogatory No. 15 asked that "For each of the

14 ASSERTED CLAIMS identified by Stamps.com, identify the recited function and

15 corresponding structure for each claim limitation subject to 35 U.S.C. § 112, sixth

16 paragraph, including without limitation all limitations that include the word

17 'means.'"  (Smith Decl., ¶ 4 & Exh. 1 at 3)  The Plaintiff stood on objections and

18 tells the Defendants to wait.  (Smith Decl., ¶ 4 & Exh. 1 at 3-4)

19              The Defendants' Interrogatory No. 16 asks the Plaintiff a very simple

20 one-sentence request:  to "Identify the priority date of each of the ASSERTED

21 CLAIMS."  (Smith Decl., ¶ 4 & Exh. 1 at 4)  Instead of providing certain dates for

22 the 30 claims, the Plaintiff chose to play games and give the Defendants open-

23 ended date ranges that could go back for years: "on or before."  (Smith Decl., ¶ 4

24 & Exh. 1 at 4-5)  These date ranges are useless because the critical question is how

25 far back is the Plaintiff seeks to claim priority.  The Plaintiff served

26 "supplemental" responses to interrogatory number 16 but continues to play games

27 by, again, stating only open-ended date ranges.  (Smith Decl., ¶ 5 & Exh. 2)  But in

28                                             -5-

1  these new responses the Plaintiff "creatively" changes the open-ended language

2  from "on or before" to "no later than."  (Smith Decl., ¶ 5 & Exh. 2 at 4-5)  Not

3  only is the Plaintiff abusing the ex parte process, substantively the *Ex Parte*

4  Application amounts to throwing stones from a glass house.

5
## IV.   CONCLUSION
6

7       Because the *Ex Parte* Application is both procedurally improper and

8  substantively inadequate, the Defendants respectfully request that the *Ex Parte*

9  Application be denied in its entirety and that the Plaintiff be sanctioned for its

10  abuse of the *ex parte* process.

11

12  Dated:  October 14, 2008

13                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15            By        */s/ Gregory A. Long*
                         GREGORY A. LONG
16            Attorneys for Defendants and Counterclaimants
17            ENDICIA, INC. and PSI SYSTEMS, INC.

18

19

20

21

22

23

24

25

26

27

28
-6-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO COMPEL INTERROGATORY RESPONSES