GREGORY A. LONG, Cal. Bar No. 57642
E-mail:  glong@sheppardmullin.com
GARY A. CLARK, Cal. Bar No. 65455
E-mail:  gclark@sheppardmullin.com
DENNIS J. SMITH, Cal. Bar No. 233842
E-mail:  djsmith@sheppardmullin.com
DANIEL C. MUNIZ, Cal. Bar No. 240477
E-mail:  dmuniz@sheppardmullin.com
BRIDGETTE A. AGNESS, Cal. Bar No. 221900
E-mail:  bagness@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398

Attorneys for Defendants
ENDICIA, INC. and PSI SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STAMPS.COM, INC., | Case No. CV 06-7499 ODW (CTx) |
| Plaintiff, | Ctrm. 11, Hon. Otis D. Wright II |
| v. | **NOTICE AND POINTS AND AUTHORITIES FOR DEFENDANTS ENDICIA, INC. AND PSI SYSTEMS, INC.'S *EX PARTE* APPLICATION FOR ORDER STRIKING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT REGARDING INVALIDITY AND LITERAL INFRINGEMENT AND UNTIMELY MOVING PAPERS SUPPORTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES** |
| ENDICIA, INC. and PSI SYSTEMS, INC. | |
| Defendants. | |
| | [[Proposed] Order; and Declaration of Dennis J. Smith filed concurrently herewith] |
| AND RELATED COUNTERCLAIMS. | |

-1-

**TO:   THE ABOVE CAPTIONED COURT AND TO THE PLAINTIFF AND ITS ATTORNEYS OF RECORD**

   **PLEASE TAKE NOTICE** that the Defendants Endicia, Inc. and PSI Systems, Inc., will and hereby do apply *ex parte* to the Honorable Otis D. Wright, II, in Courtroom 11, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, for an order striking all untimely-filed moving papers constituting and supporting (including declarations and separate statements of uncontroverted facts) Plaintiff Stamps.com, Inc.'s Motion for Summary Adjudication as to the Validity of Claims 7 and 42 of the '991 Patent and Claim 50 of the '777 Patent ("Validity Motion") and Motion for Summary Adjudication of Literal Infringement re Claim 50 of US. Patent No. 6,249,777 and Claims 50 and 89 of U.S. Patent No. 6,889,214 ("Literal Infringement Motion") and untimely-filed papers supporting Plaintiff's Motion for Summary Judgment as to Affirmative Defenses ("Affirmative Defenses Motion").  In the alternative, the Defendants seek an order granting the Defendants an additional four (4) court days in which to file its Opposition briefs (September 30, 2009) but holding the Plaintiff to the existing Opposition (September 24, 2009) and Reply (October 5, 2009) deadlines.

   Defendants make this *ex parte* application for an order striking Plaintiff's Summary Judgment Motion and Summary Adjudication Motions on the grounds that: (1) Plaintiff missed the Court-ordered filing deadline of Monday, August 31, 2009, for these motions; (2) Plaintiff failed to file a Notice of Motion to accompany its Validity Memorandum of Points & Authorities until four days after the filing deadline; (3) Plaintiff improperly uses the filing of Notices of Errata to augment the substance of its papers in an effort to circumvent the Court's filing deadline; (4) Plaintiff's conduct prejudices Defendants; and (5) Plaintiff suffers no prejudice from the Court enforcing the filing deadline that the Plaintiff promoted during the August 3, 2009 Status Conference.

This *Ex Parte* Application is based on this notice; the accompanying memorandum of points and authorities; the declaration of Dennis J. Smith; the pleadings and other papers on file in this action; such argument as the Court may hear; and any other matters that may be considered by this Court.

Pursuant to Local Rule 7-19.1, on September 8, 2009, the Defendants provided the Plaintiff with notice of this *Ex Parte* Application.[1]  *See* Declaration of Dennis J. Smith ("Smith Decl.") at ¶ 16 & Exs. 12-13.  The Plaintiff informed the Defendants that it would oppose this application.  (Smith Decl. ¶ 16.)  The Defendants also informed the Plaintiff's counsel that any opposing papers must be filed within 24 hours of service of the *Ex Parte* Application.  (Smith Decl. at ¶ 16 & Exs. 12-13.)

Dated:  September 9, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                  */s/ Gregory A. Long*
                  GREGORY A. LONG
                  GARY A. CLARK

Attorneys for Defendants
ENDICIA, INC. and PSI SYSTEMS, INC.

---

[1] Pursuant to Local Rules 7-19 and 7-19.1, the Plaintiff's counsel in this matter are the following:  Philip J. Graves, John Walton, Pablo Arredondo, Marjorie A. Witter, and Fredricka Ung; 12121 Wilshire Boulevard, Suite 775 Los Angeles, California 90025; Telephone:  (310) 295-6500.

DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER STRIKING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT]

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ....................................................................................1

III. DISCUSSION .....................................................................................................5

    A.    Plaintiff Completely Missed the Filing Deadline for its Invalidity
        and Literal Infringement Summary Judgment Motions.........................5

    B.    Plaintiff Improperly Used Notices of Errata In An Attempt to
        Circumvent the Filing Deadline Set by the Court.................................6

        1.    Docket No. 364 (Plaintiff's Literal Infringement Motion,
            and Separate Statement and McDaniel Declaration In
            Support Thereof).........................................................................6

        2.    Docket Nos. 365, 393 (Plaintiff's Validity Motion and
            Separate Statement In Support Thereof) .....................................8

        3.    Docket No. 371 (Declaration of Patrick McDaniel In
            Support of Plaintiff's Validity Motion).....................................10

    C.    The Plaintiff's "Clerical Oversight" Explanation For Each And
        Every Document At Issue Defies Logic ..............................................10

    D.    The Plaintiff Also Failed To Electronically File All Necessary
        Documents In Support of Its Affirmative Defenses Motion ...............11

    E.    Allowing Plaintiff's Misconduct To Stand Causes Prejudice to
        Defendants Whereas Striking All Untimely Documents Merely
        Enforces The Deadline The *Plaintiff* Requested..................................12

IV. CONCLUSION ...................................................................................................14

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

1

<u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

<u>Bias v. Moynihan,</u>
    508 F.3d 1212 (9th Cir. 2007) .................................................................. 6

4

<u>Hanson v. Polk County Land, Inc.,</u>
    608 F.2d 129 (5th Cir 1979) ................................................................... 12

5

6

<u>Krajca v. Southland Corp.,</u>
    206 F. Supp. 2d 1079 (D.Nev. 2002) ....................................................... 6

7

<u>LRH PAL,</u>
    2007 WL. 2300684 (D.Nev. Aug. 7, 2007).......................................6, 8, 9, 10

8

9

<u>Paragon Commercial Real Estate, LLC v. Green,</u>
    No. 2:07-CV-00685 ................................................................................. 6

10

<u>Traylor v. Pyramid Services, Inc., No. CV 07 4376 R (SSx),</u>
    2008 U.S. Dist. LEXIS 73494 (C.D. Cal. Sep. 23, 2008) ...................... 5

11

12

<u>Rules</u>

13

C.D. Cal. Gen. Order 08-02 ................................................................. 4, 11

14

C.D. Cal. Local Rule 6-1 .......................................................................... 9

15

C.D. Cal. Local Rule 7-5 ....................................................................... 9, 11

16

C.D. Cal. Local Rule 7-12 ..................................................................5, 9, 11

17

C.D. Cal. Local Rule 7-13 ..................................................................5, 9, 11

18

C.D. Cal. Local Rule 7-19 ......................................................................... 3

19

C.D. Cal. Local Rule 7-19.1 ...................................................................... 3

20

C.D. Cal. Local Rule 56-1 ........................................................................ 11

21

C.D. Cal. Local Rule 83-7 ................................................................... 5, 11

22

Fed. R. Civ. Proc. 16(b)(3) ....................................................................... 5

23

Fed. R. Civ. Proc. 16(f)(1) ........................................................................ 5

24

25

26

27

28

-ii-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The filing deadline for summary judgment motions was August 31, 2009—a deadline the Plaintiff proposed during the August 3, 2009 Status Conference.  Nevertheless, the Plaintiff failed to manually file any documents prior to the August 31, 2009 deadline, and the Plaintiff electronically filed numerous substantively revised documents after midnight on August 31, 2009.

The Plaintiff continued to augment, revise, and file documents for four days after the August 31, 2009 filing deadline.  The Plaintiff's conduct violates multiple Local Rules and Federal Rules of Civil Procedure and prejudices the Defendants by presenting a moving target for purposes of Defendants' oppositions and seeks to capture days of post-deadline drafting and revising.  The Plaintiff's conduct justifies the striking of Plaintiff's untimely-filed moving papers, or, in the alternative, an Order allowing the Defendants an additional four (4) court days in which to file its opposition papers (September 30, 2009) while holding the Plaintiff to the existing opposition (September 24, 2009) and reply (October 5, 2009) deadlines.

## II.  STATEMENT OF FACTS

Leading up to the August 3, 2009 status conference, the Plaintiff proposed a trial schedule that would require summary judgment motions be filed no later than August 24, 2009.  (Smith Decl., ¶ 11 & Ex. 8.)  On August 3, 2009, the Defendants attended a scheduling conference before this Court.  (Smith Decl. ¶ 11.)  During the scheduling conference, the Defendants proposed the subdivision of the

-1-

1   issues of claim construction and summary judgment in this case.  (*Id.*)  Plaintiffs

2   dismissed the Defendants' suggestion as unnecessary and eventually suggested that

3   the summary judgment motion deadline be set as August 31, 2009.  (*Id.*)  This Court

4   adopted Plaintiff's proposed motion filing deadline in the August 3, 2009,

5   Scheduling Conference Order.  (Smith Decl. ¶ 11 & Ex. 9.)  On August 31, 2009,

6   Defendants complied with the Scheduling Order by filing complete sets of moving

7   papers.

8

9           In contrast, the Court's Docket reveals that from August 31, 2009, to

10  September 4, 2009, the Plaintiff executed more than 40 different electronic filings

11  and a separate set of manual filings in support of the Plaintiff's four summary

12  judgment motions.  The Plaintiff began its electronic filing after 11:30 p.m. on the

13  night of the August 31, 2009 filing deadline (Docket No. 344).  The Plaintiff then

14  execute at least 27 electronic filings ending at approximately 8:40 p.m. the day <u>after</u>

15  the filing deadline (Docket Nos. 344-358, 362-373).  The Plaintiff's Affirmative

16  Defenses Motion was not electronically filed until <u>after</u> the August 31, 2009 filing

17  deadline because the supporting exhibits and Proposed Order to that motion were

18  filed after midnight (Docket Nos. 350-351, 355, and 357).

19

20          The Plaintiff also admits that it completely failed to file its Literal

21  Infringement Motion and its Validity Motion, as well as the three documents in

22  support of the two motions (*i.e.*, Separate Statements of Uncontroverted Facts in

23  support of each motion, and the Declaration of Patrick McDaniel) by the August 31,

24  2009 deadline.  (Smith Decl. ¶ 13 & Ex. 11.)  On September 1, 2009, the

25  Defendants received the electronic and service copies of the Plaintiff's Literal

26  Infringement and Validity Motions, and supporting documents.  (Smith Decl. ¶ 12 &

27  Ex. 10.)  The Plaintiff stated that the documents provided to the Defendants were

28

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

1    "<u>exact</u> copies of what was sent out for lodging" on August 31, 2009. (*Id.*) (emphasis
2    added)

3

4          At approximately 3:15 pm on September 1, 2009, the Defendants began
5    receiving notices of errata concerning the Plaintiff's Literal Infringement and
6    Validity Motions, and separate statements of uncontroverted facts in support of
7    each. The Plaintiff's explanation was an alleged "clerical oversight" (Docket
8    Nos. 364, 365). The Plaintiff also sent the Defendants copies of the Plaintiff's
9    Literal Infringement and Validity Motions, and separate statements in support of
10   each, that were manually filed on September 1, 2009. Comparing the documents the
11   Plaintiff intended to manually lodge and file on August 31, 2009, to the documents
12   the Plaintiff manually-lodged on September 1, 2009, reveals that numerous
13   substantive revisions had been made to the late-filed documents. (Redline
14   comparison at Smith Decl. ¶¶ 4-8, 10 & Exs. 1-5, 7.)

15

16         The Plaintiff's <u>original</u> Memorandum of Points and Authorities
17   supporting its Literal Infringement Motion contained approximately 165 blanks that
18   were all replaced in the manually filed document. (Redline comparison at Smith
19   Decl. at ¶ 7 & Ex. 4.) <u>One of the blanks appears just inches above the Plaintiff's</u>
20   <u>lead counsel's wet-ink signature</u>. (Smith Decl. at ¶ 9 & Ex. 6.) The Plaintiff's
21   <u>original</u> Statement of Uncontroverted Facts and Conclusions of Law supporting its
22   Validity Motion contained approximately 40 blanks that were filled-in in the motion
23   filed a day late. (Redline comparison at Smith Decl. at ¶ 5 & Ex. 2.) The Plaintiff's
24   <u>original</u> Memorandum of Points and Authorities supporting its Validity Motion
25   contained numerous blanks that were filled-in and changed in the Validity Motion
26   filed a day late. (Redline comparison at Smith Decl. at ¶ 4 & Ex. 1.)

27

28

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

1    Comparing the <u>original</u> of the Declaration of Patrick McDaniel in

2   support of the Plaintiff's Literal Infringement Motion to the declaration filed 24

3   hours after the deadline reveals approximately 678 changes.  (Redline comparison at

4   Smith Decl. at ¶ 8 & Ex. 5.)  Furthermore, as of the filing of this *ex parte*

5   application, it appears that the notice of motion to the Plaintiff's Literal

6   Infringement Motion that was manually-filed on September 1, 2009, remains

7   unexecuted and ineffective.[2]  (Redline comparison at Smith Decl. at ¶ 7 & Ex. 4.)

8   And the memorandum of points and authorities to Plaintiff's Validity Motion filed

9   on September 1, 2009, completely omitted the notice of motion.  (Redline

10  comparison at Smith Decl. at ¶ 5 & Ex. 1.)

11

12    At approximately 7:31 p.m. on September 1, 2009, the Plaintiff filed

13  yet another Notice of Errata (Docket No. 371), again citing a "clerical oversight,"

14  for the Declaration of Patrick Drew McDaniel in support of the Plaintiff's Validity

15  Motion (Docket No. 370).  The <u>original</u> McDaniel Declaration electronically filed

16  on August 31, 2009, (Docket No. 345) was a 10-paged document and contained 60

17  paragraphs.  The McDaniel Declaration filed at 7:31 p.m., the day after the filing

18  deadline (Docket No. 370) is a 12-paged document that contains 87 paragraphs.

19  (Redline comparison at Smith Decl. at ¶ 10 & Ex. 7.)  Thus, the late-filed

20  declaration the Plaintiff identifies as an "errata" adds two pages and 27 paragraphs

21  of text.  (*Id.*)

22

23    On September 4, 2009, <u>four days</u> after the filing deadline, the Plaintiff

24  filed another Notice of Errata (Docket No. 369) to add a new exhibit to the

25  declaration of Mr. Martin Pagel.  This Court should be advised that the Plaintiff did

26  ───────────────────

27  [2] An "electronic signature" requires "the person's representative signature, '/S/ – Name,' or a digitized personalized signature or facsimile signature on the signature line of the document."  C.D. Cal. General Order 08-02 (II)(f).

28

DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER STRIKING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT]

1  not produce the document filed as Exhibit A to the Pagel Declaration, a document

2  directly responsive to at least two requests for production of documents, until

3  **Saturday**, August 28, 2009—just two days before the filing deadline and nearly <u>one</u>

4  <u>year</u> after the close of fact discovery.

5

6          At approximately 4:40 p.m. on Friday, September 4, 2009 – four days

7  after the filing deadline – Plaintiff filed another Notice of Errata (Docket No. 393)

8  to add the a Notice of Motion and motion to Plaintiff's Validity Motion, which was

9  entirely omitted in the previous filing.  (Redline comparison at Smith Decl. at ¶ 4 &

10 Ex. 1.)

11

12                      **III.  <u>DISCUSSION</u>**

13

14 **A.      Plaintiff Completely Missed the Filing Deadline for its Invalidity and**

15          **Literal Infringement Summary Judgment Motions**

16

17          This Court's scheduling order set an August 31, 2009 filing deadline

18 for summary judgment motions.  FED. R. CIV. PROC. 16(b)(3).  The Court set the

19 motion filing deadline based on the Plaintiff's statements during the August 3, 2009

20 Status Conference.  This Court "may decline to consider any memorandum or other

21 paper not filed within the deadline set by order or local rule.  The failure to file any

22 required paper, or the failure to file it within the deadline, may be deemed consent to

23 the granting or denial of the motion."  C.D. CAL. LOCAL RULE 7-12.  Furthermore,

24 failing to abide by this Court's scheduling order can subject a party to sanctions

25 under Federal Rule of Civil Procedure 16(f)(1).  C.D. CAL. LOCAL RULES 7-13, 83-

26 7; *Traylor v. Pyramid Services, Inc.*, No. CV 07 4376 R (SSx), 2008 U.S. Dist.

27 LEXIS 73494 at * 4 (C.D. Cal. Sep. 23, 2008).

28

DEFENDANTS' *EX PARTE* APPLICATION FOR
                                                    ORDER STRIKING PLAINTIFF'S MOTIONS FOR
                                                    SUMMARY JUDGMENT]

1    The Plaintiff manually filed its Literal Infringement and Validity

2  Motions, and supporting documents after the August 31, 2009 filing deadline.

3  (Smith Decl. ¶ 13 & Ex. 11.)  Accordingly, this Court has the authority to refuse to

4  consider the untimely motions or to deem the Plaintiff's failure to meet the deadline

5  as consent to the denial of the motions.

6

7  **B.    <u>Plaintiff Improperly Used Notices of Errata In An Attempt to</u>**

8        **<u>Circumvent the Filing Deadline Set by the Court</u>**

9

10    Typically a Notice of Errata allows a party to make corrections of

11  simple, clerical errors and typos; it does not allow a party to make substantive

12  changes.  *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007); *see also Krajca v.*

13  *Southland Corp.*, 206 F. Supp.2d 1079, 1080 (D.Nev. 2002).  A court may strike

14  errata seeking to add substantive arguments to previously filed motions.  *See*

15  *Paragon Commercial Real Estate, LLC v. Green*, No. 2:07-CV-00685 LRH PAL,

16  2007 WL 2300684, at *5 (D.Nev. Aug. 7, 2007).

17

18    Here, in addition to completely missing the August 31, 2009 filing

19  deadline for all of its manually filed documents, the Plaintiff used numerous Notices

20  of Errata to substantively augment late filed or previously-filed documents in

21  repeated end-runs on the Court's ordered filing deadline.

22

23    **1.    Docket No. 364 (Plaintiff's Literal Infringement Motion, and**

24          **Separate Statement and McDaniel Declaration In Support**

25          **Thereof)**

26    The Notice of Errata for Plaintiff's Literal Infringement Motion, and

27  the Separate Statement and McDaniel Declaration in support thereof (Docket No.

28  364) is improper for two reasons.  First, Docket No. 364 is improperly filed as a

-6-

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

Notice of Errata because it refers back to a Notice of Manual Filing (Docket No. 338) even though the Plaintiff admits that nothing was manually-filed on Monday, August 31, 2009.  (Smith Decl. ¶ 13 & Ex. 11.)  Thus, Docket No. 364 is the Plaintiff's attempt to file its Literal Infringement Motion, and Separate Statement and McDaniel Declaration in support thereof for the first time 24 hours after the deadline.

Second, Docket No. 364 relates to the Plaintiff's manual filing of its Literal Infringement Motion which contains numerous substantive changes and additions all made possible because the Plaintiff continued working on the Literal Infringement Motion and supporting documents for approximately 24 hours after the filing deadline.  The Defendants compared the Plaintiff's Literal Infringement Motion the Plaintiff intended to serve and file on Monday, August 31, 2009, to the Literal Infringement Motion filed after 3:15 p.m. on Tuesday, September 1, 2009, and discovered that approximately 165 blank citations found in the original version had been completed in the late-filed Docket No. 364 version.[3]  (Redline comparison at Smith Decl. ¶ 6 & Ex. 3.)  The total changes made to this Memorandum of Points and Authorities through the use of errata amount to more than 500 individual additions and deletions from the original served on Defendants, including the deletion of half a page of typing.  (*Id.*)

Docket No. 364 also relates to the Separate Statement of Undisputed Facts in support of Plaintiff's Literal Infringement Motion.  The Defendants compared the Separate Statement of Undisputed Facts in support of Plaintiff's Literal Infringement Motion the Plaintiff was prepared to file and serve on

---

[3] Based on the Defendants' knowledge, the Plaintiff has never signed the notice of motion to the Plaintiff's Literal Infringement Motion.  This is another independent reason for the Court to strike the Plaintiff's Literal Infringement Motion.

1    August 31, 2009, to the Separate Statement the Plaintiff manually filed the day after

2    the deadline.  The redline reveals that the late filed Separate Statement includes

3    additions and revisions to nearly every page of the document.  (Redline comparison

4    at Smith Decl. ¶ 7 & Ex. 4.)  According to the redline report, the Plaintiff made 296

5    insertions and 194 deletions.  (*Id.*)

6

7        The Defendants also compared the Declaration of Patrick McDaniel in

8    support of Plaintiff's Literal Infringement Motion the Plaintiff was prepared to file

9    and serve on August 31, 2009, to the McDaniel Declaration the Plaintiff manually

10    filed the day after the deadline.  Out of the 30-paged Declaration of Patrick

11    McDaniel, 26 pages contained substantive changes.  (Redline comparison at Smith

12    Decl. ¶ 8 & Ex. 5.)  The Plaintiff used the 24 hours after the filing deadline to make

13    over 600 additions and deletions to the Declaration of Patrick McDaniel and then

14    packaged those changes in a Notice of Errata.  (*Id.*)

15

16        Because the Plaintiff has attempted to use the Notice of Errata

17    mechanism as a means of circumventing the filing deadline, Docket No. 364 and the

18    manually filed documents to which it refers should be stricken.  *Paragon*, 2007 WL

19    2300684, at *5.

20

21    2.    **Docket Nos. 365, 393 (Plaintiff's Validity Motion and Separate**

22        **Statement In Support Thereof)**

23        Docket No. 365 is one of multiple Notices of Errata used by the

24    Plaintiff in an attempt to supplement the Plaintiff's Validity moving papers (Docket

25    No 337) after the filing deadline.  Docket No. 365 relates to the manually filed

26    Memorandum of Points & Authorities in support of the Plaintiff's Validity Motion.

27    Comparing the document the Plaintiff was prepared to file on August 31, 2009, to

28    the manually filed document referenced in Docket No. 365, and filed on day late,

-8-

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

reveals additions or corrections to nearly every page. (Redline comparison at Smith Decl. ¶ 4 & Ex. 1.) Docket No. 365 also relates to the Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in support of its Validity Motion. (Redline comparison at Smith Decl. ¶ 5 & Ex. 2.) Using this Notice of Errata, Plaintiff attempts to take advantage of the 24-hour period after the deadline to add approximately 40 new citations to the original Separate Statement the Plaintiff had intended to file and serve on August 31, 2009. (*Id.*)

Docket No. 393, electronically filed on September 4, 2009 – <u>four</u> days after the filing deadline – seeks to further revise the Plaintiff's manually-lodged Validity Motion by adding a notice of motion which had been completely omitted from the Validity Motion lodged on September 1, 2009. (Redline comparison at Smith Decl. ¶ 4 & Ex. 1.) Local Rule 6-1 states that "every motion shall be presented by written notice of motion." This notice of motion must be filed with the Clerk and served on each of the parties. C.D. LOCAL RULE 6-1. Local Rule 7-5 further emphasizes this point, as it states that the moving party must serve and file with its memorandum of points and authorities a notice of motion. C.D. LOCAL RULE 7-5. Failure to comply with these filing requirements allows a Court to refuse to consider the motion and subjects the party who violates the rule to sanctions. C.D. LOCAL RULES 7-12, 7-13, and 83-7.

Because the Plaintiff has attempted to use the Notice of Errata mechanism as a means of circumventing the filing deadline, Docket No. 365 and the manually filed documents to which it refers, as well as Docket No 393, should be stricken. *Paragon*, 2007 WL 2300684, at *5.

DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER STRIKING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT]

**3.    Docket No. 371 (Declaration of Patrick McDaniel In Support of Plaintiff's Validity Motion)**

Docket Nos. 371 is a notice of errata concerning the Declaration of Patrick Drew McDaniel in support of the Plaintiff's Validity Motion (Docket No. 370).  The declaration filed as an "errata" the day after the deadline (Docket No. 370) is substantially augmented compared to the declaration the Plaintiff filed prior to the August 31, 2009, (Docket No. 345).  The McDaniel Declaration that was electronically filed on August 31, 2009, was 10 pages long and contained 60 paragraphs (Docket No. 345).  The McDaniel Declaration filed at 7:31 p.m. on September 1, 2009 (Docket No. 370) is 12 pages long and contains 87 paragraphs.  Thus, the late-filed declaration the Plaintiff identifies as an "errata" adds 2 pages and 27 paragraphs of text.  (Redline comparison at Smith Decl. ¶ 10 & Ex. 7.)

Because the Plaintiff has attempted to use the Notice of Errata mechanism as a means of circumventing the filing deadline, Docket No. 371 and the manually filed documents to which it refers, as well as Docket No 393, should be stricken.   *Paragon*, 2007 WL 2300684, at *5.

**C.    <u>The Plaintiff's "Clerical Oversight" Explanation For Each And Every Document At Issue Defies Logic</u>**

The addition of content, changes to almost every citation, and deletion of paragraphs by the filing of multiple errata constitutes more than the usual clerical errors that errata are meant to address.  The Plaintiff used Notices of Errata to capitalize on days of extra briefing time to make hundreds of additions and deletions on both its Invalidity and Literal Infringement Motions and supporting documents.  The evidence shows that the Plaintiff knew exactly what it intended to file on

1  August 31, 2009 because those documents are replete with blanks.  (*see also* Smith

2  Decl. ¶ 9 & Ex. 6.)

3

4          The documents the Plaintiff admits it intended to serve and file on

5  August 31, 2009, provide a crystal clear picture of the exact state of the Plaintiff's

6  moving papers at the time of filing.  The Plaintiff then subjected the Court, its staff,

7  and the Defendants to a multitude of improper Notices of Errata in an attempt to

8  capture additional time to complete its moving papers, thereby circumventing the

9  Court-ordered August 31, 2009 filing deadline; the deadline the <u>Plaintiff</u> requested.

10

11  **D.      The Plaintiff Also Failed To Electronically File All Necessary Documents**

12  **In Support of Its Affirmative Defenses Motion**

13

14          Electronic filings are timely only if submitted before midnight on the

15  day of the required filing date.  C.D. CAL. GENERAL ORDER 08-02.  A complete set

16  of moving papers for a summary judgment motion includes a notice of motion, a

17  memorandum of points and authorities upon which the moving party will rely, and

18  the evidence on which the moving party relies.  C.D. CAL. LOCAL RULE 7-5.  In

19  addition, motions for summary judgment require the filing of a statement of

20  uncontroverted facts and conclusions of law and the proposed judgment.  C.D. CAL.

21  LOCAL RULE 56-1.  As stated above, this Court may refuse to consider or deem

22  denied any document in support of a noticed motion not timely filed, and such

23  failure to timely file may subject the party to sanctions.  C.D. CAL. LOCAL RULES 7-

24  12, 7-13, 83-7.

25

26          This Court's Scheduling Order set August 31, 2009, as the deadline to

27  file motions for summary judgment.  (Smith Decl. ¶ 11 & Ex. 9.)  While Plaintiff's

28  Affirmative Defenses Motion was electronically filed at 11:55 pm on August 31,

-11-

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

2009, the Exhibits (Docket Nos. 351, 355) and Proposed Order (Docket No. 357) accompanying this motion were not filed until September 1, 2009.  This violated Local Rules 7-5, 56-1, and 7-13, requiring the timely filing of all documents constituting and supporting a motion for summary judgment within the filing deadline.

Because the Plaintiff filed its Validity, Literal Infringement, and Affirmative Defenses Motions after the August 31, 2009 filing deadline, the Court should strike those motions as untimely.

**E.**      **Allowing Plaintiff's Misconduct To Stand Causes Prejudice to Defendants Whereas Striking All Untimely Documents Merely Enforces The Deadline The *Plaintiff* Requested**

As discussed in *Hanson v. Polk County Land, Inc.*, 608 F.2d 129, 131 (5th Cir 1979), the requirements imposed for summary judgment motions by the Federal Rules ensure that the process remains fair for litigants, especially considering the possible results of successfully bringing or defending such a motion. In order to keep the process fair in this case, Plaintiff should not be allowed to reap benefits based on its lack of diligence regarding its summary judgment filings.

Plaintiff's conduct has already delayed Defendant's ability to prepare oppositions to Plaintiff's four summary judgment motions by failing to file certain of its moving papers until the day after the filing deadline, and then commencing a filing spree of Notices of Errata making substantive changes to numerous moving papers and supporting documents.  Essentially, Plaintiff forced Defendants to try and brief a moving target, as the Plaintiff continued to change the information in its moving papers through the use of Notices of Errata.  Defendants continue to spend

-12-

1   time compiling the multiple filed versions of Plaintiff's Motions in order to simply

2   discover Plaintiff's particular allegations and evidentiary support therefor.

3

4          The Plaintiff also engaged in delay tactics that further exacerbated the

5   Defendants prejudice.  It took two days and numerous e-mail communications with

6   the Plaintiff before the Plaintiff finally admitted that "[n]o documents were

7   manually filed by Stamps.com on Monday."  (Smith Decl. ¶ 13 & Ex. 11.)

8

9          Fairness in this case requires the striking of Plaintiff's untimely and

10  incomplete moving papers, as well as all documents in support of its Affirmative

11  Defenses Motion filed after the August 31, 2009, deadline.

12

13

14

15  ///

16

17

18

19  ///

20

21

22

23  ///

24

25

26

27  ///

28

-13-

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]

# IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Defendants ask the Court to issue an order striking all untimely-filed papers constituting and/or supporting Plaintiff's Validity Motion, Literal Infringement Motion and Affirmative Defenses Motion.  In the alternative, the Defendants seek an order granting the Defendants an additional four (4) court days in which to file its Opposition briefs (September 30, 2009) but holding the Plaintiff to the existing Opposition (September 24, 2009) and Reply (October 5, 2009) deadlines.

Dated:  September 9, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                *Gregory A. Long*
                GREGORY A. LONG

Attorneys for Defendants
ENDICIA, INC. and PSI SYSTEMS, INC.

-14-

DEFENDANTS' *EX PARTE* APPLICATION FOR
ORDER STRIKING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT]