GRAVES LAW OFFICE, P.C.
Philip J. Graves (SBN 153441)
pgraves@graveslawpc.com
John R. Walton (SBN 130666)
jwalton@graveslawpc.com
Jinntung Su (SBN 184442)
jsu@graveslawpc.com
Marjorie A. Witter (SBN 250061)
mwitter@graveslawpc.com
Pablo D. Arredondo (SBN 241142)
parredondo@graveslawpc.com
Adrian Li (SBN 261995)
ali@graveslawpc.com
Fredricka Ung (SBN 253794)
fung@graveslawpc.com
12121 Wilshire Blvd., Suite 775
Los Angeles, California 90025
Telephone: (310) 295-6500
Facsimile: (310) 295-6501

Attorneys for Plaintiff/Counter-Defendant
STAMPS.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAMPS.COM INC., | CASE NO. CV 06-7499 ODW (CTx) |
| Plaintiff, | |
| v. | **STAMPS.COM INC.'S *EX PARTE* APPLICATION FOR LEAVE TO RE-FILE ITS MOTIONS FOR SUMMARY ADJUDICATION RE INFRINGEMENT AND VALIDITY** |
| ENDICIA, INC., and PSI SYSTEMS, INC.; | |
| Defendants, | |
| AND RELATED COUNTERCLAIMS | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Stamps.com Inc. ("Stamps.com") will and hereby does apply *ex parte* to this Court for an Order granting Stamps.com leave to re-file its Motion for Summary Adjudication of Literal Infringement re Claim 50 of U.S. Patent No. 6,249,777 and Claims 50 and 89 of U.S. Patent No. 6,889,214 ("Infringement Motion") and Motion for Summary Adjudication as to the Validity of Claims 7 and 42 of the '991 Patent and Claim 50 of the '777 Patent ("Invalidity Motion;" collectively, "Motions").

Stamps.com requests this relief on the basis that consideration of Stamps.com's Motions on the merits is consistent with the purpose of summary adjudication – to determine issues as to which there is no genuine dispute prior to trial. Stamps.com's counsel acknowledges and apologizes to the Court and to counsel for Defendants for the burden that his failure to comply with the Court's Scheduling Order and to file a well-organized set of motion papers imposed on the Court and counsel. However, Stamps.com should not bear the consequence of its counsel's failure, particularly where the consequence will be so costly and the benefit of considering Stamps.com's Motions on the merits so clear.

The benefit of summary adjudication here is apparent in light of, inter alia, the fact that PSI has effectively admitted infringement of one of the three claims addressed in the Infringement Motion, and failed to proffer any noninfringement contentions for the remaining two claims other than that (i) they are invalid (which is a separate inquiry from infringement), and (ii) that a single element of a single limitation of a single claim was purportedly not satisfied – based on a misunderstanding by PSI's expert of his own client's system. Addressing these Motions on the merits will likely dramatically reduce the scope of the issues that would otherwise have to be submitted to the jury at trial – these claims are among the most complex – thereby reducing the length of the trial, simplifying the presentation and enhancing the likelihood of a sensible outcome. In addition,

resolution of these Motions on the merits will likely promote settlement of this case, as the three claims selected by Stamps.com in each Motion are among the most significant in their coverage of PSI's system. Finally, permitting Stamps.com to re-file these Motions need not delay the trial date or any of the pre-trial deadlines.

Stamps.com provided Defendants with proper notice of this ex parte application. Stamps.com's counsel emailed Defendants' counsel on October 1, 2009, informing Defendants Endicia, Inc. and PSI Systems, Inc. (collectively "PSI") that Stamps.com intended to apply *ex parte* for leave to re-file its Motions for Summary Adjudication re Infringement and Validity. Defendants' counsel responded October 4, 2009, stating that they would oppose this Application. (Declaration of Marjorie A. Witter ¶ 2-3, Ex. 1).

PSI's counsel in this matter are the following: Gregory Long, Gary Clark, Dennis Smith, and Bridgette Agness. Counsel for PSI are located at 333 South Hope Street, 48th Floor, Los Angeles, California 90071 and may be contacted at (213) 620-1780. (Local Rule 7-19)

This Application is based upon this Notice and Application, the attached Memorandum of Points and Authorities, the attached Declarations of Marjorie A. Witter and Philip J. Graves, the Proposed Order lodged concurrently herewith, the pleadings, records, and files in this action, and such additional evidence and

argument that may be presented by the parties before any hearing on this application.

Dated:  October 7, 2009

Respectfully Submitted,
By:   /s/ *Philip J. Graves*
Philip J. Graves
John R. Walton
Jinntung Su
Marjorie A. Witter
Pablo D. Arredondo
Adrian Li
Fredricka Ung
GRAVES LAW OFFICE, P.C.

Attorneys for Plaintiff
STAMPS.COM INC.

# MEMORANDUM IN SUPPORT OF APPLICATION

On September 22, 2009, this Court struck Stamps.com's Motion for Summary Adjudication of Literal Infringement re Claim 50 of U.S. Patent No. 6,249,777 and Claims 50 and 89 of U.S. Patent No. 6,889,214 ("Infringement Motion") and Motion for Summary Adjudication as to the Validity of Claims 7 and 42 of the '991 Patent and Claim 50 of the '777 Patent ("Invalidity Motion;" collectively, "Motions"), and the documents in support thereof. Stamps.com and its counsel appreciate the importance of meeting the deadlines set in this Court's scheduling orders as well as the gravity of counsel's failure to meet the Court's deadline which resulted in the Order striking Stamps.com's Motions, and have been duly chastened. Stamps.com's counsel apologizes to this Court for his failure to file Stamps.com's Motions on time, in an organized and efficient manner, and for the burden that his failure to do so imposed on this Court. However, it is Stamps.com's counsel, not Stamps.com, that should bear (and has borne) the weight of his failure to ensure that these Motions were properly filed by the deadline. Stamps.com respectfully suggests that it is in the best interest of this Court, and of the jurors who will ultimately sit for the trial of this case, for the Court to consider Stamps.com's Motions on the merits. Stamps.com therefore humbly asks this Court to grant it leave to re-file these Motions, with no new argument, facts or revisions of any kind, exactly as served on Defendants in the corrected set on September 1, 2009.

## I. PSI has Failed to Contest Infringement of the Three Claims raised in Stamps.com's Infringement Motion

Summary adjudication serves the salutary purpose of determining issues as to which there is no genuine dispute, and thus avoids unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). The Federal Circuit has repeatedly stated that summary judgment is

available in patent cases on appropriate facts. *Id*. Here, where there are no material issues of fact in dispute regarding infringement of three claims of the patents in suit, summary adjudication is a most prudent and sensible remedy.

In its Infringement Motion, Stamps.com proffered undisputed evidence that PSI's system for distributing Internet postage infringes three of the claims in suit – claims 50 and 89 of the '214 Patent and claim 50 of the '777 Patent. The evidence is conclusive. With the exception of a single element of a single limitation of claim 50 (which is based on PSI's expert's misunderstanding of his own client's system), PSI has failed to proffer <u>any</u> argument or evidence of non-infringement regarding claims 50 and 89 of the '214 Patent other than that these claims are purportedly invalid. (Graves Decl. ¶ 2) With respect to claim 50 of the '777 Patent, although PSI did at various times suggest that two limitations of the claim were not satisfied by its system, PSI's expert abandoned these positions during his deposition. (Graves Decl. ¶ 3) PSI's own Motion for Summary Judgment re Noninfringement unintentionally highlights this fact, because the only basis for non-infringement asserted in that motion as against claim 50 of the '777 Patent is that PSI's system purportedly lacks portable memories – a requirement that is not found in claim 50. The evidence contained in Stamps.com's Infringement Motion concerning the structure and operation of PSI's system makes clear why PSI failed to proffer any real evidence of non-infringement: there is none. Thus, consideration of Stamps.com's Infringement Motion on the merits is appropriate, because the evidence and arguments set forth therein demonstrate that there is no genuine issue of fact regarding infringement of these three claims.

It is well recognized that the very purpose of the summary adjudication process is to eliminate issues that clearly do not need to be tried. *Knupfer v. HAS Residential Mortg. Servs. of Tex., Inc.*, 321 B.R. 287 (C.D. Cal. 2005); *Lovejoy Electronics, Inc. v. O'Berto*, 616 F.Supp. 1464, 1473 (D.Ill. 1985); *Luria Steel & Trading Corp. v. Ford*, 9 F.R.D. 479, 481 (D. Neb. 1949) The rule exists not just

6
EX PARTE APPLICATION FOR LEAVE TO RE-FILE MOTIONS FOR SUMMARY ADJUDICATION RE INFRINGEMENT AND VALIDITY

for the benefit of litigants, but also for that of the judicial system. Here, there are no material issues of fact regarding Stamps.com's Infringement Motion, and PSI itself has proffered no evidence of non-infringement as to any of these claims. Thus, there is no reason to try infringement of these claims, and failure to resolve this issue on summary adjudication will only result in unnecessarily complicating and lengthening the trial.

## II. Ruling on Stamps.com's Motions will Narrow the Issues for Trial

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. *Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). In the patent litigation context in particular, the Federal Circuit has noted that parties have an obligation to cooperate in narrowing the issues and avoiding untenable arguments, which serve only to confuse the real issues before the district court. *D.L. Auld v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146 (Fed. Cir. 1983).

Here, consideration of the merits of Stamps.com's Motions will likely reduce both the length of the trial and the volume of technical information the jury will be required to digest. The benefit of a pre-trial resolution of the infringement issue would be significant – the three claims at issue in Stamps.com's Infringement Motion contain 29 limitations, and the three claims at issue in Stamps.com's Invalidity Motion contain 17 limitations, each of which will otherwise have to be considered by the jury on the issues of either infringement or invalidity during what will certainly be an already complex trial. Especially with respect to the Infringement Motion, where PSI has proffered no tenable non-infringement position as to the three claims at issue, eliminating these technical issues will significantly simplify and focus the trial process.

Given the inherent complexity of this case and the attendant enhanced risk of juror confusion and alienation, resolution of technical issues as to which there is no genuine dispute would greatly benefit the trial process. The number of exhibits

EX PARTE APPLICATION FOR LEAVE TO RE-FILE MOTIONS FOR SUMMARY ADJUDICATION RE INFRINGEMENT AND VALIDITY

and the total volume of paper submitted to the Court and the jury would likely decrease by a significant amount.  For example, claim 50 of the '214 Patent contains limitations directed to a particular data structure ("entity information portion," "secret information portion," "information integrity portion") and a device for using that data structure that are absent from the remaining claims in suit.  Accordingly, if adjudication of infringement were granted on this claim, the jury would not be required to digest the technical cryptographic information concerning the operation of PSI's system that demonstrates infringement of this claim.  It also will ultimately shorten the trial, allowing the Court to focus its resources on matters that actually require a trial.

### III. Ruling on Stamps.com's Motions will Promote Settlement

In preparing its Motions, Stamps.com selected the claims most easily resolved at the summary judgment stage, and most likely to eliminate issues for trial.  On the infringement side, the claims selected by Stamps.com cover the general structure and operation of PSI's system.  On the invalidity side, Stamps.com chose claims (claims 7 and 42 of the '991 Patent and claim 50 of the '777 Patent) that similarly cover the general structure and operation of PSI's system, and chose one claim – claim 50 of the '777 Patent – that was also selected in the Infringement Motion.  These claims are among the most significant in this motion, because they cover the basic architecture and operation of PSI's system rather than mere features of the products.  Resolution of infringement and validity regarding these claims, or even a subset of these claims, would strongly promote settlement, as the uncertainty of a jury verdict (and the possibility of an irrational verdict borne of confusion or sheer exhaustion) on these claims would be eliminated.  Both parties would be aware of where the case is heading regarding the central claims in dispute.

## IV. PSI will not be Unfairly Prejudiced by Consideration of these Motions on the Merits and the Court's Schedule Need Not be Changed

The Court struck Stamps.com's Motions on September 22, 2009, two days before PSI would have been required to file its Oppositions. As Stamps.com merely requests that this court allow it to re-file the exact same motion papers that were previously served on PSI, PSI will not be in any way prejudiced by this modification. PSI has had Stamps.com's papers since at least September 1, 2009. Given the date of the Court's Order granting its *ex parte* to strike, PSI most likely drafted most if not all of the required Opposition papers in response to both of Stamps.com's Motions prior to receiving the Court's Order.

Stamps.com respectfully proposes the following briefing schedule, which would not require a change of the existing schedule in place in this case:

| | |
|---|---|
| Last Day for Stamps.com to file its Motions for Summary Adjudication | October 13, 2009 (or two court days after an Order granting this Application, whichever is later) |
| Last Day for PSI to file its Oppositions | October 26, 2009 |
| Last Day for Stamps.com to file its Reply Briefs | November 2, 2009 |
| Hearing Date on Stamps.com's Motions for Summary Adjudication | November 16, 2009 |

Stamps.com understands the importance of the local rules and this Court's Scheduling Orders, and is in no way attempting to downplay the significance of its counsel's failure to comply with this Court's Scheduling Order. However, Stamps.com respectfully suggests that addressing Stamps.com's Motions on the merits is in the best interest of the Court and the parties, as it is an appropriate mechanism for resolving these issues as to which there is really no dispute, it will

materially reduce the length and complexity of the trial, and it will promote settlement of the litigation.

October 7, 2009          Respectfully Submitted,

         _/s/ Philip J. Graves_
         Philip J. Graves
         John R. Walton
         Jinntung Su
         Marjorie A. Witter
         Pablo D. Arredondo
         Adrian Li
         Fredricka Ung
         GRAVES LAW OFFICE, P.C.

         Attorneys for Plaintiff
         STAMPS.COM INC.